UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Case |
| BIRD GLOBAL, INC., | Case No. 23-20514-LMI |
| Debtor. _____/ | |
| In re: | Chapter 11 Case |
| BIRD RIDES, INC., | Case No. 23-20515-LMI |
| Debtor. _____/ | |
| In re: | Chapter 11 Case |
| BIRD US HOLDCO, LLC, | Case No. 23-20516-CLC |
| Debtor. _____/ | |
| In re: | Chapter 11 Case |
| BIRD US OPCO, LLC, | Case No. 23-20517-LMI |
| Debtor. _____/ | |
| In re: | Chapter 11 Case |
| SKINNY LABS, INC., | Case No. 23-20518-LMI |
| Debtor. _____/ | |

**DEBTORS' *EX PARTE* MOTION FOR JOINT ADMINISTRATION**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"),[1] by and through their proposed undersigned counsel, file this *ex parte* motion (the "Motion")

---

[1] The address of the Debtors is 392 Northeast 191st Street, #20388, Miami, FL 33179. The last four digits of the Debtors' federal tax identification numbers are: (i) Bird Global, Inc. (3155); (ii) Bird Rides, Inc. (9939); (iii) Bird US Holdco, LLC (8390); (iv) Bird US Opco, LLC (6873); and (v) Skinny Labs, Inc. (8176).

12614487-1

seeking the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the joint administration of the Debtors' Chapter 11 Cases (defined herein). In support of this Motion, the Debtors rely upon the *Declaration of Christopher Rankin in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed concurrently herewith and incorporated herein, and respectfully state as follows:

## PRELIMINARY STATEMENT

1. The Debtors estimate that, among the 5 debtor entities, there are approximately 8,400 creditors and parties-in-interest in these Chapter 11 Cases. Joint administration will allow for the efficient and convenient administration of these Chapter 11 Cases, will yield significant cost savings that will inure to the benefit of all interested parties, and will not harm the substantive right of any party in interest. In particular, joint administration will obviate the need for duplicative notices, motions, applications, hearings, and orders, saving considerable time and expense for the Debtors and their estates, and will lessen the administrative burden on this Court. The Debtors believe that the relief requested in this Motion is needed immediately to avoid the substantial costs of duplicative mailing expenses that debtors traditionally incur after the Petition Date (as defined herein). The Court is authorized to grant the relief requested herein without notice and a hearing at its discretion. The Debtors anticipate that their principal secured and unsecured creditors would not oppose the relief requested herein, which seeks procedural relief only.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief sought in this Motion are sections 105(a),

363(b), 541, 1107(a) and 1108 of chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 1015(b) and 6003 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and Local Rules 1015-1(A), 5005-1(G)(1)(a) and 9013-1(C)(14) of the Local Bankruptcy Rules for the Southern District of Florida (as amended, the "Local Rules").

## PROCEDURAL BACKGROUND

5.  On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

6.  The Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.  As of the date of this Motion, no trustee, examiner or statutory committee has been appointed in these Chapter 11 Cases.

8.  For a detailed description of the Debtors, the circumstances leading to the commencement of these Chapter 11 Cases and information regarding the Debtors' businesses and capital structure, the Debtors respectfully refer the Court and parties-in-interest to the First Day Declaration.

## RELIEF REQUESTED

9.  By this Motion, the Debtors seek entry of the Order, substantially in the form attached hereto as **Exhibit A**, directing the joint administration of the Debtors' Chapter 11 Cases for procedural purposes only pursuant to sections 105(a), 363(b), 541, 1107(a) and 1108 of the Bankruptcy Code, Bankruptcy Rules 1015(b) and 6003 and Local Rules 1015-1(A), 5005-1(G)(1)(a) and 9013-1(C)(14).

10. The Debtors specifically request that their Chapter 11 Cases be jointly

administered under the case of Bird Global, Inc., Case No. 23-20514-LMI.

11. The Debtors also request that if the cases are initially assigned to different judges, that the cases be transferred to the Honorable Laurel M. Isicoff, the judge to whom the Bird Global, Inc. case was assigned.

## BASIS FOR RELIEF

12. Bankruptcy Rule 1015(b) provides, in relevant part, as follows: "If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Bankruptcy Rule 1015(b).

13. As described in the First Day Declaration, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. The Debtors operate as an integrated global business with common ownership and control. The Debtors also share a number of financial and operational systems. As a result, many of the motions, hearings and orders that will arise in these cases will affect all of the Debtors.

14. Bankruptcy Rule 1015 promulgates the fair and efficient administration of multiple cases of affiliated debtors, like here, while protecting the rights of individual creditors. *See In re GlycoGenesys, Inc.*, 352 B.R. 568, 570 (Bankr. D. Mass. 2006); *In re PL Liquidation Corp.*, 305 B.R. 629, 633 (Bankr. D. Del. 2004); *In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re H&S Trans. Co.*, 55 B.R. 786, 791 (Bankr. M.D. Tenn. 1982). While the Debtors constitute separate and distinct entities, the issues that will be addressed in these Chapter 11 Cases will be related and overlapping. Accordingly, the Bankruptcy Code and the Bankruptcy Rules authorize the Court to grant the relief requested herein.

15. The Debtors submit that joint administration of their Chapter 11 Cases will obviate the need for duplicative notices, motions, applications, hearings and orders, and will therefore save considerable time and expense for the Debtors and their estates.

16. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration because this Motion requests only administrative, not substantive, consolidation of the Debtors' estates. As such, the Debtors will continue as separate and distinct legal entities and will continue to maintain their books and records in the ordinary course. Moreover, each creditor may still file its proof of claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court will also be relieved of the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files. Finally, supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee will be simplified. Given the foregoing, joint administration of these Chapter 11 Cases will not give rise to any conflict of interest among the estates in these cases and will allow for a more cost effective and streamlined process.

17. The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered in the docket of each of the Debtors' cases to reflect the joint administration of the cases:

> An order has been entered in this case directing joint administration of the following entities for procedural purposes only: (i) Bird Global, Inc. (3155); (ii) Bird Rides, Inc. (9939); (iii) Bird US Holdco, LLC (8390); (iv) Bird US Opco, LLC (6873); and (v) Skinny Labs, Inc. (8176). The docket of Bird Global, Inc. (Case No. 23-20514-LMI) should be consulted for all matters affecting this case.

18. Therefore, a single docket shall be maintained by the Clerk of the Court under the case number of the case designated herein as the "lead case." Parties in interest shall file all documents (other than proofs of claims, ballots and schedules) in the designated "lead case."

19. Accordingly, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of the Debtors, their estates, and other parties-in-interest.

**WHEREFORE**, the Debtors respectfully request that the Court grant this Motion and

enter the Order, substantially in the form attached hereto as **Exhibit A**, authorizing the joint administration of these Chapter 11 Cases for procedural purposes only and granting such other and further relief as is just and equitable.

Dated: December 19, 2023

Respectfully submitted,

BERGER SINGERMAN LLP
*Proposed Counsel for the Debtors and Debtors-in-Possession*
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By:    */s/  Paul Steven Singerman*
       Paul Steven Singerman
       Florida Bar No. 378860
       singerman@bergersingerman.com
       Jordi Guso
       Florida Bar No. 863580
       jguso@bergersingerman.com
       Clay B. Roberts
       Florida Bar No. 116058
       croberts@bergersingerman.com

# EXHIBIT A

## (Proposed Order)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Case |
| BIRD GLOBAL, INC., | Case No. 23-20514-LMI |
|     Debtor. _____/ | |
| In re: | Chapter 11 Case |
| BIRD RIDES, INC., | Case No. 23-20515-LMI |
|     Debtor. _____/ | |
| In re: | Chapter 11 Case |
| BIRD US HOLDCO, LLC, | Case No. 23-20516-CLC |
|     Debtor. _____/ | |
| In re: | Chapter 11 Case |
| BIRD US OPCO, LLC, | Case No. 23-20517-LMI |
|     Debtor. _____/ | |
| In re: | Chapter 11 Case |
| SKINNY LABS, INC., | Case No. 23-20518-LMI |
|     Debtor. _____/ | |

12614487-1

## ORDER GRANTING DEBTORS' *EX PARTE* MOTION FOR JOINT ADMINISTRATION

**THIS MATTER** having come before the Court, without a hearing, upon the *Debtors' Ex Parte Motion for Joint Administration* [ECF No. _] (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors")[3], pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1(A)(2)(a). The Motion requests entry of an order authorizing the joint administration of the bankruptcy cases of the Debtors.  The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); (iii) it may enter a final order consistent with Article III of the United States Constitution; (iv) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (v) notice of the Motion was appropriate under the circumstances and no other notice need be provided; (vi) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; (vii) pursuant to Local Rule 1015-1, the Court is authorized to grant the Motion without a hearing at its discretion; and (viii) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration, all of which are incorporated herein, the Court determines that good and sufficient cause exists to grant the relief requested in the Motion.  Accordingly, it is

**ORDERED** that:

1.  The Motion is **GRANTED**.

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[3] The address of the Debtors is 392 Northeast 191st Street, #20388, Miami, FL 33179.  The last four digits of the Debtors' federal tax identification numbers are: (i) Bird Global, Inc. (3155); (ii) Bird Rides, Inc. (9939); (iii) Bird US Holdco, LLC (8390); (iv) Bird US Opco, LLC (6873); and (v) Skinny Labs, Inc. (8176).

2. The above-captioned bankruptcy cases are consolidated for procedural purposes only and shall be jointly administered. The case of Bird Global, Inc., Case No. 23-20514-LMI is designated as the "lead case."

3. The cases of Bird Rides, Inc., Case No. 23-20515-LMI, Bird US Holdco, LLC, Case No. 23-20516-CLC, Bird US Opco, LLC, Case No. 23-20517-LMI, and Skinny Labs, Inc., Case No. 23-20518-LMI, are transferred to the Honorable Laurel M. Isicoff.

4. A single case docket and court file will be maintained hereafter under the "lead case" number.

5. Hearings in these jointly administered cases shall be joint hearings unless otherwise specified.

6. The style of these jointly administered cases shall be in the style set forth below:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| In re:<br><br>BIRD GLOBAL, INC., *et al.*,<br><br>    Debtors. | Chapter 11 Cases<br><br>Case No. 23-20514-LMI<br><br>(Jointly Administered) |
|---|---|

7. Pleadings filed in any case other than the lead case shall be captioned under the lead case name and case number followed by the words "(Jointly Administered)" and beneath that caption, the case names and numbers for the case(s) in which the document is being filed. Claims filed shall indicate only the case name and number of the case in which the claim is asserted. Separate claims registers shall be maintained for each case. Ballots shall be styled and filed only in the case name and number of the member case for which the plan being voted on

12614487-1

was filed. Schedules and the statement of financial affairs shall be styled and filed in the case name and number of the member case.

8. Parties may request joint hearings on matters pending in any of the jointly administered cases.

9. A docket entry shall be made in each of the Debtors' cases substantially as follows:

> An order has been entered in this case directing joint administration of the following entities for procedural purposes only: (i) Bird Global, Inc. (3155); (ii) Bird Rides, Inc. (9939); (iii) Bird US Holdco, LLC (8390); (iv) Bird US Opco, LLC (6873); and (v) Skinny Labs, Inc. (8176). The docket of Bird Global, Inc. (Case No. 23-20514-LMI) should be consulted for all matters affecting this case.

10. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Southern District of Florida shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

11. Nothing contained in the Motion, or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

12. The Debtors shall not commingle assets or liabilities unless and until it is determined, after notice and hearing, that these cases involve the same debtor or that another ground exists to order substantive consolidation of these cases.

13. The Debtors are authorized and empowered to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

Submitted by:
Paul Steven Singerman, Esq.
BERGER SINGERMAN LLP
*Proposed Counsel for Debtors-in-Possession*
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  singerman@bergersingerman.com

*(Attorney Singerman is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

12614487-1