UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>BIRD GLOBAL, INC., *et al.*,[1]<br><br>      Debtors. | Chapter 11 Cases<br><br>Case No. 23-_____<br><br>(Joint Administration Pending) |

**DEBTORS' APPLICATION FOR APPROVAL OF THE EMPLOYMENT OF PAUL STEVEN SINGERMAN AND THE LAW FIRM OF BERGER SINGERMAN LLP AS COUNSEL TO THE DEBTORS-IN-POSSESSION, <u>EFFECTIVE AS OF THE PETITION DATE</u>**

The above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), by and through their proposed undersigned counsel, file this application (the "<u>Application</u>"), seeking the entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Order</u>"), authorizing the Debtors' employment and retention of Berger Singerman LLP ("<u>BSLLP</u>") as their counsel in connection with the Debtors' Chapter 11 Cases (defined herein), effective as of the Petition Date (as defined below). In support of this Application, the Debtors rely upon (i) the *Declaration of Paul Steven Singerman, on Behalf of Berger Singerman LLP as Proposed Counsel to the Debtors-In-Possession, Effective as of the Petition Date* (the "<u>Singerman Declaration</u>"), attached hereto as **<u>Exhibit B</u>**, and (ii) the *Declaration of Christopher Rankin in Support of Chapter 11 Petitions and First Day Pleadings* (the "<u>First Day Declaration</u>"), each of which is filed concurrently herewith and incorporated herein, and respectfully state as follows:

---

[1] The address of the Debtors is 392 Northeast 191st Street, #20388, Miami, FL 33179. The last four digits of the Debtors' federal tax identification numbers are: (i) Bird Global, Inc. (3155); (ii) Bird Rides, Inc. (9939); (iii) Bird US Holdco, LLC (8390); (iv) Bird US Opco, LLC (6873); and (v) Skinny Labs, Inc. (8176).

12614499-1

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief sought in this Application are section 327(a) of chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 2014-1(A) and 2016-1(A) of the Local Bankruptcy Rules for the Southern District of Florida (as amended, the "Local Rules").

## PROCEDURAL BACKGROUND

4.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively the "Chapter 11 Cases").

5.      The Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

6.      As of the date of this Application, no trustee, examiner or statutory committee has been appointed in these Chapter 11 Cases.

7.      For a detailed description of the Debtors, the circumstances leading to the commencement of these Chapter 11 Cases and information regarding the Debtors' businesses and capital structure, the Debtors respectfully refer the Court and parties-in-interest to the First Day Declaration.

## RELIEF REQUESTED AND BASIS THEREFOR

8.      By this Application, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to retain and employ BSLLP as their counsel in these Chapter 11 Cases, to, among other tasks:

(a)      Give advice to the Debtors with respect to their powers and duties as debtors-in-possession and the continued management of their business operations;

(b)      Advise the Debtors with respect to their responsibilities in complying with the United States Trustee's Operating Guidelines and Reporting Requirements and with the rules of the Court;

(c)      Prepare motions, pleadings, orders, applications, adversary proceedings, and other legal documents necessary in the administration of these Chapter 11 Cases;

(d)      Protect the interests of the Debtors in all matters pending before the Court; and

(e)      Represent the Debtors in negotiations with their creditors and in the preparation of a plan.

9.      The Debtors believe that it is in the best interests of their estates to retain BSLLP as counsel in these Chapter 11 Cases.  The Debtors believe that the attorneys of BSLLP are qualified to practice in this Court and are qualified to advise the Debtors on their relations with, and responsibilities to, the creditors and other interested parties.  The terms of BSLLP's retention are set forth in the Engagement Letter and Supplemental Engagement Letter attached hereto as **Composite Exhibit C** (collectively, the "Engagement Letter").

10.      The Debtors seek retention of BSLLP as their counsel pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> …may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

11.    Bankruptcy Rule 2014(a) requires that an application for retention include:

> …specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Bankruptcy Rule 2014(a).

12.    For all of the reasons stated in this Application and the First Day Declaration, the Debtors believe that it is in the best interests of their estates to retain BSLLP as counsel in these Chapter 11 Cases.

13.    To the best of the Debtors' knowledge, except as disclosed in the Singerman Declaration, neither Paul Steven Singerman ("Singerman") nor BSLLP has any connection with the creditors or other parties in interest or their respective attorneys.  As set forth in the Singerman Declaration, to the best knowledge of Singerman, neither Singerman nor BSLLP represents any interest adverse to the Debtors.

14.    The Singerman Declaration, containing a verified statement as required under Bankruptcy Rule 2014, is attached and demonstrates that under these circumstances, Singerman and BSLLP are disinterested as required by section 327(a) of the Bankruptcy Code.

15.     BSLLP will apply for compensation and reimbursement of costs, pursuant to sections 330 and 331 of the Bankruptcy Code, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtors.

**WHEREFORE**, the Debtors respectfully request that the Court grant this Application and enter the Order, substantially in the form attached hereto as **Exhibit A**: (i) authorizing the Debtors to employ and retain Paul Steven Singerman and the law firm of Berger Singerman LLP, as counsel to the Debtors in these Chapter 11 Cases, effective as of the Petition Date; (ii) approving the terms of the Engagement Letter; and (iii) granting such other and further relief as is appropriate.

Dated:  December 19, 2023             Respectfully submitted,

BIRD GLOBAL, INC., *et al.*, Debtors
392 N.E. 191st Street, #20388
Miami, FL  33179

By: /s/  *Christopher Rankin*
         Christopher Rankin
         Chief Restructuring Officer

## <u>EXHIBIT A</u>

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| BIRD GLOBAL, INC., *et al.*,[1] | Case No. 23-_____ |
| Debtors. | (Joint Administration Pending) |

**ORDER APPROVING THE EMPLOYMENT OF PAUL STEVEN SINGERMAN AND
THE LAW FIRM OF BERGER SINGERMAN LLP, AS COUNSEL FOR
DEBTORS-IN-POSSESSION, EFFECTIVE AS OF THE PETITION DATE**

**THIS MATTER** came before the Court on January __, 2024, at _____ _.m. in Miami, Florida

(the "Hearing"), upon the application [ECF No. __] (the "Application")[2] filed by the above-

captioned debtors and debtors-in-possession (collectively, the "Debtors"), seeking entry of an order

authorizing the employment of Berger Singerman LLP ("BSLLP"), pursuant to section 327(a) of the

Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1(A), as counsel for the Debtors,

---

[1]     The address of the Debtors is 392 Northeast 191st Street, #20388, Miami, FL 33179.  The last four digits of the
Debtors' federal tax identification numbers are: (i) Bird Global, Inc. (3155); (ii) Bird Rides, Inc. (9939); (iii) Bird
US Holdco, LLC (8390); (iv) Bird US Opco, LLC (6873); and (v) Skinny Labs, Inc. (8176).

12641916-1

as more fully set forth in the Application.    The Court finds that: (i) it has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); (iii) it may enter a final order consistent with Article III of the United States Constitution; (iv) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (v) notice of the Application and the Hearing were appropriate under the circumstances and no other notice need be provided; (vi) the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; (vii) the Court having found that based on the representations made in the Singerman Declaration that BSLLP does not hold or represent an interest adverse to the Debtors' estates, the Singerman Declaration contains a verified statement as required by Fed. Bankr. P. 2014 demonstrating that Paul Steven Singerman and Berger Singerman LLP are disinterested as required by 1 U.S.C. § 327(a), and the Singerman Declaration makes relevant disclosures as required by Fed. R. Bankr. P. 2014 and Fed. R. Bankr. P. 2016; and (viii) upon review of the record before the Court, including the legal and factual bases set forth in the Application, the Singerman Declaration and the First Day Declaration, and the record of the Hearing, all of which are incorporated herein, the Court determines that good and sufficient cause exists to grant the relief requested in the Application.  Accordingly, it is

      **ORDERED THAT:**

1.     The Application is **APPROVED.**

2.     The Debtors are authorized to employ and retain BSLLP as their counsel in accordance with the terms and conditions set forth in the Application and the Engagement Letter, effective as of the commencement of these Chapter 11 Cases.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

3.     BSLLP shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Debtors.  Berger Singerman LLP will apply for compensation and reimbursement of costs and shall comply with the U.S. Trustee's *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases.*

4.     The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

5.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

Submitted by:
Paul Steven Singerman, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  singerman@bergersingerman.com

*(Attorney Singerman is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

**<u>EXHIBIT B</u>**

**(Singerman Declaration)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>BIRD GLOBAL, INC., *et al.*,[1]<br><br>     Debtors. | Chapter 11 Cases<br><br>Case No. 23-_____<br><br>(Joint Administration Pending) |

**DECLARATION OF PAUL STEVEN SINGERMAN ON BEHALF OF
BERGER SINGERMAN LLP, AS PROPOSED COUNSEL TO THE
DEBTORS-IN-POSSESSION, EFFECTIVE AS OF THE PETITION DATE**

     1.     I am Paul Steven Singerman.  I am an attorney and through my professional association corporation, a member of the law firm of Berger Singerman LLP ("Berger Singerman").  Our firm maintains offices for the practice of law at 1450 Brickell Avenue, Suite 1900, Miami, FL 33131; 201 E. Las Olas Boulevard, Suite 1500, Fort Lauderdale, Florida 33301; 313 North Monroe Street, Suite 301, Tallahassee, FL 32301; 525 Okeechobee Boulevard, Suite 1250, West Palm Beach, FL 33401; 401 E. Jackson Street, Suite 3300, Tampa, FL 33602; and 300 South Orange Avenue, Suite 1000, Orlando, FL 32801.  I am familiar with the matters set forth herein and make this Declaration in support of the *Debtors' Application for Approval of the Employment of Paul Steven Singerman and the Law Firm of Berger Singerman LLP as Counsel to the Debtors-In-Possession, Effective as of the Petition Date* (the "Application").

     2.     In support of the Application, I disclose the following:

          (a)     Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

---

[1]    The address of the Debtors is 392 Northeast 191st Street, #20388, Miami, FL 33179.  The last four digits of the Debtors' federal tax identification numbers are: (i) Bird Global, Inc. (3155); (ii) Bird Rides, Inc. (9939); (iii) Bird US Holdco, LLC (8390); (iv) Bird US Opco, LLC (6873); and (v) Skinny Labs, Inc. (8176).

(b)     In preparing this Declaration, I and others working with me on these cases reviewed lists of the creditors and interested parties of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), as provided by the Debtors, consisting of the following: (i) the accounts payable vendors of one or more of the Debtors[2]; (ii) the utility providers of one or more of the Debtors; (iii) the secured creditors of one or more of the Debtors; (iv) the insurance providers of one or more of the Debtors; (v) the officers, directors and equity security holders of the Debtors[3]; (vi) the non-debtor parties to pending litigation matters to which one or more of the Debtors is a party; and (vii) the results of UCC and judgment lien searches conducted in Delaware.  I caused our firm's conflicts analysts to compare the information obtained thereby with the information contained in our law firm's client and adverse party conflict check index system.  The facts stated in this Declaration as to the relationship between other lawyers in our law firm and the Debtors, the Debtors' creditors, the attorneys in the Office of the United States Trustee in the Southern District of Florida, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code are based on the results of my review of our firm's conflict check index system.  Specifically, I have caused to be (i) conducted a computer search of our firm's records in respect of all of the parties referred to in the first sentence of this paragraph 2(b) and (ii) disseminated a written request for information to all of the attorneys in our firm regarding connections to the Debtors and the creditors of the Debtors.  Based upon such search, our firm does not represent any person or entity in a matter which would constitute a conflict of interest or impair the disinterestedness of Berger Singerman in these cases.

---

[2]    The use of the phrase "one or more of the Debtors" in this Declaration is because not all of the Debtors have pending litigation, utility providers, etc.

[3]    Only shareholders that own 5% or more of the equity interests in Bird Global, Inc. were run through our firm's conflicts check program.

12650022-6

3.    Berger Singerman's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business of the firm and it is the regular practice of the firm to make and maintain these records.  It reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining this information.  I regularly use and rely upon the information contained in the system in the performance of my duties with the law firm and in my practice of law.

4.    A search of our firm's conflicts check system revealed the following matters, none of which impairs my or our firm's disinterestedness or constitutes any conflict of interest:

a)    The Debtors have retained, subject to the approval of this Court, the firm of Teneo Capital LLC ("Teneo") to provide financial advisory services to the Debtors.  James S. Feltman is the Senior Managing Director at Teneo.  Berger Singerman represents Mr. Feltman as the court appointed receiver in the case entitled *In re Smerling Litigation,* pending in the United States District Court, for the Southern District of Florida, Case No. 1:21-cv-0552 before the Honorable John P. Cronan.  Prior to my and our work with Mr. Feltman in these cases, I and other lawyers in our firm have worked on matters in which Mr. Feltman has been involved for over 25 years as a co-advisor or as an advisor to an adverse party. In addition, I have both a personal and professional relationship with Mr. Feltman;

b)    *Midcap Financial Services LLC* is a secured lender of the Debtors.  Berger Singerman has represented clients who are adverse to *Midcap Financial Services, LLC* in that they have incurred a debt to *Midcap Financial Services LLC* in matters wholly unrelated to the Debtors and the instant bankruptcy cases;

c)    FTI Consulting, Inc. ("FTI") served as a pre-bankrutpcy financial advisor to the Debtors in 2022.  Berger Singerman has worked on a number of matters in which FTI has been

3

involved, both as a co-advisor and as an advisor to an adverse party.  From 2000 to 2017, Berger Singerman served as counsel to Keith F. Cooper, a Senior Managing Director at FTI, in his capacity as Responsible Person for the bankruptcy estate of CHS Electronics, Inc. (Case No. 00-12731-RAM).  The CHS Electronics case has been closed since 2017.  FTI is the financial advisor to the first lien lender in the case entitled *In re AeroTech Miami Inc., d/b/a iAero Tech, et al.* ("AeroTech") (Case No. 23-17503- RAM), jointly administered chapter 11 cases in the United States Bankruptcy Court for the Southern District of Florida before the Honorable Robert A. Mark.  Berger Singerman is co-counsel to AeroTech and various of its affiliates.  I am a friend of several FTI professionals and from time to time I and others at Berger Singerman socialize with FTI professionals.  Over the years, I have been invited to attend conferences hosted by FTI, and I have attended several of those conferences over the years (but not for several years);

d)    Latham & Watkins, LLP ("L&W") was counsel to the Debtors in 2022 and is currently counsel to the secured lender, Midcap Financial Services  LLC.  Berger Singerman has worked on numerous matters in which L&W has been involved, both as co-counsel and as counsel to adverse parties.  L&W and Berger Singerman were co-counsel to Vital Pharmaceuticals, Inc. and various of its affiliates in the case entitled *In re Vital Pharmaceuticals, Inc. et al.* (Case No. 22-17842-PDR), jointly administered chapter 11 cases in the United States Bankruptcy Court for the Southern District of Florida before the Honorable Peter D. Russin.  On November 8, 2023, the Court entered an Order Confirming the Debtors' Second Amended Joint Plan of Liquidation and both Berger Singerman and L&W have concluded this representation.  I am a friend of several L&W professionals and from time to time I and others at Berger Singerman socialize with L&W professionals;

4

12650022-6

e)  *JP Morgan Chase* is listed as a creditor or interested party of one or more of the Debtors.  Berger Singerman represents *JP Morgan Chase* as local counsel in a corporate matter that is wholly unrelated to the instant bankruptcy cases.  In addition, Berger Singerman has represented a number of clients who are adverse to *JP Morgan Chase* in that they have incurred a debt to *JP Morgan Chase* in matters wholly unrelated to the instant bankruptcy cases;

f)  *Certain Underwriters at Lloyd's London* ("Lloyd's") is listed as a creditor or interested party of one or more of the Debtors.  Berger Singerman represented *Lloyd's* in matters wholly unrelated to the instant bankruptcy cases.  These matters have all been concluded.  In addition, Berger Singerman has represented a number of clients who are adverse to *Lloyd's* in that they have incurred a debt to or asserted claims against *Lloyd's* in matters wholly unrelated to the instant bankruptcy cases;

g)  *American International Group* ("AIG") is listed as a creditor or interested party of one or more of the Debtors.  Berger Singerman represented *AIG* in matters wholly unrelated to the instant bankruptcy cases.  These matters have all been concluded.  In addition, Berger Singerman has represented a number of clients who are adverse to *AIG* in that they have incurred a debt to or asserted claims against *AIG* in matters wholly unrelated to the instant bankruptcy cases;

h)  *Allianz Insurance* ("Allianz") is listed as a creditor or interested party of one or more of the Debtors.  Berger Singerman represented *Allianz* in matters wholly unrelated to the instant bankruptcy cases.  These matters have all been concluded.  In addition, Berger Singerman has represented a number of clients who are adverse to *Allianz* in that they have incurred a debt to or asserted claims against *Allianz* in matters wholly unrelated to the instant bankruptcy cases;

5

i)      *Livingston International, Inc.* is listed as a creditor or interested party of one or more of the Debtors.  Berger Singerman represents *Livingston International, Inc.* in a matter wholly unrelated to the instant bankruptcy cases;

j)      *Charter Communications, Inc.* ("Charter") is listed as a creditor or interested party of one or more of the Debtors.  Berger Singerman represents *Charter* in matters wholly unrelated to the instant bankruptcy cases.  In addition, Berger Singerman has represented a number of clients who are adverse to *Charter* in that they have incurred a debt to or asserted claims against *Charter* in matters wholly unrelated to the instant bankruptcy cases;

k)      *Office Depot* is listed as a creditor or interested party of one or more of the Debtors.  Berger Singerman represented *Office Depot* in a matter wholly unrelated to the instant bankruptcy cases.  This matter has been concluded.  In addition, Berger Singerman has represented a number of clients who are adverse to *Office Depot* in that they have incurred a debt to *Office Depot* in matters wholly unrelated to the instant bankruptcy cases;

l)      *Liberty Mutual* is listed as a creditor or interested party of one or more of the Debtors.  Berger Singerman represented *Liberty Mutual* in a matter wholly unrelated to the instant bankruptcy cases.  In addition, Berger Singerman has represented a number of clients who are adverse to *Liberty Mutual* in that they have incurred a debt to or asserted claims against *Liberty Mutual* in matters wholly unrelated to the instant bankruptcy cases;

m)      *Comcast* is listed as a creditor or interested party of one or more of the Debtors.  Berger Singerman represented *Comcast* in a matter wholly unrelated to the instant bankruptcy cases.  In addition, Berger Singerman has represented a number of clients who are adverse to *Comcast* in that they have incurred a debt to or asserted claims against *Comcast* in matters wholly unrelated to the instant bankruptcy cases;

6

n)      There are numerous creditors or interested parties of one or more of the

Debtors which have been creditors of, or adverse to, other entities represented by Berger Singerman

in cases and matters wholly unrelated to the instant bankruptcy cases.  These entities are: *Adobe,*

*ADP, Afco Insurance, Alabama Power Company, Allied World Insurance Co., Amazon Capital*

*Services, Inc., Amazon Industries, Inc., Amazon Web Services, American Electric Power, Apple, Inc.,*

*AT&T, Austin Capital BH Holdings, Ltd., Autopart International, Avis Budget Rental, Blue Crew,*

*Inc., Budget Rent a Car Systems, Inc., CBD, Inc., CDW, Century Link, Checkr, Inc., Chubb,*

*Citibank, N.A., City of Austin, City of Columbus, City of Columbus Treasurer, City of Edmonton,*

*City of Gainesville, City of Tampa, Continental Casualty Companies, Colorado Department of*

*Revenue, Cox Business, Cox Communications, Crystal Springs, CT Corporation System, DC Water*

*and Sewer Authority, DHL Express (USA), Inc., Dimension Properties, Inc., DLA Piper, LLP,*

*Dominion, Douglas Emmett, Inc., E&S International Enterprises, Inc., Echo Global, Ernst & Young*

*US LLP, Equisolve, Inc., Everest RE, Exponent, Inc., Express Services, Inc., Federal Express,*

*Figma, First Citizens Bank, Five9, Inc., Florida Department of Revenue, Fulcrom Biometrics,*

*Gainesville Regional Utilities, Georgia Department of Revenue, Georgia Power, Global Equipment*

*Company, Inc., Grainger, Great American Insurance Group, GS1, HDI Global Specialty SE,*

*Hillsborough County Tax Collector, Hireright, Inc., Hitachi Capital America Corp., Home Depot,*

*HSBC USA, Imperial Parking, LLC, Indeed, Indiana Department of Revenue, Intertek USA, Inc.,*

*Kentucky Department of Revenue, Kentwood Springs, KPMG, Labor Law Center, Law Logix-Equifax*

*Workforce Solutions, LLC, League, Linkedin Corporation, Lotus International Company, Mapbox,*

*Inc., Marpan Supply Co., Marsh USA, MediaRadar, Inc., Merrill Communications, LLC, Miami*

*Dade Water and Sewer Department, Microsoft Corporation, Minnesota Department of Revenue,*

*Missouri Department of Revenue, MSC Industrial, Nashville Electric Service, Navigators Insurnace*

7

*Company, Nebraska Department of Revenue, New York State Department of Taxation, North Carolina Department of Revenue, Ohio Department of Taxation, Ontario, Inc., Oregon Department of Revenue, Orkin, Inc., Pacific Life Insurance, Penske, Peoples Gas/Teco, QX Holdings 10, LLC, Randstad North America, Regents of the University of California, Regus Management Group, LLC, Rhode Island Division of Taxation, Safe Works, LLC, Samsara Capital Finance, Securities and Exchange Commission, Shook, Hardy, Bacon, LLP (Aerotek), Silicon Valley Bank, South Carolina Department of Revenue, Southern California Edison, Spectrum Business, Sprout Social, Inc., SPS Commerce, Stanley Convergent Security Solutions, Staples Advantage, Starr Indemnity, State of Michigan, Steven Gould Corporation, Stones River Medical Group, Sun Life, Teco/Tampa Electric, Telus, Tennessee Department of Revenue, Texas Comptroller, The Travelers Insurance Company, Toptal, LLC, United Rentals, University of Michigan, US Bank, N.A., UPS, Utah State Tax Commission, Verizon Business Fios, Vistra Corp., Washington Department of Revenue, Waste Management, Wework Companies, Inc., Wisconsin Department of Revenue, Xcel Energy, Xfinity, XL Specialty, Zendesk, Inc.,* and *Zurich American Insurance;*

      o)      Individuals by the names of *Matthew Mitchell* and *Carrie Williams* are listed as creditors or interested parties of the Debtors. Berger Singerman currently represents or formerly represented individuals who have the same names. It is impossible for our firm to confirm with certainty that these individuals are the same individuals who are creditors or interested parties of the Debtors;

      p)      Individuals by the names of *Christopher Carlson, Steve Dixon* and *Robert Lawrence* (the "Individuals") are listed as creditors or interested parties of one or more of the Debtors. Berger Singerman represented third parties in wholly unrelated matters whose interest may have been adverse to the Individuals. It is impossible for our firm to confirm with certainty that the

8

Individuals associated with the third-party representations, are the same Individuals listed as creditors or interested parties of one or more of the Debtors; and

q)      Berger Singerman represents privately held as well as public companies in out of court restructuring matters (the "Non-Debtor Clients").  Several creditors of the instant Debtors may be creditors of one or more of our firm's Non-Debtor Clients.  Berger Singerman's representation of the Non-Debtor Clients does not impair Berger Singerman's disinterestedness or its ability to represent the Debtors in these cases.

5.      Berger Singerman submits that none of the foregoing representations or connections constitutes a conflict of interest or in any way impairs its disinterestedness in these cases.

6.      Other than as set forth in this declaration, Berger Singerman neither holds nor represents any interest adverse to the Debtors and is a "disinterested person" within the scope and meaning of Section 101(14) of the Bankruptcy Code.

7.      Neither I nor our firm has or will represent any other entity in connection with these cases, and neither I nor our firm will accept any fee from any other party or parties in these cases, except the Debtors-in-Possession, unless otherwise authorized by the Court.

8.      On November 9, 2023, the Debtors retained Berger Singerman to act as their general counsel in connection with restructuring matters.  On November 15, 2023, Berger Singerman received an initial retainer from the Debtors in the amount of $50,000.00 (the "Initial Retainer"), which was deposited into a trust account of Berger Singerman.

9.      On December 1, 2023, Berger Singerman received a payment of $55,526.50, which was applied toward payment of pre-petition fees and expenses incurred.

10.      On December 7, 2023, Berger Singerman received a payment of $47,101.00, which was applied toward payment of pre-petition fees and expenses incurred.

9

11.     On December 8, 2023, Berger Singerman received a payment of $43,441.50, which was applied toward payment of pre-petition fees and expenses incurred.

12.     On December 13, 2023, Berger Singerman received a payment of $94,270.00, which was applied toward payment of pre-petition fees and expenses incurred.

13.     On December 15, 2023, Berger Singerman received a payment of $69,382.40, which was applied toward payment of pre-petition fees and expenses incurred.

14.     On December 19, 2023, Berger Singerman received a payment of $224,043.60, which was applied toward payment of pre-petition fees and expenses incurred.

15.     On December 19, 2023, Berger Singerman received a supplemental retainer from the Debtors in the amount of $250,000.00 (the "Supplemental Retainer"), which was deposited into a trust account of Berger Singerman.

16.     On December 19, 2023, the Debtors signed a supplemental engagement letter to add Skinny Labs, Inc. as a party to Berger Singerman's initial  November 9, 2023, engagement letter and to reflect the payment of the Supplemental Retainer. Skinny Labs, Inc. was inadvertently omitted from Berger Singerman's November 9, 2023 engagement letter

17.     On December 19, 2023, from the Initial and Supplemental Retainer being held in trust, Berger Singerman paid itself the amount of $8,690.00 will be used to pay filing fees for the 5 bankruptcy cases being filed.

18.     The balance remaining in trust in the amount of $ 291,310 will be held as a retainer for fees and costs incurred in these chapter 11 cases and to be disbursed in accordance with Orders of this Court.

19.     The professional fees and costs incurred by Berger Singerman in the course of its representation of the Debtors in these cases shall be subject in all respects to the application and

10

notice requirements of 11 U.S.C. §§ 327, 330 and 331 and FRBP 2014 and 2016.

20.    The current hourly rates for the attorneys at Berger Singerman range from $395.00 to $800.00. I along with Jordi Guso and Robin Rubens will be the the partners who will be principally responsible for Berger Singerman's representation of the Debtors. Our respective current hourly rates are $800.00, $750.00 and $650.00, and the current hourly rates of associates and of counsel attorneys who may work on this matter range from $395.00 to $650.00 per hour. The current hourly rates for the legal assistants and paralegals at Berger Singerman range from $85.00 to $295.00. Berger Singerman typically adjusts its hourly rates annually on January 1st. Effective January 1, 2024, the hourly rates for me, Jordi Guso and Robin Rubens will be $850.00, $795.00 and $715.00.

21.    There is no agreement of any nature, other than the shareholder agreement of our firm, as to the sharing of any compensation to be paid to the firm. No promises have been received by Berger Singerman nor any member or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

22.    No attorney in our firm holds a direct or indirect equity interest in the Debtors, including stock or stock warrants, or has a right to acquire such an interest.

23.    No attorney in our firm is or has served as an officer, director or employee of the Debtors within two years before the Petition Date.

24.    No attorney in our firm is in control of the Debtors or is a relative of a general partner, director, officer or person in control of the Debtors.

25.    No attorney in our firm is a general or limited partner of a partnership in which the Debtors are also a general or limited partner.

11

26.     No attorney in our firm is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtors in connection with the offer, sale or issuance of a security of the Debtors, within two years before the Petition Date.

27.     No attorney in our firm has represented a financial advisor of the Debtors in connection with the offer, sale or issuance of a security of the Debtors within three years before the filing of the petition.

28.     No attorney in the firm has any other interest, direct or indirect, that may be affected by the proposed representation.

29.     Except as forth herein, no attorney in our firm has had or presently has any material connection with the captioned Debtors, the Debtors' creditors, any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee (but the undersigned and many employees of Berger Singerman have personal relationships and friendships with attorneys at the Office of the United States Trustee in the Southern District of Florida), on any matters in which the firm is to be engaged, except that I, our law firm, and our attorneys (i) may have appeared in the past, and may appear in the future, in other cases in which one or more of said parties may be involved; and (ii) may represent or may have represented certain of the Debtors' creditors in matters unrelated to these cases.

## U.S. TRUSTEE GUIDELINES

30.     Berger Singerman will make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee's Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases (the "Guidelines"), both in

12

connection with this Application and with any fee applications filed by Berger Singerman in these chapter 11 cases.

31.    The following is provided in response to the request for additional information set forth in Paragraph D.1 of the Guidelines:

a.    **Question**:  Did Berger Singerman agree to any variations from, or alternatives to, Berger Singerman's standard billing arrangements for this engagement?

**Answer**:  No.  The rate structure provided by Berger Singerman is appropriate and comparable to (a) the rates that Berger Singerman charges for non-bankruptcy representations and (b) the rates of other comparably skilled professionals.

b.    **Question**:  Do any of the Berger Singerman professionals in this engagement vary their rate based on the geographic location of the Debtors' chapter 11 cases?

**Answer**:  No.

c.    **Question**:  If Berger Singerman has represented the Debtors in the 12 months prepetition, disclose Berger Singerman's billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition.  If Berger Singerman's billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Answer**:  Berger Singerman's current hourly rates for services rendered on behalf of the Debtors are set forth above.  These rates have been used since January 1 of this year.

d.    **Question**:  Have the Debtors approved Berger Singerman's budget and staffing plan and, if so, for what budget period?

**Answer**:  Yes.  Berger Singerman has provided the Debtors with a prospective budget and staffing plan setting forth the types of timekeepers, numbers thereof, and applicable hourly rates it expects during the chapter 11 cases, which have been approved by the Debtors.  The budget and staffing plan cover the period from the Petition Date to May 3, 2024.

32.    This concludes my Declaration.

13

**28 U.S.C § 1746 Declaration**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on December 19, 2023

/s/ Paul Steven Singerman

Paul Steven Singerman

14

## <u>COMPOSITE EXHIBIT C</u>

**(Engagement Letter)**

12614499-1

# BERGER SINGERMAN

Paul Steven Singerman
(305) 714-4343
singerman@bergersingerman.com

November 9, 2023

**<u>VIA ELECTRONIC MAIL</u>**

Bird Global, Inc.
Bird Rides, Inc.
Bird US Holdco, LLC
Bird US Opco, LLC
392 NE 191st Street, #20388
Miami, Fl 33179
Attn: Mr. Stewart Lyons

      Re:     Engagement of Berger Singerman LLP

Dear Mr. Lyons:

We are pleased to confirm your decision to engage our law firm to act as legal counsel for Bird Global Inc., Bird Rides, Inc., Bird US Holdco, LLC and Bird US Opco, LLC, jointly and severally (collectively, "You")[1] in connection with the restructuring matters (the "Matter"). Please note, our firm does not and will not represent any direct or indirect shareholder, director, officer, partner, employee, affiliate of joint ventures of You or of any other entity in the Matter. We will not appear in any adversarial proceedings for You, and we will not file a bankruptcy case for You, without reaching a further written agreement on a mutually acceptable security retainer for the filing of any bankruptcy case or the appearance in any state or federal court litigation. We have agreed that our engagement is limited to our performance of services directly related to the Matter.

This engagement is a joint representation. The benefits of this joint representation are straightforward: each client will share the expense of legal representation and an efficient, unified and effective handling of all actions, charges or claims should result. A potential detriment to the joint representation is the possibility that a conflict of interest may develop that may require a subsequent separation of representation. At the present time, based on the facts presented to us, it does not appear that any conflicts of interest exist between or among You. Please contact us immediately if any of You become aware that a conflict between or among You has arisen, or if there are any changes in circumstances any of You believe we ought to evaluate to determine whether such a conflict has arisen.

Should a conflict between or among any of You come to our attention during the course of this joint representation, we will make each of You aware of the conflict and, based upon the nature of the conflict, our relationship at the time, and the applicable rules, all or some of You may be required to obtain other counsel. In such a case, any confidences or other information shared in connection with this joint representation, as well as the legal advice given, would not be protected

---

[1] The terms "You" and "Your" in this letter refer to the client(s) specifically identified in this letter.

Bird Global Inc., Bird Rides, Inc., Bird US Holdco, LLC and Bird US Opco, LLC
November 9, 2023
Engagement of Berger Singerman LLP
Page 2 of 15

by the attorney-client privilege in any dispute between or among You. The possibility of such conflicts arising at some future point obviously presents certain disadvantages inherent in a multiple representation that You might want to consider or discuss with independent counsel, prior to agreeing to this joint representation. Please contact us immediately if You become dissatisfied with this arrangement at any point.

We understand that we are to take directions from Stewart Lyons (the "Representative") on this joint representation. Unless otherwise instructed, we will direct our invoices for this joint representation to the Representative to facilitate prompt payments. However, by signing this engagement letter, each of You agrees to be jointly and severally responsible for all fees and expenses owing to our law firm for this engagement.

By executing this letter agreement, each of You consents to our Firm's joint representation under the terms set forth in this letter. Should any of You at some later time wish to revoke Your consent, You agree to do so by terminating our representation at that time, but such termination will not require us to discontinue our representation of any of the other clients that are jointly represented in this matter at that time.

Because we are not Your general counsel, our acceptance of this engagement does not involve an undertaking to represent You or Your interests in any other matter. We may agree with You to limit or expand the scope of our representation in the Matter from time to time, provided that any such change in scope is confirmed by us in writing (including via email). This letter, including the enclosed Standard Terms of Engagement that are expressly made a part hereof, shall govern this current engagement and Your future engagements of our services in any other matters.

We believe a mutual understanding of the scope, terms and conditions of our representation is fundamental to establishing a good working relationship between our law firm and You. This letter and the enclosed Standard Terms of Engagement describe the terms and conditions on which our firm will provide legal services to You. We do not and will not represent any person or entity other than You in the Matter, regardless of any direct or indirect affiliation with You, unless we expressly agree to do so in writing.

1.    **Our Fees for Services.**  Our services will be provided on an hourly basis; the billing rates for our attorneys, law clerks and paralegals vary depending upon levels of experience. The current billing rates of our attorneys range from $300.00 per hour to $800.00 per hour. Time spent by any law clerk or paralegal is currently charged at $135.00-$295.00 per hour. You will be charged for the time actually and reasonably expended by our attorneys, paraprofessionals and legal assistants at their normal hourly rates. Periodically, our hourly rates are reviewed and may be adjusted to reflect increases in our basic costs, increased experience of the individuals involved, and for other similar reasons. As explained in the enclosed Standard Terms of Engagement, other factors also may be taken into consideration in determining our fees.

You will also be invoiced for disbursements and charges in connection with our representation, including without limitation charges for telephone calls, copying/printing, courier

12583185-1

**☰ BERGER SINGERMAN**

Bird Global Inc., Bird Rides, Inc., Bird US Holdco, LLC and Bird US Opco, LLC
November 9, 2023
Engagement of Berger Singerman LLP
Page 3 of 15

services, travel and lodging expenses, court reporting, expert fees, costs of investigation, computer-assisted research charges, postage, local counsel charges and other incidental expenses. We may pass along to You certain charges for Your direct payment to the vendor.

2.        **Security Retainer.**  We have requested a $50,000.00 security retainer. When our accrued fees and costs approximate $40,000, we will provide You written notice thereof and an invoice, and You agree to pay the amount of such invoice in immediately available funds within two business days of our issuance of any such invoice by e-mail. Should You fail to pay the amount of any invoice we issue when and as specified herein, You agree that we may suspend providing legal services to you or terminate our representation of You, in our discretion.    All security retainer monies will be held by our firm as security for the prompt payment of the invoices rendered and will be applied to the last outstanding invoice at the conclusion of our representation of You.  Of course, to the extent that our fees and costs at the conclusion of the engagement are less than the security retainer, we will refund the difference to You.  We reserve the right to request an additional security retainer because of (i) the amount of the fees and costs we are expending on Your behalf, (ii) the amount of fees and costs we anticipate will likely be expended given the ongoing nature of the matter, and/or (iii) the manner in which our invoices are being paid.

        We wish to preview a legal issue that bears upon the bankruptcy security retainer that we will require if You elect to seek relief under Chapter 11 of the Bankruptcy Code. If Your Chapter 11 case is converted to a case under Chapter 7 or a trustee is appointed in Your Chapter 11 case, the Bankruptcy Court may not permit us or perhaps other of the Your advisors to be compensated out of money or property constituting property of the Your bankruptcy estate. Therefore, we will fix the amount of a bankruptcy security retainer based upon, and in reliance upon, (i) our firm being paid for the fees and costs incurred prior to the filing of the bankruptcy case in preparation for the filing, and (ii) our firm being granted leave to withdraw if Your case were to be converted to a Chapter 7 or if a Chapter 11 trustee were to be appointed. Accordingly, You understand that if a Chapter 11 trustee is appointed, or the Chapter 11 case is converted to a case under Chapter 7, we will seek leave to withdraw from our representation and our services on behalf of You will immediately cease. In such event, You agree not to interpose any objection to our motion for leave to withdraw.

3.        **Consent to Our Representation of Others.**  You and we agree and understand that this is not an exclusive agreement.  As is the case with any law firm, we may from time to time represent one client whose interests may conflict with those of another client.  For example, we may represent You in a matter and, at the same time, we may represent another client adverse to You in a substantially unrelated matter, provided that we reasonably believe that we will be able to provide competent and diligent representation to You and the other client.  As part of our engagement, You consent in advance to such concurrent representations (and agree not to seek our disqualification as a result).  You should consider obtaining the advice of independent counsel regarding the implications of this consent.  By executing this agreement, You consent to our concurrent representations under these conditions.

12583185-1

BERGER SINGERMAN

Bird Global Inc., Bird Rides, Inc., Bird US Holdco, LLC and Bird US Opco, LLC
November 9, 2023
Engagement of Berger Singerman LLP
Page 4 of 15

4. **No Guaranteed Results.** During the course of our representation, we may express opinions or beliefs concerning the Matter, alternative courses of action, outcome of this Matter, or the existence of events or circumstances that may affect anticipated results or impact the ultimate resolution of a dispute. Although we shall endeavor to provide conscientious and diligent services to You, all representations and expressions relative to this Matter do not constitute guarantees due to the uncertainty of all legal matters. The payment of our fees and expenses is not contingent or dependent upon any particular consummation or result.

5. **Standard Terms of Engagement.** Additional information regarding fees and other important matters appears in the enclosed Standard Terms of Engagement, which are incorporated as part of this letter. You should review the enclosed Standard Terms of Engagement carefully before agreeing to engage us.

After You have had an opportunity to review this engagement letter including the enclosed Standard Terms of Engagement, please do not hesitate to call me with any questions or comments You may have. We do not assume any professional responsibilities to You until this engagement letter has been fully executed by You and us, and we have received any requested security retainer.

This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Counterparts may be delivered via facsimile, electronic mail or other transmission method; may bear signatures affixed through .pdf or any electronic signature platform complying with the U.S. federal ESIGN Act of 2000 (e.g., www.docusign.com), and any counterpart so delivered shall be deemed to have been duly and validly executed and delivered and shall be valid and effective for all purposes. If this engagement letter meets with Your approval, please sign in the space provided and return the original executed letter along with the security retainer to me:

We look forward to representing You in this Matter.

Very truly yours,

BERGER SINGERMAN LLP

Paul Steven Singerman

Agreed to, and Accepted by:

BIRD GLOBAL, INC.

12583185-1

≡ BERGER SINGERMAN

Bird Global Inc., Bird Rides, Inc., Bird US Holdco, LLC and Bird US Opco, LLC
November 9, 2023
Engagement of Berger Singerman LLP
Page 5 of 15


Signed: _____

Printed Name: _____

Title: _____

Email Address: _____

Date: _____

BERGER SINGERMAN

Bird Global Inc., Bird Rides, Inc., Bird US Holdco, LLC and Bird US Opco, LLC
November 9, 2023
Engagement of Berger Singerman LLP
Page 6 of 15

Agreed to, and Accepted by:

BIRD RIDES, INC.

Signed: _____
Printed Name: _____
Title: _____
Email Address: _____
Date: _____

Agreed to, and Accepted by:

BIRD US HOLDCO, LLC

Signed: _____
Printed Name: _____
Title: _____
Email Address: _____
Date: _____

Agreed to, and Accepted by:

BIRD US OPCO, LLC

Signed: _____
Printed Name: _____
Title: _____
Email Address: _____
Date: _____

12583185-1

BERGER SINGERMAN

Bird Global Inc., Bird Rides, Inc., Bird US Holdco, LLC and Bird US Opco, LLC
November 9, 2023
Engagement of Berger Singerman LLP
Page 7 of 15


BILLING INFORMATION:

Your invoices will be delivered to You electronically to the e-mail address above.  However, if You prefer invoices to go to a different billing contact, please complete the following:

Billing Contact:                    _____

E-mail address of Billing
Contact:                              _____


Please check here ☐ if You need an additional copy of Your Invoices to be mailed regular mail.  We will mail Your invoices to the address shown above unless You provide us a different billing address below:

Billing Address:

_____
_____
_____

BERGER SINGERMAN

Bird Global Inc., Bird Rides, Inc., Bird US Holdco, LLC and Bird US Opco, LLC
November 9, 2023
Engagement of Berger Singerman LLP
Page 8 of 15

## _Standard Terms of Engagement_

Unless modified in writing by mutual agreement, these standard terms of our engagement as Your lawyers will be an integral part of our agreement with You.  Therefore, we ask that You review this document carefully and contact us promptly if You have any questions.

### No Representation of Your Affiliates

You have agreed that our representation of You does not give rise to a lawyer-client relationship between our Firm and any of Your affiliates.  Accordingly, representation of You will not give rise to any conflict of interest (or cause for our disqualification) in the event other clients of the Firm are adverse to any of Your affiliates.

### Client Responsibilities

You agree to pay our invoices for services and expenses as provided below.  In addition, you agree to be candid and cooperative with us and will keep us informed with complete and accurate factual information, documents and other communications relevant to the subject matter of our representation or otherwise reasonably requested by us.  We must necessarily rely on the accuracy and completeness of the information You and Your agents provide to us.

Because it is important that we are able to contact You at all times to consult with You, please inform us in writing of any changes in Your mailing address, e-mail address or telephone number, or changes in the name, address, telephone number, contact person, e-mail address, state of incorporation or other relevant changes regarding any of Your businesses.  Whenever we need Your instruction or authorization in order to proceed with legal work on Your behalf, we will contact You at the latest business address we have received from You.  If You affiliate with, acquire, are acquired by, or merge with another client, please provide us with sufficient notice to permit us to withdraw as Your lawyers if we determine that such affiliation, acquisition, or merger creates an irreconcilable conflict of interest between any of our other clients and the other party to such affiliation, acquisition, or merger, or if we determine that it is not in the best interests of the Firm to represent the new entity.

### No Assignment

Because our relationship with you is personal in nature, our duties to you and your resulting rights or claims shall not be assignable or assigned to another person or entity, and unless we expressly agree otherwise in a writing signed by you and us, no third party shall be considered as a beneficiary of our services to you.

12583185-1

**≡ BERGER SINGERMAN**

Bird Global Inc., Bird Rides, Inc., Bird US Holdco, LLC and Bird US Opco, LLC
November 9, 2023
Engagement of Berger Singerman LLP
Page 9 of 15

### In-House Litigation Support Services

Electronic discovery and the use of technology has become a significant component of adversarial proceedings and can be quite costly to clients. Although third party vendors offer technical litigation support, we offer in-house litigation support services that may be more economical to our clients than outside vendors. We welcome the opportunity to share with You information about our in-house litigation support services and staff, including the technologies they use. The pricing for this service is a one-time $250 charge for database set up and a $12/GB monthly storage fee for matters whose data equals or exceeds 5GB of storage. Matters whose data is smaller than 5GB will not be charged the monthly storage fee.

### Billing Arrangements and Terms of Payment

We will invoice You for services rendered, disbursements and charges posted on our books as provided in Paragraph 2 of this engagement letter. In the event You do not object to any invoice we issue within 20 days after issuance, You agree that each invoice is accurate and reasonable and shall be considered an account stated, and You waive any right to object later to the accuracy or reasonableness of our services rendered or the amount due.

Interest will accrue at the rate of one percent per month on invoices outstanding more than thirty days. If You fail to pay any monthly invoices, we may, in our sole discretion, cease to represent You, and may apply the security retainer to Your outstanding invoices.

For Your convenience, You may make security retainer deposits or pay our invoices using any of the following credit cards: Visa, MasterCard, American Express or Discover. In the event You elect to use a credit card, You may access our online payment portal by visiting https://www.bergersingerman.com/info/client-tools/. Only You, or your designee, may authorize a charge to your credit card with respect to legal services rendered by the Firm. Such authorization will constitute your agreement to pay the amount charged and the charges are valid and reasonable.

### Privileged Communications Exchanged by Electronic Means

You acknowledge that the Firm's attorneys and staff sometimes communicate with You, and Your professionals and agents, by cellular phone, text messaging, videoconferencing and/or electronic mail, and that such communications are capable of being intercepted by others. You and the Firm expressly disclaim any intention to limit or waive legal protections afforded to their communications by using any electronic means. You agree to inform the Firm if You desire that privileged matters not be discussed through such electronic means. You agree to inform the Firm in advance if You wish to institute a system to encode all e-mail communication between the Firm and You, or Your professionals or agents, or otherwise to limit or prohibit the use of electronic means of communication during the engagement.

≡ BERGER SINGERMAN

Bird Global Inc., Bird Rides, Inc., Bird US Holdco, LLC and Bird US Opco, LLC
November 9, 2023
Engagement of Berger Singerman LLP
Page 10 of 15

## Sharing and Executing Documents by Electronic Means

You acknowledge that the Firm's attorneys and staff may sometimes share documents and information with You, and/or Your professionals and agents, by electronic means (including facsimile, electronic mail or cloud-based platforms such as Sharefile), and also may seek your signature on documents by electronic means (e.g. .pdf or any electronic signature complying with the U.S. federal ESIGN Act of 2000, e.g., www.docusign.com). You consent to the Firm's use of electronic means to share documents and information (and obtain signatures thereon) although such electronic communications are capable of being intercepted by others. You and the Firm expressly disclaim any intention to limit or waive legal protections afforded to their communications by using any electronic means. You agree to inform the Firm in writing if You desire that the Firm not share any documents and information (or obtain any signatures thereon) through electronic means.

## Public Relations and Marketing

Often times we refer to our public/non-confidential representations on our website and in public press releases. By executing our engagement letter, You agree that we may use Your name in our materials as a client. We will never publish any matters or details which are confidential in nature.

## In-Firm Privilege

From time to time, issues arise relating to legal ethics or our duties under the professional conduct rules that apply to lawyers. These might include, e.g., conflict of interest issues, and could even include issues raised because of a dispute between us and a client over the handling of a matter. Normally, when such issues arise, we seek the advice of our firm counsel, who is an expert in such matters. We consider such consultations to be attorney-client privileged communications between firm personnel and the counsel for the firm. A few courts, however, have held that under some circumstances such communications involve a conflict of interest between the client and our firm and that our consultation with firm counsel may not be privileged, unless we either withdraw from the representation of the client or obtain the client's consent to consult with firm counsel.

We believe that it is in our clients' interest, as well as our firm's interest, that when legal ethics or related issues arise during a representation, we obtain expert analysis of our obligations. Accordingly, You agree that if we determine in our own discretion during the course of the representation that it is either necessary or appropriate to consult with our internal or outside counsel, we have Your consent to do so and that our representation of You shall not, thereby, waive any attorney-client privilege that our firm may have to protect the confidentiality of our communications with counsel.

BERGER SINGERMAN

Bird Global Inc., Bird Rides, Inc., Bird US Holdco, LLC and Bird US Opco, LLC
November 9, 2023
Engagement of Berger Singerman LLP
Page 11 of 15

<h3 style="text-align:center">Termination of Engagement</h3>

You may terminate our services and representation at any time upon written notice to us. Such termination shall not, however, relieve You of the obligation to pay for all services already rendered, including work in progress and remaining incomplete at the time of termination, and to pay for all expenses incurred on Your behalf through the date of termination, all of which will be due and payable immediately upon termination.

We reserve the right to withdraw from our representation in our discretion or as required or permitted by the applicable rules of professional conduct upon written notice to You. In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect Your interests in the specified matter, and You agree to take all steps necessary to free us of any obligation to perform further, including the execution of any documents necessary to accomplish our withdrawal. We will be entitled to be paid immediately for all services rendered, and costs or expenses incurred on Your behalf, through the date of withdrawal. If permission for withdrawal is required by a court or arbitration panel, we will promptly request such permission, and You agree not to oppose our request. In the event of nonpayment of fees, we shall have a lien on all of Your documents, property of any kind, or money in our possession, custody or control to secure the payment of all sums due under this agreement, and upon property or funds received by You by settlement, judgment, or otherwise relating to any matter in which we provided counsel to You. In addition, any funds or monies recovered by You in one matter for which we have been engaged by You shall be security for the payment of our fees and costs in any other matter for which we have been engaged by You.

In the event You have engaged us on a contingent fee basis, You agree that Your termination of our services to You is without prejudice to any of our rights in respect of fees due to us based on the outcome of the Matter after our termination.

Unless previously terminated, our representation of You in a specified matter will terminate when we send to You our final invoice for services rendered in the matter.

Following termination of our services, at Your request, Your papers and property will be returned to You upon receipt of payment for outstanding fees and costs. We will retain our own files pertaining to the matter. Our own files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, and credit and accounting records; and internal lawyers' work product such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports, prepared by or for the internal use of lawyers. All such documents retained by the Firm will be transferred to the person responsible for administering our records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement.

After the conclusion of our representation in a matter, changes may occur in the applicable laws, regulations, facts or circumstances that could have an impact upon Your rights and liabilities.

12583185-1

Bird Global Inc., Bird Rides, Inc., Bird US Holdco, LLC and Bird US Opco, LLC
November 9, 2023
Engagement of Berger Singerman LLP
Page 12 of 15

Unless You separately engage us after the conclusion of the matter to provide additional advice on circumstances or issues arising since our earlier representation ended, the Firm has no continuing obligation to advise You or update You with respect to future legal developments, including changes in applicable laws, regulations, facts, or circumstances.

Frequently we produce and disseminate advisories and newsletters, or post information on our website or through social media, or conduct seminars or other presentations, that may offer timely insights and updates on a variety of issues. Information received through these advisories, newsletters or seminars shall not be considered as or constitute legal advice for any particular matter.

### Dispute Resolution Procedures

It is our goal to maintain at all times a constructive and positive relationship with You on the matter described above and on future matters in which we may perform services. However, should a dispute arise between us arising out of or relating to this agreement or any services provided by us to You, in connection with the matter described above or any other matters (including malpractice claims and fee disputes), we believe that a prompt and fair resolution is in the interests of all concerned.

### Voluntary Mediation

At the written request of the Firm or You, a dispute may be submitted to mediation prior to the commencement of any adversarial case between us. Either party may request mediation in writing within ten (10) calendar days following the Firm's notice of invocation of these dispute resolution procedures. If served by first class mail, a notice of a request for mediation shall be considered received by the other party three (3) calendar days after mailing. If the other party within five (5) calendar days after notice does not also agree in writing to mediate, either party may then commence any adversarial case without further delay. If the parties agree to mediate, the mediation shall be completed no later than forty-five (45) calendar days following the initial written request for mediation.

In the mediation process, the parties will try to resolve their differences voluntarily with the aid of any impartial mediator, who will attempt to facilitate negotiations. The mediator will be selected by agreement of the parties. However, if the parties cannot agree on a mediator, any party may request that JAMS/Endispute designate a mediator.

The mediation will be conducted as specified by the mediator and agreed upon by the parties. The parties agree to discuss their differences in good faith and to attempt, with the assistance of the mediator, to reach an amicable resolution of the dispute.

The mediation will be treated as a settlement discussion. The mediation will be treated as confidential. The mediator may not testify for either party in any later proceeding relating to the dispute. No recording or transcript shall be made of the mediation proceedings.

12583185-1

Bird Global Inc., Bird Rides, Inc., Bird US Holdco, LLC and Bird US Opco, LLC
November 9, 2023
Engagement of Berger Singerman LLP
Page 13 of 15

 Each party will bear its own costs in the mediation.  The fees and expenses of the mediator will be shared equally by the parties.

 If either party fails to strictly follow these mediation procedures, the other party shall be entitled to commence any adversarial proceeding without further delay.  The parties may agree to submit their dispute to arbitration.

 For collection purposes, we may assign Your account(s) to an entity as permitted by Florida law and the Rules Regulating The Florida Bar, and we may represent that entity in pursuing collection of Your account(s).

 Our relationship with You, including the validity, construction and enforceability of this engagement letter, shall be governed by the law and professional conduct rules of Florida, without regard to conflicts of laws principles.

12583185-1

BERGER SINGERMAN

# BERGER SINGERMAN

## *PRIVACY POLICY NOTICE*

Attorneys, like other professionals who advise on personal financial matters, are now required by a new federal law to inform their clients of their policies regarding privacy of client information. Attorneys have been and continue to be bound by professional standards of confidentiality that are even more stringent than those required by this new law. Therefore, we have always protected Your right to privacy.

In the course of providing our clients with income tax, estate tax and gift tax advice, we receive significant personal financial information from our clients. As a client of **Berger Singerman,** we wanted to confirm with You that all information that we receive from You is held in confidence and is not released to people outside the Firm, except as agreed to by You and as required under an applicable law.

We retain records relating to professional services that we provide so that we are better able to assist You with Your professional needs and, in some cases, to comply with professional guidelines. In order to guard Your nonpublic personal information, we maintain physical, electronic and procedural safeguards that comply with our professional standards.

If You have any questions or would like additional information about our privacy policy, please contact:

Jessica Pavlik
Chief Operating Officer
Berger Singerman LLP
201 East Las Olas Boulevard
Suite 1500
Fort Lauderdale, Florida 33301
954.712.5155
jpavlik@bergersingerman.com

Bird Global Inc., Bird Rides, Inc., Bird US Holdco, LLC and Bird US Opco, LLC
November 9, 2023
Engagement of Berger Singerman LLP
Page 15 of 15

# BERGER SINGERMAN TRUST WIRE INSTRUCTIONS

**WIRE FRAUD ALERT: Wiring instructions should not be changed without personally speaking to the known, intended, recipient of the wire to confirm the routing and account numbers before sending.**

## Bank Information:

Bank Name:         City National Bank
Bank Address:      25 W Flagler Street
                   Miami, FL  33130
Bank ABA#:         066004367
Banking SWIFT:     CNBFUS3M

## Beneficiary Information:

Account Name:      Berger Singerman LLP Trust Account
Address:           201 East Las Olas Blvd, Ste. 1500
                   Fort Lauderdale, FL  33301

Account Number:    ████4510

12583185-1

BERGER SINGERMAN

# BERGER SINGERMAN

Paul Steven Singerman
(305) 714-4343
singerman@bergersingerman.com

December 19, 2023

**VIA ELECTRONIC MAIL**

Bird Global, Inc.
Bird Rides, Inc.
Bird US Holdco, LLC
Bird US Opco, LLC
Skinny Labs, Inc.
392 NE 191 Street, # 20388
Miami, FL 33179
Attention: Chris Rankin, Chief Restructuring Officer

Re:    Engagement of Berger Singerman LLP

Dear Mr. Rankin:

This letter supplements our prior engagement letter dated November 9, 2023, with respect to your decision to engage our law firm to act as legal counsel to the addressees of this letter in connection with restructuring matters (the "Matter"). Specifically, this letter supplements our prior engagement letter to (i) add as one of our clients Skinny Labs, Inc., and (ii) to memorialize the bankruptcy security retainer amount totaling $300,000 (inclusive of the $50,000 retainer provided for in our initial engagement letter) that we have received.

Except as specifically amended hereby, our prior engagement letter dated November 9, 2023, remains in force and effect. Please execute this letter in spaces provided below and return it to me.

We look forward to representing You in this Matter.

Very truly yours,

BERGER SINGERMAN LLP

*Paul Steven Singerman*

Paul Steven Singerman

PSS/so

December 19, 2023
Page 2

Agreed to and Accepted by:

Bird Global, Inc.
Bird Rides, Inc.
Bird US Holdco, LLC
Bird US Opco, LLC
Skinny Labs, Inc.

By: _____

Chris Rankin, Chief Restructuring Officer

Dated: December 19, 2023