UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| BIRD GLOBAL, INC., *et al.*,[1] | Case No. 23-_____ |
| Debtors. | (Joint Administration Pending) |

**DEBTORS' EMERGENCY MOTION FOR APPROVAL OF FORM
OF NOTICE OF COMMENCEMENT AND PROOF OF CLAIM**

**(Emergency Hearing Requested)**

**Statement of Exigent Circumstances**

The Debtors respectfully request the Court conduct an emergency hearing on this Motion. The Debtors wish to provide creditors notice of the commencement of these Chapter 11 Cases (defined herein) and the bar dates for the filing of Proofs of Claim. The Debtors reasonably believe that a hearing to consider the relief requested must be held as soon as the Court's calendar will permit. The Debtors respectfully request that the Court waive the provisions of Local Rule 9075-1(B), which requires an affirmative statement that a bona fide effort was made in order to resolve the issues raised in this Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their proposed undersigned counsel, file this emergency motion (the "Motion"), seeking the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), approving the form of notice of the commencement of these Chapter 11 Cases and the Proof of Claim. In support of this Motion, the Debtors rely on the *Declaration of Christopher Rankin in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day

---

[1]  The address of the Debtors is 392 Northeast 191st Street, #20388, Miami, FL 33179. The last four digits of the Debtors' federal tax identification numbers are: (i) Bird Global, Inc. (3155); (ii) Bird Rides, Inc. (9939); (iii) Bird US Holdco, LLC (8390); (iv) Bird US Opco, LLC (6873); and (v) Skinny Labs, Inc. (8176).

Declaration"), filed concurrently herewith and incorporated herein, and respectfully state as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory predicates for the relief sought herein are sections 105(a) and 502(c) of chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rules 2002(a)(7), 3003(c)(3), 3018(a), 6003 and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules").

## PROCEDURAL BACKGROUND

4.     On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

5.     The Debtors continue to operate their businesses and manage their affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.     As of the date of this Motion, no trustee, examiner or statutory committee has been appointed in these Chapter 11 Cases.

7.     For a detailed description of the Debtors, the circumstances leading to the commencement of these Chapter 11 Cases and information regarding the Debtors' businesses and capital structure, the Debtors respectfully refer the Court and parties-in-interest to the First Day Declaration.

## RELIEF REQUESTED AND BASIS THEREFOR

8.      By this Motion, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A**, approving the form of notice of commencement of these Chapter 11 Cases and the Proof Claim Form (as defined below).

**A.      Parties Required to File Proofs of Claim**

9.      Except as otherwise provided herein, the Debtors propose that the Proof of Claim, substantially in the same form attached hereto as **Exhibit B** (the "Proof of Claim Form"), applies to all Persons or Entities (each as defined in sections 101(41) and 101(15) of the Bankruptcy Code) holding a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors (whether secured, priority or unsecured) that arose prior to the Petition Date, including but not limited to the following:

      i.  Any Person or Entity whose Claim is listed as "disputed," "contingent," or "unliquidated" in the Debtors' Schedules (the "Schedules") and that desires to assert a Claim against the Debtors that would entitle the claimant to vote on any plan of reorganization or participate in any distribution under such plan;

     ii.  Any Person or Entity who believes its Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to assert its Claim in a classification or amount other than as set forth in the Schedules;

   iii.  Any Person or Entity whose Claim is not listed in the applicable Debtors' Schedules.

**B.**     <u>Parties Not Required to File Proofs of Claim</u>

10.    The Debtors propose that the following Persons or Entities whose Claims would otherwise be subject to a Bar Date need not file a Proof of Claim:

    i.  any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

    ii.  any Person or Entity whose Claim has already been paid in full by a Debtor in accordance with the Bankruptcy Code or in accordance with an order of the Court, or by any other party;

    iii.  any Person or Entity whose Claim has been allowed by an order of the Court entered on or before the applicable Bar Date;

    iv.  any Person or Entity that holds a Claim for which specific deadlines other than the Bar Dates have been fixed by an order of the Court entered on or prior to the applicable Bar Date;

    v.  professionals retained by the Debtors or any committee appointed in these Chapter 11 Cases pursuant to orders of this Court that assert administrative Claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331, 363, and 503(b) of the Bankruptcy Code;

    vi.  professionals whose payment this Court approved under the DIP Order;

vii. any Person or Entity that holds or asserts a Claim pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense other than 503(b)(9) Claims;

viii. any Person or Entity whose Claim asserts a right to payment or performance solely against a non-Debtor affiliate of a Debtor; and

ix. any Person or Entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including, without limitation, pursuant to an order approving debtor-in-possesion financing (the "DIP Order"), including, for the avoidance of doubt, the Prepetition Secured Parties (as defined in the DIP Order).

11.    The Debtors request that they retain the right to: (a) dispute, contest, setoff, recoup, and assert any defenses, counterclaims or subordination against, any filed Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability or classification of such Claim, or otherwise; or (b) subsequently designate any Claim as disputed, contingent, or unliquidated.

12.    The Debtors further request that pursuant to Bankruptcy Rule 3003(c)(2), any Person or Entity that is required to file a Proof of Claim but fails to do so by the applicable Bar Date shall be forever barred, estopped, and enjoined from: (a) asserting any Claim against the Debtors that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (any such Claim referred to as an "Unscheduled Claim"); and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these Chapter 11 Cases in respect of an Unscheduled Claim.

**C.**     **Procedures for Filing Proof of Claim Form**

13.     In providing notice of the deadlines by which governmental units and persons (as defined in section 101(41) of the Bankruptcy Code) must file Proofs of Claim (the "Bar Dates"), the Debtors will provide to holders of Claims a customized Proof of Claim Form. Subject to Court approval, the Debtors have retained Epiq Corporate Restructuring, LLC as their official claims and noticing agent (the "Claims and Noticing Agent"). The Debtors propose that for any Proof of Claim Form to be timely and properly filed, a signed original of the completed Proof of Claim Form, together with accompanying documentation, must be sent so as to be received by the Claims and Noticing Agent, at the address indicated on the Proof of Claim Form, on or before the applicable Bar Date.

14.     If a creditor wishes to receive acknowledgment of receipt of its Proof of Claim Form, such claimant must provide in addition to the original Proof of Claim Form, one extra copy of such Proof of Claim Form along with a self-addressed, stamped return envelope.

15.     The Debtors propose that all persons and entities asserting Claims against more than one Debtor be required to submit a separate Proof of Claim Form with respect to each applicable Debtor. If persons and entities are permitted to assert Claims against more than one Debtor in a single Proof of Claim Form, the Claims and Noticing Agent may have difficulty maintaining separate Claim registers for each Debtor and all Debtors will be required to object to a Proof of Claim Form that may be applicable to only one of the Debtors. Likewise, persons and entities should be required to identify on each Proof of Claim Form the particular Debtor against which their Claim is asserted. Requiring parties to identify the Debtor against which a Claim is asserted will greatly expedite the Debtors' review of Proof of Claim Forms in these cases. This

requirement will not be unduly burdensome on claimants since they know or should know the identity of the Debtor against which they assert a Claim.

16.    In addition, the Debtors propose that all persons and entities asserting Claims against the Debtors be required to file the Proof of Claim Forms in English and in U.S. dollars. If a person or entity does not specify the amount of its Claim in U.S. dollars, the Debtors propose that they reserve the right to convert such Claim to U.S. dollars using the applicable conversion rate as of the Petition Date, unless the Debtors deem another date to be more appropriate.

**D.    Procedures for Providing Notice of Commencement of Chapter 11 Cases and Bar Dates**

17.    The Debtors seek to ensure that all interested parties receive appropriate notice of commencement of these Chapter 11 Cases and the applicable Bar Dates.  To determine the adequacy of the notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors.  *See In re S.N.A. Nut Co.*, 198 B.R. 541 (Bankr. N.D. Ill. 1996); *In re Dartmoor Homes, Inc.*, 175 B.R. 659 (Bankr. N.D. Ill. 1994); *In re Envirodyne Indus., Inc.*, 206 B.R. 468 (Bankr. N.D. Ill. 1997). As the Court in *S.N.A. Nut* explained:

> When a creditor is unknown to the debtor, publication notice of the claims bar date will satisfy the requirements of due process . . . However, if a creditor is known to the debtor, notice by publication is not constitutionally reasonable and actual notice of the relevant bar dates must be afforded to the creditor.

*S.N.A. Nut*, 198 B.R. at 543-544.  The Supreme Court has characterized a "known" creditor as one whose identity is either known or is "reasonably ascertainable by the debtor." *Tulsa Professional Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988).  An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950).

18.     In defining the efforts required to identify "known" creditors, the Bankruptcy Court in *Envirodyne Indus.* stated:

> The debtor is under an obligation to make reasonably diligent efforts to identify creditors and their claims . . . Reasonable diligence depends on the context. The requisite search focuses on the debtor's own books and records . . . It does not require that a debtor engage in impracticable and extended searches . . . in the name of due process . . . It is not the debtor's duty to search out every conceivable or possible creditor and urge that person to make a claim against it.

*Id.*, 206 B.R. at 473-74. As for the particular efforts a debtor must exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date 'depends upon the facts and circumstances of a given case.'" *In re The Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) (citing *Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.)*, 863 F.2d 393, 396 (5th Cir.), *cert. denied*, 493 U.S. 811 (1989)).

19.     The Debtors propose to provide actual written notice of the commencement of these Chapter 11 Cases and the Bar Dates to all known persons and entities holding Claims for whom the Debtors have an actual deliverable address.

20.     In giving actual notice to known Persons and Entities who may have a Claim, the Debtors propose to give notice of the commencement of these Chapter 11 Cases and Bar Dates, substantially in the form of the notice attached as **Exhibit C** (the "Bar Date Notice"), in accordance with Bankruptcy Rule 9007, so that the Bar Date Notice is served by first class mail within ten (10) business days after entry of an Order granting this Motion.

**E.     Publication Notice of Chapter 11 Bankruptcy Case and Bar Dates**

21.     Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement the notice. Further, Bankruptcy Rule 9008 provides that the Court shall determine the form and manner of publication notice, the newspapers used and the frequency of publication.

22.     In order to provide supplemental notice and notice to creditors for which the Debtors may not have a deliverable address, or unknown creditors, the Debtors also propose to publish the Bar Date Notice (the "<u>Publication Notice</u>"), as soon as practicable after entry of the Order granting this Motion on the Court's docket, in the publications listed in **Exhibit D**, and if determined by the Debtors in their business judgment, one or more other, similar publications in certain non-U.S. jurisdictions.

23.     The publications listed in **Exhibit D** were selected because these national and international publications have broad readership and distributions and will likely reach unknown Persons and Entities that may assert Claims against the Debtors.

24.     The Debtors request that the Court determine that Persons and Entities for which the Debtors have no deliverable mailing address and that may assert a Claim against the Debtors be deemed to have received adequate and sufficient notice by publication which is reasonably calculated under the circumstances to apprise them of the Bar Dates for filing Proof of Claim Forms.

**F.     Form of Notice of the Bar Dates**

25.     The Bar Date Notice and the Publication Notice will:

     i.   advise creditors and other parties in interest of the commencement of these Chapter 11 Cases;

     ii.  advise potential creditors that they must file a Proof of Claim under Bankruptcy Rules 3002(a) and 3003(c)(2);

     iii. alert such potential creditors to the consequences of failing to timely file a Proof of Claim as set forth in Bankruptcy Rule 3003(c)(2);

     iv.  specify the form to be used in filing a Proof of Claim Form;

     v.   set forth the Bar Dates;

    vi.   set forth the address for filing a Proof of Claim Form;

   vii.   specify that Proofs of Claim must be filed with original signatures and not by facsimile; and

  viii.   specify that separate Proofs of Claim Forms must be filed with respect to each Debtor.

26.     Accordingly, the Bar Date Notice and the Publication Notice will provide creditors with notice of the commencement of these Chapter 11 Cases and sufficient information to allow them to timely file a properly prepared and executed Proof of Claim Form.

## Reservation of Rights

27.     Nothing contained in this Motion or any order granting the relief requested in this Motion, herein, and no action taken pursuant to such relief requested or granted, is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against any of the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) an impairment or waiver of any Debtor's or any other party in interest's right to dispute any claim against, or interest in, any Debtor, its property, or its estate on any grounds; (c) a promise or requirement to pay any claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (f) an implication, admission, or finding as to (i) the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on the property of any Debtor or its estate or (ii) a waiver or limitation on any

party's ability to challenge, recharacterize as equity, void, claw back, or seek other relief with respect to any particular payments authorized hereunder; (g) an impairment or waiver of any claims or causes of action which may exist against any entity; or (h) a waiver of any Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

**WHEREFORE**, the Debtors respectfully request that the Court hear this Motion on an emergency basis and enter the Order, substantially in the form attached hereto as Exhibit A, granting (i) the relief requested in this Motion and (ii) such other and further relief as the Court deems just and proper.

Dated: December 20, 2023

Respectfully submitted,

BERGER SINGERMAN LLP
*Proposed Counsel for the Debtors and*
*Debtors-in-Possession*
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By: ___/s/ Jordi Guso_____
      Paul Steven Singerman
      Florida Bar No. 378860
      singerman@bergersingerman.com
      Jordi Guso
      Florida Bar No. 863580
      jguso@bergersingerman.com
      Robin J. Rubens
      Florida Bar No. 959413
      rrubens@bergersingerman.com
      Clay B. Roberts
      Florida Bar No. 116058
      croberts@bergersingerman.com

## <u>EXHIBIT A</u>

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| BIRD GLOBAL, INC., *et al.*,[1] | Case No. 23-_____ |
| Debtors. | (Joint Administration Pending) |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR APPROVAL OF
FORM OF NOTICE OF COMMENCEMENT AND PROOF OF CLAIM**

**THIS MATTER** having come before the Court for a hearing on December ___, 2023 at

_____ a.m./p.m. in Miami, Florida (the "Hearing"), upon the *Debtors' Emergency Motion for*

*Approval of Form of Notice of Commencement and Proof of Claim* [ECF No. __] (the

"Motion"),[2] filed by the above-captioned debtors and debtors-in-possession (collectively, the

"Debtors"), seeking entry of an order approving the form of notice of the commencement of

---

[1]     The address of the Debtors is 392 Northeast 191st Street, #20388, Miami, FL 33179.  The last four digits of the
Debtors' federal tax identification numbers are: (i) Bird Global, Inc. (3155); (ii) Bird Rides, Inc. (9939); (iii)
Bird US Holdco, LLC (8390); (iv) Bird US Opco, LLC (6873); and (v) Skinny Labs, Inc. (8176).

[2]     Capitalized terms not otherwise defined herein or in the Motion shall have the meaning ascribed to them in the
Bankruptcy Code and the Bankruptcy Rules.

12641873-1

these Chapter 11 Cases and the Bar Dates.  The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); (iii) the Court may enter a final order consistent with Article III of the United States Constitution; (iv) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (v) notice of the Motion and the Hearing were appropriate under the circumstances and no other notice need be provided; (vi) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and (vii) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration and the record of the Hearing, all of which are incorporated herein, the Court determines that good and sufficient cause exists to grant the relief requested in the Motion.  Accordingly, it is

**ORDERED** as follows:

1.      The relief requested in the Motion is **GRANTED**.

2.      The Proof of Claim Form substantially in the form attached to the Motion as **Exhibit B** and the Bar Date Notice substantially in the form attached to the Motion as **Exhibit C**, are hereby each **APPROVED**.

3.      Except as otherwise provided herein, the Bar Dates set forth in the Bar Date Notice apply to all Persons or Entities (each as defined in sections 101(41) and 101(15) of the Bankruptcy Code) (including, without limitation, any individual, partnership, joint venture, corporation, estate, and trust) holding a Claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors (whether secured, priority or unsecured) that arose prior to the Petition Date, including but not limited to the following:

    i.   Any Person or Entity whose Claim is listed as "disputed," "contingent," or "unliquidated" in the Debtors' Schedules (the "<u>Schedules</u>") and that desires to assert a Claim against the Debtors that would entitle the claimant to vote on any plan of reorganization or participate in any distribution under such plan;

    ii.   Any Person or Entity who believes its Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to assert its Claim in a classification or amount other than as set forth in the Schedules;

    iii.   Any Person or Entity whose Claim is not listed in the applicable Debtors' Schedules.

4.    The Debtors shall retain the right to: (a) dispute, contest, setoff, recoup, and assert any defenses, counterclaims or subordination against, any Claim submitted to the Claims and Noticing Agent (as defined below) or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise; or (b) subsequently designate any Claim as disputed, contingent, or unliquidated.

5.    Pursuant to Bankruptcy Rule 3003(c)(2), any Person or Entity that is required to submit a Proof of Claim but fails to do so by the applicable Bar Date, shall be forever barred, estopped, and enjoined from: (a) asserting any Claim against the Debtors and their chapter 11 estates that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (any such Claim referred to as an "<u>Unscheduled Claim</u>"); and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these Chapter 11 Cases in respect of an Unscheduled Claim.

3

12641873-1

6.      In providing notice of the Bar Dates, the Debtors shall provide to holders of Claims a customized Proof of Claim Form. Subject to Court approval, the Debtors have retained EPIQ Corporate Restructuring as their official claims and noticing agent (the "Claims and Noticing Agent").  For any Proof of Claim Form to be timely and properly filed, a signed original of the completed Proof of Claim Form, together with accompanying documentation, must be sent so as to be received by the Claims and Noticing Agent, at the address indicated on the Proof of Claim Form, on or before the applicable Bar Date.

7.      If a creditor wishes to receive acknowledgment of receipt of its Proof of Claim Form, such claimant must provide in addition to the original Proof of Claim Form, one extra copy of such Proof of Claim Form along with a self-addressed, stamped return envelope.

8.      Except as specifically provided herein, all persons and entities asserting Claims against more than one Debtor are required to submit a separate Proof of Claim Form with respect to each applicable Debtor.

9.      The following categories of claimants, in the capacities described below, shall not be required to file a Proof of Claim by the Bar Date:

>  i. any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled by the Debtors as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

12641873-1

ii.  any Person or Entity whose Claim has already been paid in full by a Debtor in accordance with the Bankruptcy Code or in accordance with an order of the Court, or by any other party;

iii.  any Person or Entity whose Claim has been allowed by an order of the Court entered on or before the applicable Bar Date;

iv.  any Person or Entity that holds a Claim for which specific deadlines other than the Bar Dates have been fixed by an order of the Court entered on or prior to the applicable Bar Date;

v.  professionals retained by the Debtors or any committee appointed in these Chapter 11 Cases pursuant to orders of this Court that assert administrative Claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331, 363, and 503(b) of the Bankruptcy Code;

vi.  professionals whose payment this Court approved under the DIP Order;

vii.  any Person or Entity that holds or asserts a Claim pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense other than 503(b)(9) Claims;

viii.  any Person or Entity whose Claim asserts a right to payment or performance solely against a non-Debtor affiliate of a Debtor;

ix.  any Person or Entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including, without limitation, pursuant to an order approving debtor-in-possesion financing

5

(the "<u>DIP Order</u>"), including, for the avoidance of doubt, the Prepetition

Secured Parties (as defined in the DIP Order).

10.     Any Person or Entity exempt from filing a Proof of Claim under the preceding

paragraph must still properly and timely file a Proof of Claim for any Claim that does not fall

within the exemptions provided in the preceding paragraph.

11.     All Persons and Entities asserting Claims against the Debtors are required to file

the Proof of Claim Forms in English and in U.S. dollars.  If a person or entity does not specify

the amount of its Claim in U.S. dollars, the Debtors reserve the right to convert such Claim to

U.S. dollars using the applicable conversion rate as of the Petition Date, unless the Debtors deem

another date to be more appropriate.

12.     The Debtors are authorized to publish the Bar Date Notice once, in the

publications identified on **Exhibit D** to the Motion, and if determined by the Debtors in their

business judgment, one or more other, similar publications in certain non-U.S. jurisdictions, as

soon as practicable after entry of this Order on the Court's docket.

13.     All Persons and Entities for which the Debtors have no deliverable mailing

address and that may assert a Claim against the Debtors shall be deemed to have received

adequate and sufficient notice by publication which is reasonably calculated under the

circumstances to apprise them of the Bar Dates for filing Proof of Claim Forms.

14.     The Debtors shall provide actual written notice of the commencement of these

Chapter 11 Cases and the Bar Dates to all known persons and entities holding Claims for whom

the Debtors have an actual deliverable address.

15.     In giving actual notice to known Persons and Entities who may have a Claim, the

Debtors shall serve the Bar Date Notice, in accordance with Bankruptcy Rule 9007, so that the

12641873-1

Bar Date Notice is served by first class mail within ten (10) business days after entry of this Order.

16.     The Debtors are authorized, but not directed, in the Debtors' sole discretion to procure the correct foreign-language translations of the Motion, the Bar Date Notice, this Order, and/or any other materials filed in these Chapter 11 cases (collectively, the "<u>Foreign Translations</u>"), and to publish such Foreign Translation(s), and/or to provide such Foreign Translation(s) to any foreign party in interest.

17.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against any of the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) an impairment or waiver of any Debtor's or any other party in interest's right to dispute any claim against, or interest in, any Debtor, its property, or its estate on any grounds; (c) a promise or requirement to pay any claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion, or any order granting the relief requested by the Motion; (f) an implication, admission, or finding as to (i) the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on the property of any Debtor or its estate or (ii) a waiver or limitation on any party's ability to challenge, recharacterize as equity, void, claw back, or seek other relief with respect to any particular payments authorized hereunder; (g) an impairment or waiver of any claims or causes of action which may exist against any entity; or (h) a waiver of any Debtor's or

7

any other party in interest's rights under the Bankruptcy Code or any other applicable law. The rights of all parties in interest are expressly reserved.

18.     In accordance with Bankruptcy Rule 2002(a)(7), service of the Bar Date Notice in the manner set forth above shall be deemed good and sufficient notice of the Bar Date to known creditors.

19.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20.     The Debtors are authorized and empowered to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

21.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

<u>Submitted by</u>:
Paul Steven Singerman, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  singerman@bergersingerman.com

*(Attorney Singerman is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

**EXHIBIT B**

**(Proof of Claim)**

# PROOF OF CLAIM

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| Name of Debtors<br><br>**BIRD GLOBAL, INC.,** *et al.* | Case Numbers:<br><br>**23-20514**<br>**23-20515**<br>**23-20516**<br>**23-20517**<br>**23-20518**<br><br>(Jointly Administered) |
| --- | --- |

Indicate Debtor against which you assert a claim by checking the appropriate box below.

**(Check only one Debtor per claim form)**

| Name of Debtor | Case Number |
| --- | --- |
| ☐  Bird Global, Inc. | Case No. 23-20514 |
| ☐  Bird Rides, Inc. | Case No. 23-20515 |
| ☐  Bird US Holdco, LLC | Case No. 23-20516 |
| ☐  Bird US Opco, LLC | Case No. 23-20517 |
| ☐  Skinny Labs, Inc. | Case No. 23-20518 |

12618559-2

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

| | |
| --- | --- |
| 1. **Who is the current creditor?** | _____<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. **Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes.  From whom? _____ |

3. **Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| _____<br>Name | _____<br>Name |
| _____<br>Number     Street | _____<br>Number     Street |
| _____<br>City          State       Zip Code | _____<br>City          State       Zip Code |
| Contact phone  _____ | Contact phone  _____ |
| Contact email  _____ | Contact email  _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| | |
| --- | --- |
| 4. **Does this claim amend one already filed?** | ☐ No<br>☐ Yes.  Claim number on court claims registry (if known)_____    Filed on _____<br>                                                                                                          MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☐ Yes.  Who made the earlier filing? _____ |

12618559-2

**Give Information About the Claim as of the Date the Case Was Filed**

**Part 2:**

6. **Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

7. **How much is the claim?**    $_____

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

9. **Is all or part of the claim secured?**

☐ No

☐ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:**  $_____    (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

10. **Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

11. **Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

12618559-2

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | | |
|---|---|---|---|
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No | |
| | | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | |
| | | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____
First name          Middle name          Last name

Title _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____

_____

Contact phone _____    Email _____

**Mail Claim Form to:**

**If by First Class Mail**:  Bird Global, Inc., *et al.,* Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4419, Beaverton, OR 97076; **If by Hand Delivery or Overnight Mail:**  Bird Global, Inc., *et al.,* Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005, **or file your claim electronically via the following case website:** https://dm.epiq11.com/Bird.

**<u>EXHIBIT C</u>**

**(Bar Date Notice)**

12618227-1

**INFORMATION to identify the case:**

United States Bankruptcy Court, Southern District of Florida          Date cases filed for chapter 11:  December 20, 2023

## Official Form 309F1 (For Corporations or Partnerships)
## Notice of Chapter 11 Bankruptcy Case

| Name of Debtor | Other Names Used by the Debtors (if any) | EIN | Case No. |
|---|---|---|---|
| Bird Global, Inc. | | 86-3723155 | Case No. 23-20514 |
| Bird Rides, Inc. | | 82-1399939 | Case No. 23-20515 |
| Bird US Holdco, LLC | | 86-2938390 | Case No. 23-20516 |
| Bird US Opco, LLC | | 86-2906873 | Case No. 23-20517 |
| Skinny Labs, Inc. | d/b/a Spin | 81-1468176 | Case No. 23-20518 |

For the debtors listed above, a case has been filed under chapter 11 of the Bankruptcy Code.  This notice has important information about the case for creditors, debtors, including information about the meeting of creditors and deadlines.  Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors can demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See box 8 below for more information.)

To protect your rights, consult an attorney. The bankruptcy clerk's office staff cannot give legal advice. Do not file this notice with any proof of claim or other filing in the case.

WARNING TO DEBTOR: WITHOUT FURTHER NOTICE OR HEARING THE COURT MAY DISMISS YOUR CASE FOR FAILURE OF THE DEBTOR TO APPEAR AT THE MEETING OF CREDITORS OR FAILURE TO TIMELY FILE REQUIRED SCHEDULES, STATEMENTS OR LISTS.

| | | |
|---|---|---|
| 1. Debtors' Full Names: | **Bird Global, Inc., _et al._ ** <br> ** (See above for full names of all Debtors)** | |
| 2. All Other Names Used in the Last 8 Years: | | |
| 3. Address | **392 NE 191st Street, #20388** <br> **Miami, FL 33179** | |
| 4. Debtors' attorney <br> Name and address | Paul Steven Singerman, Esq. <br> Berger Singerman LLP <br> 1450 Brickell Ave., #1900 <br> Miami, FL 33131 | Contact phone: (305) 755-9500 |
| 5. Bankruptcy Clerk's Divisional Office Where Assigned Judge is Chambered | C. Clyde Atkins U.S. Courthouse <br> 301 North Miami Avenue <br> Miami, FL 33128 | Hours open 8:30 a.m. – 4:00 p.m. <br> Contact Phone: (305) 714-1800 |

12641822-2

Documents filed conventionally in paper may be filed at any bankruptcy clerk's office location. Documents may be viewed in electronic format via CM/ECF at any clerk's office public terminal (at no charge for viewing) or via PACER on the internet accessible at pacer.uscourts.gov (charges will apply). Case filing and unexpired deadline dates can be obtained by calling the Voice Case Information System toll–free at (866) 222–8029. As mandated by the Department of Homeland Security, ALL visitors (except minors accompanied by an adult) to any federal building or courthouse, must present a current, valid, government-issued photo identification (e.g. driver's license, state identification card, passport, or immigration card.)

Clerk of Court: **Joseph Falzone**

Dated: _____, 2023

| 6. *MEETING OF CREDITORS* The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend but are not required to do so. | --------------, 2024 at ---- -.M. <br><br> The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **\*MEETING WILL BE HELD BY TELEPHONE\*** <br><br> **Trustee: Office of the US Trustee** Call-in number: **1-866-915-4419** Participant Code: **6071331** |
|---|---|---|

7.  **Proof of Claim Deadline**

**When Filing Proofs of Claim:** Claims may be delivered or mailed to:

**By First Class Mail:**
**Bird Global, Inc.,** *et al.*
**Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**P.O. Box 4419**
**Beaverton, OR 97076-4419**

**By Hand Delivery or Overnight Mail:**
**Bird Global, Inc.,** *et al.*
**Claims Processing Center**
**c/o Epiq Corporate Retructuring, LLC**
**10300 SW Allen Blvd.**
**Beaverton, OR 970005**

**Proofs of Claim may also be filed electronically via the case website:**

https://dm.epiq11.com/Bird

|  |  |
|---|---|
| Deadline for all creditors to file a proof of claim (except governmental units): | Filing deadline: __/__/2024 |
| Deadline for governmental units to file a proof of claim: | Filing deadline: __/__/2024 |

**Deadlines for Filing Proof of Claim:**

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.flsb.uscourts.gov, any bankruptcy clerk's office or on the case website at https://dm.epiq11.com/Bird

Your claim will be allowed in the amount scheduled unless:
- your claim is designated as *disputed, contingent,* or *unliquidated*;
- you file a proof of claim in a different amount; or
- you receive another notice.

If your claim is not scheduled or if your claim is designated as *disputed, contingent,* or *unliquidated,* you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled. You may review the schedules at the bankruptcy clerk's office or online at pacer.uscourts.gov or at the case website of https://dm.epiq11.com/Bird

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. The deadline for filing objections to claims will be established pursuant to Local Rule 3007–1(B)(1).

**Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing proofs of claim in this notice apply to all creditors. If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline to file a proof of claim. See also box 9 below.

| 8.  **Exception to Discharge Deadline** The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. Writing a letter to the court or judge is not sufficient. | If § 523 applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below. <br><br> Deadline for Filing the Complaint:          __/__/2024 |
|---|---|
| 9.  **Creditors with a Foreign Address** | Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |

12641822-2

| 10. Filing a Chapter 11 Bankruptcy Case | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
|---|---|
| 11. Option to Receive Notices Served by the Clerk by Email instead of by U.S. Mail | 1) EBN program open to all parties. Register at the BNC website bankruptcynotices.uscourts.gov, OR 2) DeBN program open to debtors only. Register by filing with the Clerk of Court, Local Form "Debtor's Request to Receive Electronically Under DeBN Program". There is no charge for either option. See also Local Rule 9036−1(B) and (C). |
| 12. Translating Services | Language interpretation of the meeting of creditors will be provided to the debtor at no cost, upon request to the trustee, through a telephone interpreter service. Persons with communications disabilities should contact the U.S. Trustee's office to arrange for translating services at the meeting of creditors. |
| 13. Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. §1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523 applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline in box 8. |

## EXHIBIT D

**(Publication Notice)**

**[TO BE DETERMINED]**