UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>BIRD GLOBAL, INC., *et al.*,[1]<br><br>  Debtors. | Chapter 11 Cases<br><br>Case No. 23-_____<br><br>(Joint Administration Pending) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE
DEBTORS TO FILE (A) A CONSOLIDATED CREDITOR MATRIX AND (B)
A CONSOLIDATED LIST OF THE TOP THIRTY UNSECURED CREDITORS;
AND (II) AUTHORIZING THE DEBTORS TO REDACT CERTAIN
PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUAL
CREDITORS AND PARTIES IN INTEREST**
**(Expedited Hearing Requested)**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their proposed undersigned counsel, file this motion for entry of an order substantially in the form attached hereto as **Exhibit "A"**, (a) authorizing, but not requiring, the Debtors to (i) file and maintain a consolidated creditor list and mailing matrix (the "Consolidated Creditor Matrix"), in lieu of a separate creditor list and mailing matrix for each Debtor, (ii) a consolidated list of the Debtors' top thirty (30) unsecured creditors (the "Consolidated Top 30 List"), in lieu of filing a separate list of the top twenty (20) unsecured creditors for each Debtor; and (iii) redact certain personal identifiable information for the Debtors' individual creditors and parties in interest. In support of this Motion, the Debtors rely upon the *Declaration of Christopher Rankin in Support of Chapter 11 Petitions and First Day Pleadings*

---

[1] The address of the Debtors is 392 Northeast 191st Street, #20388, Miami, FL 33179.  The last four digits of the Debtors' federal tax identification numbers are: (i) Bird Global, Inc. (3155); (ii) Bird Rides, Inc. (9939); (iii) Bird US Holdco, LLC (8390); (iv) Bird US Opco, LLC (6873); and (v) Skinny Labs, Inc. (8176).

12614521-2

(the "First Day Declaration") filed on the Petition Date (as defined herein), and respectfully request as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409

3. The statutory predicates for the relief requested herein are sections 105(a), 107(c), 342(a), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and Bankruptcy Rules 1007 and 2002.

## Background

4. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code (the "Chapter 11 Cases").

5. The Debtors are operating their business and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. For a detailed description of the Debtors and their operations, the Debtors respectfully refer the Court and parties in interest to the First Day Declaration.

## Relief Requested

7. By this Motion, the Debtors request entry of an Order authorizing, but not directing, the Debtors to (i) file and maintain a Consolidated Creditor Matrix in lieu of a separate creditor list and mailing matrix for each Debtor, (ii) file a Consolidated Top 30 List of the Debtors' top thirty (30) unsecured creditors, in lieu of filing a separate list of the top twenty (20) unsecured creditors for each Debtor; and (iii) redact certain personal identifiable information for the Debtors' individual creditors and parties in interest.

## Basis for Relief and Applicable Authority

A.     **Cause Exists to Authorize the Debtors to Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix.**

8.     Section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), Local Rule 1007-2(a) and the *Clerk's Instructions for Preparing, Submitting and Obtaining Service Matrices* require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor at the time the petition is filed. In addition, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the names, addresses, and claims of the creditors holding the twenty largest unsecured claims against the debtor.

9.     In these cases, authorizing the Debtors to file a Consolidated Creditor Matrix, in lieu of a separate creditor list and mailing matrix for each Debtor is warranted. The Debtors operate as an integrated business and share cash management and operational systems. Because the Debtors have thousands of creditors and other parties-in-interest, converting the Debtors' computerized information to a format compatible with the matrix requirements would be an unnecessarily burdensome and time consuming task and would greatly increase the risk of error with respect to information already on computer systems maintained by the Debtors and their agents. Moreover, with respect to the top unsecured creditor lists, the Debtors submit that filing separate top 20 unsecured creditor lists for each Debtor—instead of one consolidated list of the Debtors' top 30 unsecured creditors—would be of limited utility and potentially duplicative to an extent, especially in comparison to the time it would take and expense incurred to compile separate lists when the Debtors' management team is trying to facilitate a smooth transition into chapter 11.

10.     Instead, the Debtors, in consultation with Epiq Corporate Restructuring, LLC ("Epiq"), their proposed claims, noticing and solicitation agent, have prepared a single,

consolidated list of the Debtors' creditors in electronic format. The Debtors are prepared to make the Creditor Matrix available in electronic form to any party-in-interest who requests (or in non-electronic form at such requesting party's sole cost and expense) in lieu of submitting a mailing matrix to the clerk of the Bankruptcy Court.

11. Courts in various jurisdictions have approved relief similar to the relief requested herein with respect to preparation of a consolidated, electronic list of a debtor's creditors. *See, e.g., In re AeroTech Miami Inc. d/b/a iAero Tech, et al.,* Case No. 23-17503 (RAM) (Bankr. S.D. Fla. Sept. 22, 2023); *In re Delphi Behavioral Health Group, LLC, et al.,* Case No. 23-10945 (PDR) (Bankr. S.D. Fla. Feb. 10, 2023); *In re Vital Pharmaceuticals, Inc., et al.,* Case No. 22-17842 (PDR) (Bankr. S.D. Fla. Oct. 14, 2022); *In re TPC Group Inc., et al.,* Case No. 22-10493 (CTG) (Bankr. D. Del. June 30, 2022); *In re First Guaranty Mortgage Corporation, et al.,* Case No. 22-10584 (CTG) (Bankr. D. Del. June 1, 2022); *In re Frontier Commc'ns. Corp.,* Case No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020)*; In re Pareteum Corp.,* Case No. 22-10615 (LGB) (Bankr. S.D.N.Y. May 18, 2022); *In re Creative Hairdressers, Inc., et al.,* Case No. 20-14583-TJC (Bankr. D. Maryland April 27, 2020); *In re Speedcast International Limited, et al.,* Case No. 20-32243 (MI) (Bankr. S.D. Tex. April 23, 2020); *In re MD Helicopters, Inc., et al.,* Case No. 22-10263 (KBO) (Bankr. D. Del. April 20, 2022); *In re Deluxe Entm't Servs. Grp., Inc.,* Case No. 19-23774 (RDD) (Bankr. S.D.N.Y. Oct. 9, 2019); *In re Patriot National, Inc., et al.,* Case No. 18-10189 (KG) (Bankr. D. Del. Feb. 1, 2018).

**B.     Cause Exists to Authorize the Debtors to File a Single Consolidated List of the Debtors' 30 Largest Unsecured Creditors.**

12. Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address, and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Because certain of the Debtors share creditors and the Debtors operate as a single

business enterprise, the Debtors request authority to file a single, Consolidated Top 30 List of their 30 largest general unsecured creditors, in lieu of a separate list of the top 20 unsecured creditors of each Debtor.

13. Compiling separate top 20 creditor lists for each individual Debtor would be of limited utility and potentially duplicative to an extent, especially in comparison to the time and expense it would cost to compile separate lists when the Debtors' management team is trying to facilitate a smooth transition into chapter 11. Further, the Debtors believe a single, consolidated list of the Debtors' 30 largest unsecured, non-insider creditors will aid the United States Trustee for Region 21 (the "U.S. Trustee") in its efforts to communicate with these creditors. Filing a single consolidated list of the 30 largest unsecured creditors in these Chapter 11 Cases is, therefore, appropriate.

14. Courts in various jurisdictions have approved relief similar to the relief requested herein with respect to filing a single consolidated list of the largest unsecured creditors of a debtor and its debtor affiliates. *See, e.g., In re AeroTech Miami Inc. d/b/a iAero Tech, et al.*, Case No. 23-17503 (RAM) (Bankr. S.D. Fla. Sept. 22, 2023); *In re Delphi Behavioral Health Group, LLC, et al.*, Case No. 23-10945 (PDR) (Bankr. S.D. Fla. Feb. 10, 2023); *In re Vital Pharmaceuticals, Inc., et al.*, Case No. 22-17842 (PDR) (Bankr. S.D. Fla. Oct. 14, 2022); *In re TPC Group Inc., et al.*, Case No. 22-10493 (CTG) (Bankr. D. Del. June 30, 2022); *In re First Guaranty Mortgage Corporation, et al.*, Case No. 22-10584 (CTG) (Bankr. D. Del. June 1, 2022); *In re Frontier Commc'ns. Corp.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020); *In re Pareteum Corp.*, Case No. 22-10615 (LGB) (Bankr. S.D.N.Y. May 18, 2022); *In re Creative Hairdressers, Inc., et al.*, Case No. 20-14583-TJC (Bankr. D. Maryland April 27, 2020); *In re Speedcast International Limited, et al.*, Case No. 20-32243 (MI) (Bankr. S.D. Tex. April 23, 2020); *In re MD Helicopters,*

*Inc., et al.,* Case No. 22-10263 (KBO) (Bankr. D. Del. April 20, 2022); *In re Deluxe Entm't. Servs., Inc.*, No. 19-23774 (RDD) (Bankr. S.D. N.Y. Oct. 9, 2019); *In re Patriot National, Inc., et al.*, Case No. 18-10189 (KG) (Bankr. D. Del. Feb. 1, 2018).

C.  **Requirement to File a List of, and to Provide Notice Directly to, Equity Security Holders Should be Modified.**

15. Bankruptcy Rule 1007(a)(3) provides that, "unless the court orders otherwise, the debtor shall file within 14 days after entry of the order for relief a list of the debtor's equity security holders," including last known addresses of each holder. Fed. R. Bank. P. 1007(a)(3). Bankruptcy Rule 2002(d) further provides that, "unless otherwise ordered by the court," notice of the order for relief shall be given to all equity security holders. Fed. R. Bankr. P. 2002(d); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").

16. The Debtors submit that modification of the requirement to file a list of equity security holders and provide notice of the order for relief and commencement of the Chapter 11 Cases to all such holders is appropriate. The Debtors propose to file a list of those equity security holders directly registered with the transfer agent for the Debtors' common equity, as well as publish the notice of commencement on the Debtors' case website located at https://dm.epiq11.com/Bird. As an initial matter, Debtors are unable to ascertain addresses of the beneficial equity holders. Further, to the extent that the Debtors were even able to ascertain such information, the list would ultimately serve little or no beneficial purpose, as the equity markets will also have prompt notice of the Chapter 11 Cases through public news outlets and Bird Global's filing of a Form 8-K statement with the United States Securities and Exchange Commission (the "**SEC**"). The Debtors further submit that no equity holder will be adversely impacted by the relief sought herein because, among other things, if it becomes necessary for such equity security holders

6

to file proofs of interest, the Debtors will provide them with particularized notice of the deadline and an opportunity to assert such interests. Thus, equity security holders will not be prejudiced, and a modification of the requirement that Bird Global file a list of equity security holders is appropriate. The Debtors submit that these efforts provide adequate notice to the equity security holders.

D.  **Cause Exists to Authorize the Debtors to Redact Certain Personal Identifiable Information for the Debtors' Individual Creditors and Parties in Interest.**

17. Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:]….[a]ny means of identification…contained in a paper filed, or to be filed in a case under" the Bankruptcy Code.  11 U.S.C. § 107(c)(1)(A).

18. In addition, privacy protection regulations are being enacted in key jurisdictions. For instance, in 2018, the state of California enacted the California Consumer Privacy Act of 2018 (the "**CCPA**"), which provides individuals domiciled in California the right to request their collected personal information be deleted by entities subject to the regulation.[2] Violators risk injunctions and civil penalties of up to $2,500 for *each* violation and up to $7,500 for *each intentional* violation. Cal. Civ. Code § 1798.155. The CCPA applies to all for-profit entities doing business in California that collect and process consumers' personal data and satisfy one of the following criteria:  (a) annual gross revenue in excess of $25 million; (b) buys, shares, receives, or

---

[2] In *Pier 1*, Judge Huennekens was aware that publishing certain unredacted documents on the docket could implicate serious CCPA issues: "the State of California has adopted very extensive privacy provisions that would cover something like this. And do we need -- I mean, and this does -- this company does business in California. I mean, they're going to be concerns there, are there not?" Hr'g Tr. 43:2–6, *In re Pier 1 Imports, Inc.*, No. 20-30805 (KRH) (Bankr. E.D. Va. Mar. 13, 2020) [Docket No. 359].

7

sells the personal information of more than 50,000 consumers, households, or devices for commercial purposes; or (c) receives 50% or more of their annual revenues from selling consumers' personal information.[3] Cal. Civ. Code § 1798.140(c)(1). In addition, the European General Data Protection Regulation (the "**GDPR**"), which applies to all European Union member countries and protects all European Union member countries' citizens, imposes significant constraints on the disclosure of "personally identifiable information" (which includes home addresses of individuals). Violators of the GDPR risk severe penalties. If an organization is found to have disclosed information in breach of the GDPR, the organization may be fined up to the higher of €20,000,000 or 4% of worldwide annual turnover of the preceding financial year. *See* General Data Protection Regulation (EU) 2016/679, art. 83(5). The GDPR may apply to the Debtors as certain of the Debtors' creditors, including employees, contract workers, debtholders, and equity holders who are located in member countries of the European Union and may therefore be European Union citizens protected by the personally identifiable information disclosure regulations.

19.  The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in the Chapter 11 Cases the email addresses and home addresses of the Debtors' individual creditors (including employees) and equity security holders because disclosure risks violating the CCPA and GDPR, exposing the Debtors to potential civil liability and significant financial penalties. In addition, disclosing such information could be used by third parties, among other things, to perpetrate identify theft or locate survivors of domestic violence or stalking who have otherwise taken steps to conceal their whereabouts. This

---

[3] The Debtors have a significant number of customers and substantial business activities in California, which is where certain of their operations are primarily located. The Debtors had annual gross revenue of approximately $191 million in 2021.

risk is not merely speculative. In at least one chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which had not been publicly available until then, forcing the employee to change addresses again for her safety. The Debtors propose to provide an unredacted version of the Consolidated Creditor Matrix and any other applicable filings to the Court, the U.S. Trustee, counsel to any official committee of unsecured creditors appointed in these Chapter 11 Cases (if any), and other parties in interest upon reasonable request.

20. Courts in various jurisdictions have approved relief similar to the relief requested herein with respect to redacting certain personally identifiable information for individual creditors and parties in interest. *See, e.g.*, *In re Forever 21, Inc.*, Case No. 19-12122 (KB) (Bankr. D. Del. Dec. 19, 2019) (authorizing the debtors to redact the home addresses of the debtors' employees); *In re AeroTech Miami Inc. d/b/a iAero Tech, et al.*, Case No. 23-17503 (RAM) (Bankr. S.D. Fla. Sept. 22, 2023); *In re Delphi Behavioral Health Group, LLC, et al.*, Case No. 23-10945 (PDR) (Bankr. S.D. Fla. Feb. 10, 2023); *In re Anna Holdings, Inc.*, Case No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019); (authorizing the debtors to redact personally identifiable information of all individual creditors and interest holders); *In re Loot Crate, Inc.*, No. 19-11791 (BLS) (Bankr. D. Del. Oct. 1, 2019) (authorizing the debtors to file lists of customer creditors under seal); *In re THG Holdings, LLC*, No. 19-11689 (JTD) (Bankr. D. Del. Aug. 22, 2019) (authorizing the debtors to redact personal identification information of the debtors' employees); *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. Jul. 12, 2019) (authorizing the debtors to redact personally identifiable information of their employees and former employees on the creditor matrix).

12614521-2

E.     **Certain Notice Requirements Should be Altered.**

21.    The resources of a debtor in possession's estate are always limited, and a bankruptcy court should use discretion in deciding how those limited assets should be allocated among various creditor constituencies, including how much to spend on providing notice to creditors. *See In re US Airways, Inc.*, 2005 Bankr. LEXIS 2696, 19-20 (Bankr. E.D. Va. Nov. 21, 2005) (citing *Vancouver Women's Health Collective Soc. v. A.H. Robins Co. (In re A.H. Robins)*, 820 F.2d 1359, 1364 (4th Cir. 1987)).

> In Bankruptcy, the court has an obligation not only to the potential claimants, but also to existing claimants and the petitioner's stockholders. The Court must balance the needs of notification of potential claimants with the interests of existing creditors and claimants. A bankrupt estate's resources are always limited and the bankruptcy court must use discretion in balancing these interests when deciding how much to spend on notification.

*Id.*

22.    A debtor need only do what is reasonable under the circumstances to provide notice to ascertainable creditors. *See White v. New Century TRS Holdings, (In re New Century TRS Holdings, Inc.)*, 450 B.R. 504, 513 (Bankr. D. Del. 2011). "What is reasonable must be determined by considering the totality of the circumstances in each case in light of certain factors, including . . . whether the cost of giving actual notice would consume a disproportionate share of the debtor's resources . . . ." *Id.* at 513 n. 12.

23.    As described in more detail in the First Day Declaration, the Debtors' businesses are primarily comprised of a core vehicle-sharing business ("Sharing"). Customers of the Sharing business transact and access the Debtors' scooters through the Debtors' app (the "Bird App") and the Debtors track millions of rides globally, with a significant majority of those rides attributable to North America and the Debtors.

24.    The Debtors do not require users of the Bird App to provide their home address

10

12614521-2

information and, as a result, the Debtors do not currently have a database of home addresses for the Sharing customers. The Debtors believe that the time and administrative costs associated with acquiring such information would be extremely burdensome, if even possible, particularly now when the Debtors and their management are focused on ensuring a smooth transition into chapter 11 and maximizing value. Moreover, given the number of Sharing customers, the Debtors anticipate that the cost of mailing such parties via first class U.S. mail during the Chapter 11 Cases would be significant.

25. Instead, the Debtors propose to provide notice to such parties via email and push notifications on the Bird App. On information and belief, this approach of modifying noticing requirements to exclude physical noticing to a large customer base has been previously utilized in bankruptcies involving similarly situated companies. *See e.g., In re Affiliated Media, Inc.*, Case No. 10-10202 (KJC) (Bankr. D. Del. Jan. 22, 2010) (stating in *Declaration of Ronald A. Mayo, Vice President and Chief Financial Officer of Affiliated Media, Inc., in Support of First Day Relief Filed by Affiliated Media, Inc.* [Docket No. 3], filed Jan. 22, 2010, that the Company had a daily and Sunday paid circulation of approximately 2.3 million and 2.4 million, respectively, but only listing 651 creditors in the *List of Creditors Filed by Affiliated Media, Inc.* [Docket No. 2], filed Jan. 22, 2010); *In re Commerce Connect Media Holdings, Inc.,* Case No. 09-12765 (BLS) (Bankr. D. Del. Aug. 3, 2009) (stating in *Motion to Continue Customer Programs Filed by CommerceConnect Media Holdings, Inc.* [Docket No. 5], filed Aug. 3, 2009, that the Company had sold approximately 1,372,000 subscriptions that were paid for but not yet delivered to customers and received approximately 63,300 prepayment deposits for trade shows from approximately 62,000 customers, but only listing 7,495 creditors in the *List of Creditors Matrix Filed by CommerceConnect Media Holdings, Inc.* [Docket No. 17], filed Aug. 3, 2009); *In re*

11

12614521-2

*Chicago Newspaper Liquidation Corp.*, Case No. 09-11092 (CSS) (Bankr. D. Del. Mar. 31, 2009) (stating in *the Declaration of James D. McDonough in Support of First Day Motions Filed by Sun-Times Media Group, Inc.* [Docket No. 4], filed Mar. 31, 2009, that the company had an average audit circulation of 536,202 copies on weekdays, 398,996 copies on Saturdays, and 491,217 copies on Sundays, but only listing approximately 25,000 entries in the *List of Creditors Filed by Sun-Times Media Group, Inc.* [Docket No. 16], filed Mar. 31, 2009); *In re Tribune Company,* Case No. 08-13141 (KJC) (Bankr. D. Del. Dec. 8, 2008) (stating in the *Affidavit of Chandler Bigelow, III, Senior Vice President and Chief Financial Officer of Tribune Company in Support of First Day Motions* [Docket No. 3], filed Dec. 8, 2008, that the company had a paid circulation of 2.2 million copies daily and 3.3 million copies on Sundays, but only listing approximately 71,600 entries in the *List of Creditors Filed by Tribune Company* [Docket No. 17], filed Dec. 8, 2008).

26. Pursuant to Section 105(a) of the Bankruptcy Code, the Court "may issue and order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. 105(a). Bankruptcy Rule 2002(m) provides that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent . . ." Fed. R. Bankr. P. 2002(m). Bankruptcy Rule 9007 states that "[w]hen notice is to be given under these rules, the court shall designate, if not otherwise specified herein, . . . the entities to whom, and the form and manner in which the notice shall be given." Fed. R. Bankr. P. 9007. Together, Bankruptcy Rules 2002(m), 9007, and section 105(a) of the Bankruptcy Code provide the Court with the authority to modify how notice is given. *See also In re Duncraggen Realty Corp.*, 2007 Bankr. LEXIS 3003 (Bankr. S.D.N.Y. Aug. 29, 2007) (recognizing the Court's authority to regulate notices pursuant to Bankruptcy Rule 9007).

12614521-2

27. The Debtors respectfully submit that, in light of the extremely high cost of locating and completing mailings on the Sharing customers, the Debtors should not be required to notice such parties via physical mail. The Debtors respectfully submit that notice by email and push notification via the Bird App constitutes good and sufficient notice for the purposes of Bankruptcy Rule 2002 under the circumstances of the Chapter 11 Cases.

## Reservation of Rights

28. Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as: (a) an implication or admission as to the validity of any particular claim against any Debtor or the existence of any lien (contractual, common law, statutory, or otherwise); (b) a waiver of the Debtors' or any other party-in-interest's rights to dispute any particular claim or lien (contractual, common law, statutory, or otherwise) on any grounds (and all rights to dispute any such claim or lien and to contest the extent, validity, or perfection or seek avoidance of any such lien are expressly reserved); (c) a waiver of any claim or cause of action that may exist against any creditor or interest holder; (d) a promise or requirement to pay any particular claim; (e) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (f) an approval, assumption, adoption, or rejection of, or request or authorization to approve, assume, adopt, or reject, any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, or (g) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law. If this Court grants the relief sought herein, any payment made pursuant to this Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

12614521-2

**WHEREFORE**, the Debtors respectfully request that this Court enter an Order in the form attached hereto as **Exhibit "A"** (i) granting this Motion; (ii) authorizing, but not requiring, the Debtors to file and maintain a consolidated Creditor Matrix, in lieu of a separate creditor list and mailing matrix for each Debtor; (iii) authorizing, but not requiring, the Debtors to file a consolidated list of the Debtors' top thirty (30) unsecured creditors, in lieu of filing a separate list of the top twenty (20) unsecured creditors for each Debtor; (iv) authorizing, but not requiring, the Debtors to redact certain personal identifiable information for the Debtors' individual creditors and parties in interest; and (v) granting such other and further relief as the Court deems just and proper.

Dated: December 19, 2023

Respectfully submitted,

BERGER SINGERMAN LLP
*Proposed Counsel for the Debtors and Debtors-in-Possession*
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By:   */s/ Paul Steven Singerman*
      Paul Steven Singerman
      Florida Bar No. 378860
      singerman@bergersingerman.com
      Jordi Guso
      Florida Bar No. 863580
      jguso@bergersingerman.com
      Clay B. Roberts
      Florida Bar No. 116058
      croberts@bergersingerman.com

12614521-2

# EXHIBIT "A"

**(Proposed Order)**

12614521-2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>BIRD GLOBAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11 Cases<br><br>Case No. 23-_____<br><br>(Joint Administration Pending) |

**ORDER GRANTING DEBTORS' *EX PARTE* MOTION FOR AUTHORIZATION TO FILE CONSOLIDATED CHAPTER 11 CASE MANAGEMENT SUMMARY**

**THIS MATTER** having come before the Court upon the *Debtors' Ex Parte Motion for Authorization to File Consolidated Chapter 11 Case Management Summary* [ECF No. __] (the "Motion") filed by the above-captioned debtors-in-possession (collectively, the "Debtors"), seeking entry of an order authorizing the Debtors to file a consolidated Case Management Summary.[2] The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C.

---

[1] The address of the Debtors is 392 Northeast 191st Street, #20388, Miami, FL 33179. The last four digits of the Debtors' federal tax identification numbers are: (i) Bird Global, Inc. (3155); (ii) Bird Rides, Inc. (9939); (iii) Bird US Holdco, LLC (8390); (iv) Bird US Opco, LLC (6873); and (v) Skinny Labs, Inc. (8176).

[2] All Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

12641894-1

§ 157(b)(2)(A); (iii) it may enter a final order consistent with Article III of the United States Constitution; (iv) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (v) notice of the Motion was appropriate under the circumstances and no other notice need be provided; (vi) the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and (vii) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration, all of which are incorporated herein, the Court determines that good and sufficient cause exists to grant the relief requested in the Motion. Accordingly, it is

  **ORDERED** that:

  1. The Motion is **GRANTED**.

  2. The Debtors are authorized to file a consolidated Case Management Summary, subject to the rights of the United States Trustee to request that each Debtor prepare and file a separate Case Management Summary should the United States Trustee deem such necessary.

  3. The Debtors are authorized and empowered to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

  4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order

# # #

<u>Submitted by</u>:
Paul Steven Singerman, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email: singerman@bergersingerman.com

*(Attorney Singerman is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*