UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| BIRD GLOBAL, INC., *et al.*,[1] | Case No. 23-20514-LMI |
| Debtors. | (Jointly Administered) |

**DEBTORS' EMERGENCY MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS
TO (A) PAY WORKFORCE OBLIGATIONS AND (B) MAINTAIN EMPLOYEE
BENEFIT PROGRAMS, (II) AUTHORIZING THE DEBTORS'
BANKS AND OTHER FINANCIAL INSTITUTIONS TO HONOR PREPETITION
TRANSFERS, AND (III) GRANTING RELATED RELIEF**
(Emergency Hearing Requested)

**Statement of Exigent Circumstances**

The Debtors respectfully request that the Court set this Motion for hearing on December 22, 2023, at 9:30 a.m. on an emergency basis (with other matters in these cases that have been set at that time). Of critical importance to the Debtors is continued payment of employee wages and other employee benefits, as well as pre-petition amounts owed to certain independent contractors. The employees and independent contractors will enable the Debtors to operate during the pendency of these chapter 11 cases. The Debtors respectfully request that the Court waive the provisions of Local Rule 9075-1(B), which requires an affirmative statement that a bona fide effort was made in order to resolve the issues raised in this Motion, as the relief requested herein is urgent in nature and does not lend itself to advance resolution.

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by

and through their proposed undersigned counsel, file this emergency motion, pursuant to 11 U.S.C.

§§ 105(a), 363(b) and 507(a)(4)-(5), Rule 6003 of the Federal Rules of Bankruptcy Procedure and

Local Rule 9013-1(F) and (I), seeking entry of an order: (a) authorizing, but not directing, the

---

[1]  The address of the Debtors is 392 Northeast 191st Street, #20388, Miami, FL 33179.  The last four digits of the Debtors' federal tax identification numbers are: (i) Bird Global, Inc. (3155); (ii) Bird Rides, Inc. (9939); (iii) Bird US Holdco, LLC (8390); (iv) Bird US Opco, LLC (6873); and (v) Skinny Labs, Inc. (8176).

Debtors to pay, continue, or otherwise honor various prepetition labor-related obligations, including Compensation Obligations, Contingent Worker Obligations, Payroll Maintenance Fees, Payroll Obligations, Bonus Programs, Reimbursable Expenses, and Credit Card Obligations (each as defined below and, together with any associated administrative costs, the "Workforce Obligations"); (b) authorizing, but not directing, the Debtors to maintain various prepetition labor-related benefits, including the PTO Policies, Health Insurance Obligations, 401(k) Plan, Disability, Life and AD&D Insurance Programs, and Work/Life Benefits Programs (each as defined below, and as they may be modified, amended, or supplemented from time to time in the ordinary course, collectively, the "Benefits Programs") and to pay all amounts required under or related thereto (collectively, the "Benefits Obligations");[2] (c) authorizing the Debtors' banks and other financial institutions to receive, process, honor and pay certain checks presented for payment and to honor certain fund transfer requests related to the foregoing, and (d) granting related relief.

In support of this Motion, the Debtors rely upon the *Declaration of Christopher Rankin in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") filed on the Petition Date (as defined herein), and respectfully represent as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 105(a), 363(b), and 507(a)(4)-(5) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules

---

[2]    The Debtors have made a good faith effort to identify all workforce obligations, benefits programs, and benefits obligations.  By this Motion, the Debtors request authority to honor all obligations in respect thereof.

6003 and 6004 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9013(F) and (I).

## Background

4.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

5.      The Debtors are operating their business and managing their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      Contemporaneously with the filing of this Motion, the Debtors have filed with the Court a motion requesting joint administration of the Chapter 11 Cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

7.      The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the circumstances leading to the commencement of the Chapter 11 Cases, is set forth in detail in the First Day Declaration[3] of Christopher Rankin filed contemporaneously herewith, and is incorporated herein by reference.

## Relief Requested

8.      The Debtors seek entry of an order pursuant to sections 105(a), 363(b), and 507(a)(4)-(5) of the Bankruptcy Code: (a) authorizing, but not directing, the Debtors to pay, continue, or otherwise honor the Workforce Obligations; (b) authorizing, but not directing, the Debtors to maintain the Benefits Programs and to pay all Benefits Obligations related thereto; (c) authorizing the Debtors' banks and other financial institutions to receive, process, honor and pay certain checks presented for payment and to honor certain fund transfer requests related to the foregoing, and (d) granting related relief.

---

[3]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the First Day Declaration.

9.      Pursuant to Local Rule 9013-1(I), a schedule containing: (a) the employee identification number of the employees (domestic, insiders and non-insiders) to whom prepetition wages are sought to be paid (collectively, the "Employees"),[4] (b) the estimated amount due such employees as of the Petition Date, (c) the estimated amounts to be withheld from such wages, including all applicable payroll taxes and related benefits, (d) the period of time for which prepetition wages are due, (e) whether the employee is presently employed by the Debtors, and (f) whether any of the Employees are insiders as defined in 11 U.S.C. § 101(31), is attached hereto as Exhibit "A". All applicable payroll taxes and related benefits, to the extent applicable, will be paid concurrently with the payment of the prepetition wages to Employees identified on Exhibit "A" when authority to pay such wages has been granted. For the reasons explained below, irreparable harm will result if the relief requested herein is not granted. *See* Local Rule 9013-1(I).

## **Workforce Obligations, Benefits Programs, and Benefits Obligations**

### A.      **Workforce Obligations**

10.      As of the Petition Date, the Debtors have approximately 426 employees (the "Employees") of which 350 are full-time employees and 76 are part-time employees. Approximately 130 Employees are employed by Bird Rides, Inc. and approximately 296 are employed by Skinny Labs, Inc.[5] Approximately 158 Employees are paid a salary and approximately 268 Employees are paid on an hourly basis. Because the Debtors are a remote-first

---

[4]    The names of the employees on the attached schedule have been redacted in order to prevent discord among the employees that could result from disclosure of their respective compensation. Upon request, the Debtors will provide to the United States Trustee an unredacted schedule of the employees.

[5]    Effective January 1, 2024, all employees who are employed by the Skinny Labs, Inc. will be transitioned to Bird Rides, Inc. as the employing entity of record. This transition was implemented as part of integration efforts following Bird's acquisition of Skinny Labs, Inc. to streamline redundancies and promote a more unified workplace for Bird and Spin employees.

12634239-8

company, the Employees are located throughout the United States, with a majority of the Employees located in California where the Debtors were previously headquartered.

11.    The Debtors also use the personal services of individuals who are not Employees but are employed directly by the Debtors as independent contractors, temporary workers, consultants, or other similar roles (collectively, the "Contingent Workers" and, together with the Employees, the "Workforce").  The Contingent Workers include, but are not limited to, financial support and administrative support staff that the Debtors employ on an as-needed basis and, depending on business needs, may vary in number from time to time.[6]  The Contingent Workers comprised approximately 6 individuals as of the Petition Date.

12.    The Workforce performs a wide variety of critical functions, including sales, marketing, design, engineering, research and development, quality control, supplier and distributor negotiations, information technology, vehicle maintenance and preservation, administrative, compliance, legal, finance, and management-related tasks.  The Workforce's skills and knowledge of the Debtors' infrastructure and operations are essential to the continued operations of the Debtors' businesses.  The Debtors' failure to honor the Workforce Obligations likely would result in attrition, leading to severe adverse impacts to the Debtors' operations at a critical time in the Chapter 11 Cases.  Moreover, the Debtors believe that the vast majority of their Workforce rely exclusively or primarily on the compensation they receive through the Workforce Obligations to pay daily living expenses and support their families.  The Workforce will face significant financial

---

[6]    As described in the *Debtors' Emergency Motion for an Order (I) Authorizing Debtors to Pay Prepetition Claims of Critical Vendors, (II) Confirming Administrative Expense Priority Status for Outstanding Prepetition Purchase Orders, and (III) Granting Related Relief* [ECF No. 15], the Debtors also rely on third-party logistics providers ("**Fleet Managers**") to manage most of the day-to-day tasks and responsibilities related to maintaining vehicles, including deploying, repairing, relocating, sanitizing, and charging designated vehicles.  By this Motion, the Debtors do not seek authority to pay any prepetition amounts owed to the Fleet Managers.

consequences if the Debtors are not permitted to continue to pay the Workforce Obligations in the ordinary course of business.

  a.  **<u>Compensation Obligations</u>**

13.  In the ordinary course of business, the Debtors pay Employee wages, salaries, and other compensation (collectively, the "<u>Compensation Obligations</u>").  Of the Debtors, Bird Rides, Inc. ("Bird") and Skinny Labs, Inc. ("Spin") have employees. Bird Employees are paid on a semi-monthly basis for salaried Employees and a bi-weekly basis (in arrears) for hourly Employees. Spin employees are paid on a bi-weekly basis for salaried Employees and a bi-weekly basis for hourly Employees in arrears. As such, the Debtors owe Employees accrued but unpaid Compensation Obligations as of the Petition Date.  Compensation Obligations also may be due as of the Petition Date for a variety of reasons, such as Employees' holding issued but uncashed paychecks.  In the 12-month period before the Petition Date, the Debtors spent an average of approximately $5.1 million per month on account of Compensation Obligations.

14.  As of the Petition Date, the Debtors estimate that they owe approximately $544,356 on account of Compensation Obligations earned by Employees before the Petition Date. The Debtors do not believe that any individual Employee is owed payment on account of Compensation Obligations in excess of the priority cap of $15,150 imposed by section 507(a)(4) of the Bankruptcy Code.

  b.  **<u>Contingent Worker Obligations</u>**

15.  The Debtors pay obligations owed to the Contingent Workers directly, or indirectly through staffing or employment agencies, subject to the terms of the Contingent Workers' individual contracts or arrangements with the Debtors (the "<u>Contingent Worker Obligations</u>"). The Debtors do not pay wages to, withhold taxes for, or provide benefits or paid time off to the

12634239-8

Contingent Workers.  In the 12-month period before the Petition Date, the Debtors were obligated to pay an average of approximately $40,000 per month on account of Contingent Worker Obligations, directly or indirectly, to Contingent Workers.

16.     The Debtors estimate that they owe approximately $15,500 in outstanding Contingent Worker Obligations to two (2) Contingent Workers as of the Petition Date.  Neither of these Contingent Workers is owed  in excess of the priority cap of $15,150 imposed by section 507(a)(4) of the Bankruptcy Code.

c.     **Payroll Maintenance Fees**

17.     To efficiently manage the processing and payment of the various obligations described herein, Bird presently engages Automatic Data Processing, Inc. and Spin presently engages Workday Inc and Automatic Data Processing to administer their payroll processing system and ensure proper tax and benefits withholdings (Automatic Data Processing and Workday Inc are collectively hereinafter referred to as the "Payroll Administrators").  The Debtors pay Automatic  Data Processing on a monthly basis and Workday on a quarterly basis, with annual fees for the Payroll Administrators totaling approximately $504,000 (the "Payroll Maintenance Fees").  As of the Petition Date, the Debtors estimate that they owe approximately $125,000 in Payroll Maintenance Fees to the Payroll Administrators.

d.     **Payroll Obligations**

18.     In the ordinary course of their businesses, the Debtors make deductions from Employees' paychecks for payments to third parties on behalf of Employees (collectively, the "Deductions").  Deductions are made for amounts related to local, state, and federal income taxes, Social Security and Medicare taxes, child support and other court-ordered garnishments, as well as for savings programs, insurance premiums, and other similar amounts related to the

7

Benefits Programs.  On average, the Debtors withhold approximately $372,000 in Deductions per month from Employees' wages and salaries.  As of the Petition Date, the Debtors estimate that they currently have withheld approximately $186,000 on account of Deductions.

19.    In addition, the Debtors are required to make payments from their own funds on account of Social Security and Medicare taxes and other state and federal taxes to the relevant taxing authorities (collectively, the "Employer Payroll Taxes" and, together with the Deductions, the "Payroll Obligations").  On average, the Debtors pay approximately $500,000 in Employer Payroll Taxes per month to taxing authorities.  As of the Petition Date, the Debtors estimate that they owe approximately $40,513 on account of Employer Payroll Taxes relating to the prepetition period.  Pursuant to this Motion, the Debtors seek authority to continue remitting and paying the Payroll Obligations (whether pre- or post-petition) to the appropriate authorities and entities in the ordinary course of business and to pay any administrative fees with respect to the Payroll Obligations.

e.    **Bonus Programs**

20.    Bird has historically maintained, in the ordinary course of business, various incentive and other bonus programs to motivate and reward Employees (collectively, the "Bonus Programs" and, all amounts required under or relating thereto, the "Bonus Obligations").  The Bonus Programs include the: (a) Bonus Award Program; and (b) Variable Pay Plan (each as defined below).[7]

21.    Pursuant to this Motion, except with respect to "insiders" as such term is defined in section 101(31) of the Bankruptcy Code, the Debtors seek authority to maintain the Bonus

---

[7]    The Debtors reserve the right to modify or amend the Bonus Programs or to implement new incentive programs in the future in the ordinary course of business.  To the extent any new incentive program would result in postpetition payments to insider employees, it will be pursuant to notice and hearing with the Court.

12634239-8

Programs in the ordinary course of business and honor all Bonus Obligations. As of the Petition Date, the Debtors estimate that there are no accrued and outstanding Bonus Obligations.

### i.  *Company Bonus Award Program*

22.  Bird Global Inc. maintains an incentive plan (the "<u>Bonus Award Program</u>") for its full and part-time Employees in recognition of their efforts to help the company accomplish its performance goals. The plan is designed to incentivize such Employees by awarding annual bonuses based on the achievement of certain performance metrics by Bird and the individual employee. Employees are only awarded bonuses if the performance metrics are satisfied. As of the Petition Date, the Debtors estimate that no Employees will accrue bonuses under the Bonus Award Program in 2023. However, to the extent any bonus award becomes earned and payable, the bonus award would be due within 45 days after Bird Global Inc.'s Board of Directors approves the Form 10-K to be announced in Bird Global Inc.'s Current Report on Form 8-K for its 2023 Fiscal Year Earnings Release. None of the eligible Employees are "insiders" as such term is defined in section 101(31) of the Bankruptcy Code.

### ii.  *Variable Pay Plans*

23.  Bird maintains a sales incentive plan (the "<u>Sales Incentive Plan</u>") pursuant to which eligible Employees earn commissions based on their individual performance and the performance of their department and region. The plan is designed to incentivize such Employees by awarding semi-annual variable pay awards based on the achievement of certain performance metrics by Bird and the individual employee. Employees are only awarded variable pay if the performance metrics are satisfied. No bonuses were earned or paid out by the Debtors under this program for the first half of 2023. As of the Petition Date, the Debtors estimate that no Employees will accrue variable pay under the Sales Incentive Plan. However, to the extent any variable pay award becomes earned

and payable, the variable pay award would be due within 45 days after Bird Global Inc.'s Board of Directors approves the Form 10-K to be announced in Bird Global Inc.'s Current Report on Form 8-K for its 2023 Fiscal Year Earnings Release. None of the eligible Employees are "insiders" as such term is defined in section 101(31) of the Bankruptcy Code.

24.     Spin maintains a variable pay plan (the "Variable Pay Plan") pursuant to which eligible Employees earn a bonus based on their individual performance measured against city performance metrics. The plan is designed to incentivize such Employees by awarding quarterly variable pay awards based on the achievement of certain performance metrics by Spin and the individual employee.  Employees are only awarded variable pay if the performance metrics are satisfied.  As of the Petition Date, the Debtors estimate that approximately $13,000 will accrue under the Variable Pay Plan. However, to the extent any variable pay award becomes earned and payable, the variable pay award would be due within 45 days after Bird Global Inc.'s Board of Directors approves the Form 10-K to be announced in Bird Global Inc.'s Current Report on Form 8-K for its 2023 Fiscal Year Earnings Release. None of the eligible Employees are "insiders" as such term is defined in section 101(31) of the Bankruptcy Code.

iii.    ***Reimbursable Expenses***

25.     In the ordinary course of business, the Debtors reimburse their Employees for reasonable and customary expenses incurred in the scope of their employment (collectively, the "Reimbursable Expenses").  The Reimbursable Expenses include, among others, business travel expenses, meals, training, marketing, and professional development.  Eligibility for reimbursement depends on the position, department, and seniority of the Employee.     In the 12 month period before the Petition Date, the Debtors reimbursed, on average, approximately $75,000

12634239-8

in Reimbursable Expenses each month.  As of the Petition Date, the Debtors estimate that approximately $362,000 is outstanding on account of Reimbursable Expenses.

26.     By this Motion, the Debtors seek authority to satisfy all prepetition obligations related to the Reimbursable Expenses and the Corporate Credit Cards, as and when they arise, in the ordinary course.

B.  **Benefits Programs**

27.     In the ordinary course of business, the Debtors maintain the Benefits Programs for the benefit of the Employees.  While many Employees participate in the Benefits Programs, certain Employees may elect to opt-out of a particular program or programs.  Failure to maintain the Benefits Programs in the ordinary course would result in extreme hardship for the Employees and would have a highly negative impact on Employee morale and productivity.

28.     Accordingly, by this Motion, the Debtors request authority to maintain the Benefits Programs in the ordinary course of business and pay all Benefits Obligations, whether related to the period before or after the Petition Date.  As of the Petition Date, the Debtors estimate that the amount of accrued but unpaid Benefits Obligations, including administrative fees, is approximately $1,365,450.78.

a.  **PTO Policies**

29.     In the ordinary course of business, the Debtors maintain policies for providing Employees PTO (collectively, the "PTO Policies") in the form of paid vacation and paid holidays as well as certain other items such as sick leave and maternity leave.  Pursuant to the PTO Policies, hourly Employees earn vacation days based on length of service, and over the course of a calendar year.  Employees are entitled to cash payouts for their accrued and unused vacation PTO, except for salaried Employees, which are given flexible time off that does not accrue and is therefore not

paid out. As of the Petition Date, the Debtors estimate that hourly Employees have accrued approximately $115,856.19 million in aggregate unused vacation PTO. This accrued amount, however, does not represent a true "cash" liability for the Debtors, as the Debtors anticipate that most Employees will use most of their vacation PTO in the ordinary course of business, and will only receive cash payments on account of such PTO upon termination or resignation, if at all.

30.    In addition, the Debtors provide certain other forms of PTO, including non-statutory sick pay, paid leave for religious observance, paid leave under the Family and Medical Leave Act, and other paid leave for personal reasons, many of which are required by law, including statutory sick leave, workers' compensation leave, missed work time in the ordinary course of business for bereavement leave, jury or court attendance, and time spent voting. These other forms of PTO do not involve incremental cash outlays beyond standard payroll obligations.

31.    The Debtors believe that the continuation of the PTO Policies in accordance with prior practice is essential to maintaining positive Employee morale during the Chapter 11 Cases. For the avoidance of doubt, the Debtors do not intend to make immediate cash payments on account of all outstanding vacation PTO, and instead propose to satisfy any such payment obligations if and when they come due in the ordinary course.

b.    **Health Insurance Programs**

32.    The Debtors maintain, and Employees are eligible to participate in, a number of health insurance programs, including (a) the Medical Plans, (b) the HSA, (c) the Dental Plans, (d) the Vision Plan, and (e) Flexible Spending Accounts (each as defined below, and collectively, the "Health Insurance Programs," and all amounts required under or relating thereto, including any administrative fees, the "Health Insurance Obligations"). Bird utilizes Sequoia Benefits and Insurance Services, LLC ("Sequoia") and Automatic Data Processors as a benefits broker and

12

administrator, and Spin utilizes Alliant Insurance Services ("Alliant") (in such capacities, Sequoia, Automatic Data Processors, and Alliant are hereinafter referred to as the "Benefits Administrators").[8]  The Benefits Administrators that permit employees to change their benefits status during open enrollment and other permitted time periods, and incur certain related fees.  The Debtors estimate they owe approximately $0 to Sequoia, $2,612 to Automatic Data Processors, and $139,742.39 to Alliant as of the Petition Date.

33.     Pursuant to this Motion, the Debtors seek authority to pay all Health Insurance Obligations in the ordinary course of business, including all prepetition amounts in connection therewith, and to continue to maintain the Health Insurance Programs in the ordinary course of business.   In sum, the Debtors spend approximately $424,872.33 per month on average in connection with Health Insurance Obligations.  As of the Petition Date, the Debtors estimate that the amount of accrued but unpaid Health Insurance Obligations, including administrative fees, is approximately $414,327.25.

i.     ***Medical Plans and Prescription Drug Coverage***

34.     The Debtors offer medical and prescription drug benefit programs (the "Medical Plans") to Employees.  The Medical Plans are administered by Cigna Corporation ("Cigna") and Kaiser (Cigna and Kaiser, in such capacities, are hereinafter referred to as the "Medical Plan Administrators").   The Medical Plans are fully insured by the Medical Plan Administrators.  Coverage under the Medical Plans differs depending on the level of coverage an Employee elects to receive, and monthly health care premiums differ depending on the Medical Plan in which an Employee is enrolled and whether the Employee has dependents covered by the applicable Medical Plan.  The Debtors will pay between 45-100% of applicable premiums under

---

[8]     All Spin employees will be transitioned to Bird's benefit plans as of January 1, 2024; thereafter, Sequoia will be the sole Benefits Administrator.

the Medical Plans, depending on the applicable Medical Plan, with the Employee paying the remainder. At present, Bird pays 89-100% of applicable premiums under the Medical Plans and Spin pays 45-88% of applicable premiums under the Medical Plans.

35.     The Debtors pay administrative fees, premiums, and withholdings of approximately $218,757.88 per month to the Medical Plan Administrators. The Debtors estimate that, as of the Petition Date, they owe approximately $218,757.88 in premiums and withholdings to the Medical Plan Administrator. The Debtors further estimate that, as of the Petition Date, they owe approximately $1,625.13 in administrative fees to the Medical Plan Administrator.

ii.        ***Health Savings Accounts***

36.     Employees who participate in certain Medical Plans may contribute a portion of their compensation into a health savings account (the "HSA") administered by HealthEquity, Inc. ("HealthEquity") for Bird Employees and Navia Benefit Solutions ("Navia") for Spin Employees (HealthEquity and Navia, in such capacities, are hereinafter collectively referred to as the "HSA Plan Administrators"). The proceeds of an HSA may be used for incidental medical expenses. Participating Employees can make pre-tax payroll contributions to the HSA up to the maximum amount permitted by the Internal Revenue Service (the "IRS"). Currently, approximately 82 Employees contribute to the HSA. For each Employee HSA, Bird contributes $100 for individuals and $200 for families on a monthly basis; Spin contributes $50 for individuals and $100 for families on a monthly basis. The Debtors also pay a monthly administration fee of approximately $251.30 to the HSA Plan Administrator on account of the HSA and withhold approximately $7,082.28 per month from Employee paychecks on account of the HSA. As of the Petition Date, the Debtors estimate that they owe approximately $3,541.14 to the HSA Plan

14

Administrator in withholdings and $5,674 in HSA contributions, as well as $251.30 in administrative fees to the HSA Plan Administrator.

### iii.    *Dental Plans*

37.    The Debtors offer Employees the option to participate in dental insurance plans (the "Dental Plans"), which are administered by Cigna (in such capacity, the "Dental Plan Administrator"). The Dental Plans are fully insured by the Dental Plan Administrator. The Debtors will pay between 50-100% of the applicable premiums under the Dental Plans, depending on the Employee's plan selection, with the applicable Employee paying the remainder.

38.    The Debtors pay administrative fees, premiums, and withholdings of approximately $25,378.08 per month to the Dental Plan Administrator. The Debtors estimate that, as of the Petition Date, they owe approximately $25,378.08 in premiums and withholdings to the Dental Plan Administrator. The Debtors further estimate that, as of the Petition Date, they owe approximately $1,040.02 in administrative fees to the Dental Plan Administrator.

### iv.    *Vision Plan*

39.    The Debtors offer Employees the option to participate in a vision insurance plan (the "Vision Plan"), which is administered by Cigna (in such capacity, the "Vision Plan Administrator"). The Vision Plans are fully insured by the Vision Plan Administrator. The Debtors will pay between 50-100% of the applicable premiums under the Vision Plans, depending on the Employee's plan selection, with the applicable Employee paying the remainder.

40.    The Debtors pay administrative fees, premiums, and withholdings of approximately $2,054.33 per month to the Vision Plan Administrator. The Debtors estimate that, as of the Petition

12634239-8

Date, they owe approximately $2,054.33 in premiums and withholdings to the Vision Plan Administrator. The Debtors further estimate that, as of the Petition Date, they owe approximately $279.74 in administrative fees to the Vision Plan Administrator.

v.  ***Flexible Spending Accounts***

41. In addition to offering the medical benefits described above, the Debtors offer Employees the option to enroll in certain flexible spending accounts, including a healthcare flexible spending account and a dependent care flexible spending account (collectively, the "Flexible Spending Accounts").[9] Participating Employees can make pre-tax payroll contributions (the "Flexible Spending Account Contributions") to the Flexible Spending Accounts up to the maximum amounts permitted by the IRS. Employees then may use the proceeds of Flexible Spending Accounts to cover the cost of eligible expenses incurred by such Employees and/or their dependents, depending on the Flexible Spending Account in which they are enrolled. Employees who participate in the Flexible Spending Accounts may use such proceeds by, among other means, utilizing a designated debit card provided to participating Employees or submitting claims for reimbursement. Currently, approximately 30 Employees participate in a Flexible Spending Account to cover health care and approximately 10 Employees participate in a Flexible Spending Account to cover dependent care.

42. The Debtors withhold approximately $8,342.84 per month from Employees' compensation on account of the Flexible Spending Account Contributions and remit such amounts to HealthEquity in the form of FSA replenishments on a revolving basis based on Employee claims submitted (in such capacity, the "Flexible Spending Account Administrator"). Before the start of the 2024 plan year, the Debtors estimate that there is a Flexible Spending Account Pre-Funding

---

[9] The Debtors also offer Employees the option to enroll in a commuter flexible spending account as part of the Commuter Benefits Program (as defined below).

obligation of $19,718 that is required to be paid to HealthEquity in order to maintain this benefit. As of the Petition Date, the Debtors estimate that they are withholding approximately $4,171.24 on account of Flexible Spending Account Contributions.  Pursuant to this Motion, the Debtors seek authority to transfer all withheld amounts and to continue to withhold amounts on account of the Flexible Spending Account Contributions and to transfer such amounts to the Flexible Spending Account Administrator in the ordinary course of business.  The Debtors pay administrative fees of approximately $128.15 per month to the Flexible Spending Account Administrator.  The Debtors estimate that, as of the Petition Date, they owe approximately 19,846.15 in administrative fees and 2024 Flexible Spending Account Pre-Funding obligations to the Flexible Spending Account Administrator.

vi.        ***COBRA***

43.    The Debtors also continue to provide health benefits to certain former Employees, including health benefits provided in accordance with the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").  Bird uses the services of Thrivepass, Inc. to administer COBRA benefits and payments, and Spin uses Navia Benefit Solutions ("Navia") to administer COBRA benefits and payments (Thrivepass and Navia are hereinafter referred to as the "COBRA Administrators").  The Debtors pay administrative fees of approximately $1,166 per month to the COBRA Administrators.   The Debtors estimate that, as of the Petition Date, they owe approximately $1,166 in administrative fees to the COBRA Administrators. Moreover, there is approximately $102,000 in COBRA benefits for January and February, 2024, in respect of previously terminated Employees.

C. **LOA Programs**

44.    The Debtors maintain a variety of leave of absence policies for eligible Employees (collectively, the "LOA Programs") for leaves of absence and accommodations such as those taken under the Family Medical Leave Act and other disability or ADA plans, and accordingly, must maintain amounts required under or relating thereto, including administrative fees to third-party administrators, the "LOA Obligations").  Bird utilizes New York Life as a leave administrator, and Spin utilizes Larkin  (in such capacities, New York Life and Larkin are hereinafter referred to as the "LOA Administrators").  The LOA Administrators review, process, oversee, and administer Employee requests and leaves of absence.  The Debtors estimate they owe approximately $26,445.14 to New York Life and $34,810 to Larkin as of the Petition Date.

D. **401(k) Plan**

45.    The Debtors maintain a qualified defined contribution savings plan for the benefit of their current and retired Employees (the "401(k) Plan"), which is designed to meet the requirements of sections 401(a) and 401(k) of title 26 of the United States Code.  Bird's 401(k) Plan is administered by Betterment LLC, and Spin's 401(k) Plan is administered by Fidelity (Betterment LLC and Fidelity are hereinafter referred to as the "401(k) Plan Administrators").  Approximately 247 active Employees are enrolled in the 401(k) Plan.  Employees who are enrolled in the 401(k) Plan contribute approximately $87,474.56 per month in the aggregate to the 401(k) Plan, which contributions are withheld by the Debtors from Employees' paychecks.  The Debtors do not "match" Employee contributions.

46.    The Debtors pay administrative fees of approximately $14,555.87 on a quarterly basis to the 401(k) Plan Administrators.  In addition, the Debtors pay annual fees of approximately

$15,000 to Caron & Bletzer, PLLC (the "401(k) Plan Auditor")[10] to provide annual auditing services of the 401(k) Plan. The Debtors estimate that, as of the Petition Date, they owe approximately $14,555.87 in administrative fees to the 401(k) Plan Administrator and approximately $15,000 in fees to the 401(k) Plan Auditor. Pursuant to this Motion, the Debtors seek authority to pay all amounts withheld from applicable Employees' paychecks as contributions to the 401(k) Plan and all fees related thereto in the ordinary course of business.

E. **Disability, Life, and AD&D Insurance Programs**

47.     The Debtors offer Employees life insurance and various programs to aid Employees during periods in which they are physically unable to perform their duties (collectively, the "Disability, Life, and AD&D Insurance Programs"), including (a) the Short-Term Disability Plan, (b) the Long-Term Disability Plan, and (c) the Life and AD&D Plans (each as defined below).[11] Pursuant to this Motion, the Debtors seek authority to pay all obligations in connection with the Disability, Life, and AD&D Insurance Programs in the ordinary course of business, including all prepetition amounts due on account of such programs, and to continue to administer the Disability, Life, and AD&D Insurance Programs in the ordinary course.

a. **Short-Term Disability Plan**

48.     The Debtors provide short-term disability benefits (the "Short-Term Disability Plan") to Employees who become disabled due to a non-occupational injury or illness and are receiving care from an approved healthcare provider. Bird salaried and hourly Employees receive

---

[10]   The Debtors are reviewing options for alternative 401(k) Plan Auditors but anticipate that the cost would be approximately the same.

[11]   Contemporaneously herewith, the Debtors have sought authority, but not direction, to pay certain prepetition claims held by claimants under the Debtors' workers' compensation insurance policies pursuant to the *Debtors' Emergency Motion for an Order Authorizing the Debtors to (I) Continue Administering Insurance Policies and Surety Bond Programs; (II) Continue Paying Certain Brokerage Fees; and (III) Satisfying Other Obligations Related Thereto in the Ordinary Course of Business* (the "**Insurance Motion**") [ECF No. 12]. By this Motion, the Debtors do not seek authority to pay prepetition claims that may be covered by the relief sought in the Insurance Motion.

100% of their weekly earnings for eight weeks and then 60% of their weekly earnings (up to a maximum of $2,500 per weekly, minus other income received) for up to a maximum benefit period of 12 weeks.  Spin full-time salaried Employees receive 60% of their weekly hearings (up to a maximum of $3,500 per week) for up to a maximum benefit period of 8 weeks. Spin hourly Employees do not qualify for Short-Term Disability.[12] Employees may be eligible for benefits after seven days of disability.  The Short-Term Disability Plan is administered by the New York Life Insurance Company ("New York Life") for Bird and Prudential Insurance Company of America ("Prudential") for Spin (New York Life and Prudential, in such capacities, are hereinafter referred to as the "Short-Term Disability Plan Administrators").  The Debtors pay 100% of the premiums under the Short-Term Disability Plan.  The Debtors owe administrative fees and premiums of approximately $722.34.20 per month to the Short-Term Disability Plan Administrator.  The Debtors estimate that, as of the Petition Date, they owe approximately $1,227.22 in administrative fees and premiums to the Short-Term Disability Plan Administrator.

  b. **Long-Term Disability Plan**

  49.  The Debtors provide long-term disability benefits, including partial income replacement (the "Long-Term Disability Plan"), to Employees in the event that they become disabled due to an accident or a long-term illness.  The Long-Term Disability Plan is administered by New York Life for Bird and Prudential for Spin (New York Life and Prudential, in such capacities, are the "Long-Term Disability Plan Administrators").  The Bird Long-Term Disability Plan provides Employees 60% of base pay (up to a maximum of $10,000 per month, minus other income received) during the period of disability through age 65, or the date the 42nd monthly benefit is payable, if later.  The Spin Long-Term Disability Plan provides Employees 60% of base

---

[12] As of January 1, 2024, Spin employees (hourly and salaried) will become eligible for Bird's STD Plan.

pay (up to a maximum monthly benefit of $15,000 during the period of disability through age 65. Employees may be eligible for benefits after 90 days of disability. Spin Employees are not eligible for the Long-Term Disability Plan until after 180 days from their date of hire (the New Hire Waiting Period). The Debtors pay 100% of the premiums under the Long-Term Disability Plan. The Debtors pay administrative fees and premiums of approximately $2,449.37 per month to the Long-Term Disability Plan Administrator. The Debtors estimate that, as of the Petition Date, they owe approximately $2,449.37 in administrative fees and premiums to the Long-Term Disability Plan Administrator.

  c. **Life and AD&D Plans**

  50. The Debtors provide life and accidental death and dismemberment insurance coverage (the "Basic Life and AD&D Plan") to Employees through the New York Life for Bird and Prudential for Spin (New York Life and Prudential, in such capacities, are hereinafter the "Life and AD&D Administrators"). The Bird Basic Life and AD&D Plan provides eligible Employees with up to one times such Employee's annual salary up to a maximum of $400,000 in coverage. The Spin Life and AD&D Plan provides eligible Employees with a flat benefit amount of $50,000. The Debtors pay 100% of the premiums on account of the Basic Life and AD&D Plan. The Debtors pay administrative fees and premiums of approximately $2,747.28 per month to the Life and AD&D Administrators. The Debtors estimate that, as of the Petition Date, they owe approximately $2,747.28 in administrative fees and premiums to the Life and AD&D Administrators.

  51. In addition, the Debtors provide Employees with the option of purchasing supplemental disability and life insurance ("Voluntary Coverage"), for which participating Employees bear the full cost. The costs of the Voluntary Coverage differs depending on the level

21

of coverage an Employee elects to receive. The Debtors withhold approximately $2,843.52 per month from Employee paychecks for those Employees who elect Voluntary Coverage. The Debtors request by this Motion to remit all amounts withheld from Employee paychecks in respect of Voluntary Coverage in the ordinary course.

d.  **Work/Life Benefits Programs**

52.    The Debtors offer Employees the opportunity to participate in a number of ancillary benefits programs (collectively, the "Work/Life Benefits Programs" and, all amounts required under or relating thereto, the "Work/Life Benefits Obligations"), including (a) the Employee Assistance Program, (b) the Commuter Benefits Program, (c) the Wellness Benefits Program, (d) Bird Credits, (e) the Remote Work Stipend, and (f) Pet Insurance (each as discussed below). Pursuant to this Motion, the Debtors seek authority to pay all Work/Life Benefits Obligations in the ordinary course, including all prepetition amounts on account of such obligations, and to continue to administer the Work/Life Benefits Programs in the ordinary course.

53.    As of the Petition Date, the Debtors estimate that the amount of accrued but unpaid Work/Life Benefits Obligations, including administrative fees, is approximately $8,032.45.

i.  *Employee Assistance Program*

54.    The Debtors offer counseling services through a program (the "Employee Assistance Program") administered by Cigna for Bird and by Prudential for Spin (Cigna and Prudential are, in such capacities, the "Employee Assistance Program Administrators"). Through the Employee Assistance Program, the Debtors provide Employees with professional counseling, consultation, and referral services which are intended to help Employees cope with various issues, such as family and relationship problems, workplace concerns, alcohol- and substance-abuse issues, depression and anxiety, stress, and financial or

legal concerns (collectively, the "Counseling Services"). The Counseling Services are provided at no cost to Employees. The cost to the Debtors for administration of the Employee Assistance Program is included in fees paid to the Employee Assistance Program Administrators which provide and administer other Benefit Programs to the Debtors' Workforce.

### i. *Commuter Benefits Program*

55.     The Debtors offer Employees the opportunity to purchase transit passes and pay for certain parking expenses with pre-tax contributions (the "Commuter Benefits Program"). Under the Commuter Benefits Program, a portion of Employees' wages is withheld and contributed into accounts on a pre-tax basis. Employees then utilize the proceeds of such accounts to purchase transit passes and pay for certain parking expenses. The Commuter Benefits Program is administered by Thrivepass for Bird and by Navia Benefits Solutions for Spin (Thrivepass and Navia, in such capacities, are the "Commuter Benefits Program Administrators"). The Debtors pay administrative fees of approximately $683.45 per month to the Commuter Benefits Program Administrators. The Debtors estimate that, as of the Petition Date, they owe approximately $683.45 on account of such administrative fees. The Debtors also request authority to remit all amounts withheld to the Employee accounts in the ordinary course.

### ii. *Wellness Benefits Program*

56.     The Debtors provide Employees with access to a bundle of health and wellness offerings ("Wellness Benefits Program"), which are provided through various third-party providers that Debtors engage with directly (e.g. BetterHealth); generally, these are funded by Bird to the provider and thereafter reimbursed to Bird by Cigna. The offerings include subscriptions to meditation and mindfulness applications, personal training, addiction treatment, and fertility care

services.  The Wellness Benefits Program is offered by a variety of providers (in such capacity, the "Wellness Benefits Providers").  The Debtors pay approximately $2,500 per month to the Wellness Benefits Providers, which covers all the costs of the Wellness Benefits Program.  The Debtors estimate that, as of the Petition Date, they owe approximately $7,349 to the Wellness Benefits Administrator.

### iii.  *Bird Ride Credits*

57.     The Debtors offer Employees credits to use Bird and Spin vehicle-sharing services ("Ride Credits Program").  Employees receive $1,000 in credits at the end of the first week of their employment and are eligible for an additional $1,000 in credits every three months.  The Debtors do not incur or pay any upfront costs to maintain the ride credit program; but no revenue is generated from these rides. The Debtors would like to maintain this program in the ordinary course.

### iv.  *Remote Work Stipend*

58.     Bird provides Employees a monthly stipend to use towards remote work expenses, including mobile phone and internet services ("Remote Work Stipend").  As part of the program, Bird Employees receive $100 per month applied to their paychecks. Spin Employees receive $125 per month ($75 for mobile phone and $50 for internet services); this is applied as a stipend for Spin salaried Employees. For its hourly Employees, Spin will reimburse up to $25 per month for mobile phone expenses; employees must submit these costs for reimbursement. The Debtors pay $19,950 per month in the aggregate to provide Employees with the Remote Work Stipend.  The Debtors have funded the Remote Work Stipend through December, 2023.

### v.  *Pet Insurance*

59.     Bird Employees have the option to participate in a pet insurance program (the "Pet Insurance Program"), which is administered by American Society for the Prevention of

Cruelty to Animals.  The full cost of the Pet Insurance Program is paid by participating Employees, and the Debtors do not have any costs to offer the Pet Insurance Program.

F.    **Direction to Banks**

60.    Finally, the Debtors seek an order authorizing and directing all banks and financial service providers to receive, process, honor, and pay any and all checks and electronic payment requests drawn on the Debtors' payroll and general disbursement accounts related to Workforce Obligations, including any uncashed checks that were issued prior to the Petition Date with respect thereto, whether presented before or after the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments. For the avoidance of doubt, to the extent that checks issued to Employees for prepetition wages and salaries (and related benefits) have not been presented to financial institutions as of the filing of the captioned chapter 11 cases, the Debtors seek an authorizing and directing all banks to receive, process, honor, and pay any and all such checks after the Petition Date.

61.    The Employees would suffer hardship if they were to lose or suffer a delay in receiving their anticipated pay.  In addition, the Employees would suffer hardship if they were to lose or suffer a delay in receiving their benefits

62.    The Debtors have paid its Workforce Obligations on a current basis.  Some Workforce Obligations for the period immediately prior to the commencement of the Debtors' cases, however, have not been paid, primarily because the bankruptcy petitions were filed after the Employees' entitlements had accrued but before payment was due.

63.    The Debtors have determined that, in order to ensure that the Employees remain with the Debtors during these chapter 11 cases, and in order to maintain Employee morale and productivity and continuous service to the Debtors' customers, it is necessary to pay, in the

ordinary course of the Debtors' business, the Workforce Obligations and Benefits Obligations that are owed to or payable for the benefit of the Debtors' current Employees as set forth in this Motion. Payment of these amounts will encourage the Employees to continue to work for the Debtors in order to maximize the value of the Debtors' estate and the disposition of its assets for the benefit of all stakeholders.

### Relief Requested and Basis Therefor

64. As a result of the commencement of these cases, and in the absence of an order of the Court providing otherwise, the Debtors will be prohibited from paying or otherwise satisfying the Workforce Obligations and Benefits Obligations described above. To maintain Employee morale at this critical time for the Debtors, and to minimize the personal hardship the Employees would suffer if Workforce Obligations and Benefits Obligations are not paid when due, the Debtors seek authority to honor such obligations in the exercise of its business judgment, including those described above.

65. Accordingly, pursuant to sections 105(a), 363(b) and 507(a)(4)-(5) of the Bankruptcy Code, the Debtors seek the entry of an order authorizing, but not directing, the Debtors to  (a) authorizing, but not directing, the Debtors to pay, continue, or otherwise honor the Workforce Obligations; (b) authorizing, but not directing, the Debtors to maintain the Benefits Programs and to pay all Benefits Obligations related thereto; (c) authorizing the Debtors' banks and other financial institutions to receive, process, honor and pay certain checks presented for payment and to honor certain fund transfer requests related to the foregoing, and (d) granting related relief.  Relief similar to that sought herein has been granted by Courts in this and other Districts in Florida. *See, e.g., In re Vital Pharmaceuticals, Inc., et al.,* No. 22-17842-PDR (Bankr. S.D. Fla. Oct. 14, 2022); *In re American Purchasing Services, LLC d/b/a American Medical Depot,*

*et al.,* No. 20-23495-SMG (Bankr. S.D. Fla. Dec. 16, 2020); *In re Tamarac 10200, LLC, et al.,*

No. 20-23356-PDR (Bankr. S.D. Fla. Dec. 10, 2020); *In re It'Sugar FL I LLC, et al.,* No. 20-

20259-RAM (Bankr. S.D. Fla. Sept. 29, 2020); *In re Magnum Construction Management, LLC*

*f/k/a Munilla Construction Management, LLC,* No 19-12821-AJC (Bankr. S.D. Fla. Mar. 7, 2019);

*In re National Auto Lenders, Inc.,* No. 18-24586-LMI (Bankr. S.D. Fla. Nov. 29, 2018); *In re*

*Goodman and Dominguez, Inc., et al.,* No. 17-17237-RAM (Bankr. S.D. Fla. July 7, 2017); *In re*

*Goodman and Dominguez, Inc., et al.,* No. 16-10056-RAM (Bankr. S.D. Fla. Jan. 1, 2016); *In re*

*Adinath Corp., et al.,* No. 15-16885-LMI (Bankr. S.D. Fla. April 17, 2015); *In re Maguire Group*

*Holdings, Inc., et al.,* No. 11-39347-RAM (Bankr. S.D. Fla. Oct. 26, 2012); *In re Gulfstream*

*Intern. Group, Inc., et al.,* No. 10-44131-JKO (Bankr. S.D. Fla. Nov. 8, 2010); *In re Medical*

*Staffing Network Holdings, Inc., et al.,* No. 10-29101-EPK (Bankr. S.D. Fla. July 7, 2010); *In re*

*DM Indus., Ltd.,* No. 09-15533-LMI (Bankr. S.D. Fla. Mar. 31, 2009); *In re Robb & Stucky LLLP,*

No. 8:11-bk-02801-CED (Bankr. M.D. Fla. Mar. 11, 2011); *In re Cargo Transp. Svcs., Inc.,* No.

11-bk-00432-MGW (Bankr. M.D. Fla. Jan. 20, 2011); *In re E-Brands Rests., LLC, et al.,* No. 10-

bk-18282-KRM (Bankr. M.D. Fla. Aug. 20, 2010); *In re CCI Liquidation, Inc., f/k/a Custom Cable*

*Indus., Inc.,* No. 10-bk-18478-MGW (Bankr. M.D. Fla. Aug. 9, 2010); and *In re Land Resource,*

*LLC,* No. 08-bk-10159-ABB (Bankr. M.D. Fla. Oct. 31, 2008).

66.    Section 363(b)(1) of the Bankruptcy Code provides: "The trustee, after notice and

a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the

estate." 11 U.S.C. § 363(b)(1).  Section 105(a) of the Bankruptcy Code provides:

> The court may issue any order, process, or judgment that is necessary or appropriate
> to carry out the provisions of this title.  No provision of this title providing for the
> raising of an issue by a party in interest shall be construed to preclude the court
> from, *sua sponte,* taking any action or making any determination necessary or
> appropriate to enforce or implement court orders or rules, or to prevent an abuse of
> process.

11 U.S.C. § 105(a).

67.     Pursuant to section 507(a)(4) of the Bankruptcy Code, each employee may be granted a priority claim for:

> allowed unsecured claims, but only to the extent of $15,150 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for –
>
> (A)     wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; or
>
> (B)     sales commissions earned by an individual or by a corporation with only 1 employee, acting as an independent contractor in the sale of goods or services, for the debtor in the ordinary course of the debtor's business if, and only if, during the 12 months preceding that date, at least 75 percent of the amount that the individual or corporation earned by acting as an independent contractor in the sale of goods or services was earned from the debtor ….

11 U.S.C. § 507(a)(4).

68.     Because all the Workforce Obligations constitute priority claims pursuant to section 507(a)(4) of the Bankruptcy Code, which claims must be paid in full pursuant to section 1129(a)(9) of the Bankruptcy Code in order to confirm a plan, payment of such obligations at this time merely affects the timing, but not the appropriateness, of such payments. As of the Petition Date, none of the Employees are owed prepetition amounts in excess $15,150, exclusive of PTO. Some amounts under the Benefits Programs, however, are unknown pending submission of claims.  Therefore, the Debtors do not know the exact amount due on account of each Employee for the prepetition period.

69.     As the stability of the Debtors' workforce is essential to a successful reorganization of its business, namely, to maximize the value of their assets and recoveries by their creditors, it is critical that the Debtors be permitted to continue in the ordinary course, post-petition, the

personnel policies, programs and procedures that were in effect prior to the Petition Date, including the continued accrual and payout of PTO.

70.     The relief requested by this Motion represents a sound exercise of the Debtors' business judgment, is necessary to avoid immediate and irreparable harm to the Debtors' estates, and is justified under sections 363(b) and 105(a) of the Bankruptcy Code.  Authorizing the Debtors to pay Workforce Obligations and other amounts is in the best interests of the Debtors, their estates, and their economic stakeholders.  Indeed, without the relief requested herein, the Employees may seek alternative opportunities, perhaps with the Debtors' competitors.  The loss of valuable Employees, who are critical to the Debtors' operations, would deplete the Debtors' Workforce and thereby hinder the Debtors' ability to meet customer demands.  Such an outcome would interfere with the Debtors' continued operations and its ability to pursue its goals in the Chapter 11 Cases.

71.     In addition, failure to satisfy prepetition obligations arising in connection with the Benefits Programs would have a significant and adverse impact on Employee morale at a critical time in the Chapter 11 Cases.  The Debtors believe that the majority of the Employees rely upon the benefits they receive in connection with the Benefits Programs to meet their (and their family's) daily living needs.  Employees would be exposed to significant financial difficulties and other distractions if the Debtors were not permitted to honor their obligations in connection with the Benefits Programs.  Furthermore, if the Debtors were not able to honor their various obligations under the Health Insurance Programs and the Disability, Life, and AD&D Programs, Employees would not receive appropriate coverage and, thus, could become obligated to pay certain healthcare-related claims in cases where the Debtors have not paid the respective providers.  The loss of such coverage would result in considerable hardship for Employees (and likely attrition), severely disrupting the Debtors' operations at a critical juncture in the Chapter 11 Cases.

72.     The Debtors further submit that the withholding obligations do not constitute property of its estate and principally represent Employees' earnings that governments (in the case of taxes), Employees (in the case of voluntary withholding obligations), and judicial authorities (in the case of involuntary withholding obligations), have designated for deduction from Employee paychecks.   The failure to transfer these withheld funds could result in hardship to certain Employees. The Debtors may expect inquiries from garnishors regarding the Debtors' failure to submit, among other things, child support and alimony payments, which are not the Debtors' property, but rather, have been withheld from Employee paychecks. Moreover, if the Debtors cannot remit these amounts, its Employees may face legal action due to the Debtors' failure to submit these payments.

73.     Further, the Debtors submit that with respect to the wage-related taxes that constitute "trust fund" taxes, the payment of such taxes will not prejudice other creditors of the Debtors' estate given that the relevant taxing authorities would have a priority claim under section 507(a)(8) of the Bankruptcy Code in respect of such obligations.  Moreover, the monies payable for trust fund taxes, as well as the other funds that are held in trust for the benefit of third parties, such as withheld funds with respect to the 401(k) Plan, are not property of the Debtors' estates.

74.     The Debtors request authority to continue the Bonus Programs.   The Bonus Programs does not implicate sections 503(c)(1) or 503(c)(2) of the Bankruptcy Code because no payments thereunder will be made to "insiders."  *See* 11 U.S.C. § 503(c)(1)–(2).

75.     The Debtors have substantial business justification for continuing the Bonus Programs in the ordinary course of business, including (a) maintaining Employee morale, (b) disincentivizing Employees from pursuing other employment opportunities, and (c) reassuring

Employees that the Debtors intend to honor their obligations to Employees—both during and after their tenure with the Debtors.

76.     The Bonus Programs do not implicate section 503(c)(3) of the Bankruptcy Code because they were commenced within the ordinary course of the Debtors' business. *Cf.* 11 U.S.C. § 503(c)(3) (prohibiting certain payments "outside of the ordinary course of business"). If section 503(c) of the Bankruptcy Code is not implicated, the Court may grant the requested relief if it finds that the Bonus Programs satisfy the requirements of section 363(b) of the Bankruptcy Code. *See In re Mesa Air Group, Inc.*, Case No. 10-10018 (MG), 2010 WL 3810899, at *3 (Bankr. S.D.N.Y. Sept. 24, 2010) (noting that compensation plans commenced within the ordinary course of business are governed by section 363 of the Bankruptcy Code, not section 503(c)).

77.     The Debtors' Employees are an essential component for ensuring that the value of the Debtors' assets will be repositioned successfully towards the end of maximizing value for the benefit of all of its stakeholders. For this reason, and the reasons set forth above, the request to pay the Workforce Obligations and to continue the ordinary course personnel policies, programs and procedures that were in effect prior to the Petition Date is justified under the foregoing authorities, as well as under section 105(a) of the Bankruptcy Code.

**Expedited Consideration and Waiver of any Applicable Stay**

78.     The Debtors respectfully request expedited consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a Chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm. Here, the Debtors believe an immediate and orderly transition into Chapter 11 is critical to the viability of its operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the

requested relief during the first 21 days of these Chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an expedited basis.

79.    To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

**Reservation of Debtors' Rights**

80.    Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against any of the Debtors or a waiver of any of the Debtors' rights to dispute any claim.  Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order in the form attached hereto as **Exhibit "B,"** granting the relief requested herein and granting such other and further relief as is just and proper.

12634239-8

Dated: December 20, 2023

Respectfully submitted,

BERGER SINGERMAN LLP
*Proposed Counsel for the Debtors and*
*Debtors-in-Possession*
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By:  */s/  Paul Steven Singerman*
     Paul Steven Singerman
     Florida Bar No. 378860
     singerman@bergersingerman.com
     Jordi Guso
     Florida Bar No. 863580
     jguso@bergersingerman.com
     Robin J. Rubens
     Florida Bar No. 959413
     rrubens@bergersingerman.com
     Clay B. Roberts
     Florida Bar No. 116058
     croberts@bergersingerman.com

**EXHIBIT "A"**
**(Schedule of Employees)**

12634239-8

| First Name | Last Name | Days Accrued | Pay Accrued | Est EE Taxes | Est Vol Deductions | Est. Net Pay | Employed | Insider |
|---|---|---|---|---|---|---|---|---|
| | | 2 | $1,312.50 | $432.34 | $53.94 | $826.22 | Yes | No |
| | | 2 | $1,975.00 | $535.42 | $13.63 | $1,425.95 | Yes | No |
| | | 2 | $1,750.00 | $498.40 | $74.90 | $1,176.70 | Yes | No |
| | | 2 | $1,441.69 | $471.00 | $6.34 | $964.35 | Yes | No |
| | | 2 | $1,329.17 | $436.10 | $70.45 | $822.62 | Yes | No |
| | | 2 | $1,114.67 | $490.34 | $204.99 | $419.34 | Yes | No |
| | | 2 | $1,557.50 | $412.27 | $12.46 | $1,132.77 | Yes | No |
| | | 2 | $852.03 | $246.75 | $24.96 | $580.32 | Yes | No |
| | | 2 | $1,900.00 | $460.37 | $123.69 | $1,315.94 | Yes | No |
| | | 2 | $1,541.67 | $339.17 | $138.44 | $1,064.06 | Yes | No |
| | | 2 | $1,113.00 | $299.06 | $95.50 | $718.44 | Yes | No |
| | | 2 | $2,187.21 | $448.16 | $275.59 | $1,463.46 | Yes | No |
| | | 2 | $860.00 | $243.81 | $93.91 | $522.28 | Yes | No |
| | | 2 | $1,200.00 | $419.76 | $77.52 | $702.72 | Yes | No |
| | | 2 | $1,954.75 | $340.13 | $3.32 | $1,611.30 | Yes | No |
| | | 2 | $1,666.04 | $436.67 | $184.76 | $1,044.61 | Yes | No |
| | | 2 | $801.95 | $118.05 | $65.76 | $618.14 | Yes | No |
| | | 2 | $992.88 | $234.42 | $30.18 | $728.27 | Yes | No |
| | | 2 | $889.63 | $198.39 | $3.38 | $687.86 | Yes | No |
| | | 2 | $1,012.50 | $222.75 | $0.00 | $789.75 | Yes | No |
| | | 2 | $2,333.33 | $807.57 | $39.90 | $1,485.87 | Yes | No |
| | | 2 | $2,271.50 | $766.86 | $28.62 | $1,476.02 | Yes | No |
| | | 2 | $729.33 | $150.75 | $3.43 | $575.15 | Yes | No |
| | | 2 | $1,412.50 | $260.18 | $190.55 | $961.77 | Yes | No |
| | | 6 | $888.00 | $195.36 | $0.00 | $692.64 | Yes | No |
| | | 2 | $1,875.00 | $455.81 | $82.13 | $1,337.06 | Yes | No |
| | | 2 | $2,208.33 | $485.83 | $0.00 | $1,722.50 | Yes | No |
| | | 6 | $1,769.28 | $389.24 | $0.00 | $1,380.04 | Yes | No |
| | | 2 | $1,183.33 | $369.44 | $38.93 | $774.97 | Yes | No |
| | | 2 | $629.08 | $133.62 | $14.41 | $481.05 | Yes | No |
| | | 2 | $1,951.67 | $617.70 | $16.98 | $1,316.98 | Yes | No |
| | | 2 | $1,875.00 | $533.25 | $199.88 | $1,141.88 | Yes | No |
| | | 2 | $1,500.00 | $402.15 | $10.05 | $1,087.80 | Yes | No |
| | | 2 | $772.83 | $179.45 | $119.33 | $474.06 | Yes | No |
| | | 2 | $870.83 | $273.79 | $0.44 | $596.61 | Yes | No |
| | | 2 | $1,975.00 | $411.20 | $192.96 | $1,370.85 | Yes | No |
| | | 2 | $2,750.00 | $1,000.45 | $209.55 | $1,540.00 | Yes | No |
| | | 2 | $1,795.83 | $489.36 | $200.95 | $1,105.52 | Yes | No |
| | | 2 | $1,750.00 | $482.83 | $110.43 | $1,156.75 | Yes | No |
| | | 2 | $945.83 | $246.01 | $199.57 | $500.25 | Yes | No |
| | | 2 | $871.51 | $243.94 | $28.32 | $599.25 | Yes | No |
| | | 2 | $1,585.87 | $471.95 | $0.48 | $1,113.44 | Yes | No |
| | | 2 | $1,368.60 | $588.91 | $117.97 | $661.72 | Yes | No |
| | | 2 | $973.88 | $209.29 | $102.35 | $662.24 | Yes | No |
| | | 2 | $1,708.33 | $519.50 | $4.95 | $1,183.88 | Yes | No |
| | | 2 | $844.17 | $228.26 | $0.42 | $615.48 | Yes | No |
| | | 2 | $519.00 | $88.39 | $3.43 | $427.19 | Yes | No |
| | | 2 | $790.63 | $141.44 | $119.70 | $529.48 | Yes | No |
| | | 6 | $1,152.00 | $210.01 | $47.69 | $894.30 | Yes | No |
| | | 6 | $1,065.60 | $220.90 | $379.35 | $465.35 | Yes | No |
| | | 6 | $1,032.00 | $175.96 | $29.41 | $826.63 | Yes | No |
| | | 6 | $1,041.60 | $178.11 | $29.48 | $834.01 | Yes | No |
| | | 2 | $517.65 | $86.29 | $11.18 | $420.18 | Yes | No |
| | | 6 | $720.00 | $158.40 | $0.00 | $561.60 | Yes | No |
| | | 6 | $1,020.00 | $79.87 | $2.35 | $937.79 | Yes | No |
| | | 2 | $1,291.67 | $366.96 | $196.20 | $728.50 | Yes | No |
| | | 2 | $890.98 | $193.70 | $27.09 | $670.20 | Yes | No |
| | | 6 | $996.00 | $130.58 | $86.05 | $779.37 | Yes | No |

| | | | | | |
|---|---|---|---|---|---|
| 2 | $1,791.67 | $290.79 | $236.68 | $1,264.20 | Yes | No |
| 2 | $1,245.83 | $394.31 | $97.80 | $753.73 | Yes | No |
| 2 | $1,561.92 | $438.90 | $186.02 | $936.99 | Yes | No |
| 2 | $1,608.33 | $413.82 | $124.65 | $1,069.86 | Yes | No |
| 6 | $988.80 | $153.86 | $51.42 | $783.53 | Yes | No |
| 2 | $357.07 | $69.34 | $11.28 | $276.44 | Yes | No |
| 6 | $1,104.00 | $134.91 | $101.35 | $867.74 | Yes | No |
| 2 | $1,075.00 | $266.49 | $35.69 | $772.82 | Yes | No |
| 2 | $1,258.33 | $172.39 | $24.79 | $1,061.15 | Yes | No |
| 2 | $715.50 | $135.37 | $89.01 | $491.12 | Yes | No |
| 6 | $900.00 | $146.97 | $0.00 | $753.03 | Yes | No |
| 2 | $1,141.67 | $207.10 | $64.16 | $870.41 | Yes | No |
| 6 | $2,044.32 | $559.73 | $151.28 | $1,333.31 | Yes | No |
| 2 | $665.50 | $98.83 | $2.99 | $563.68 | Yes | No |
| 6 | $900.00 | $80.01 | $28.08 | $791.91 | Yes | No |
| 2 | $828.58 | $237.14 | $386.12 | $205.32 | Yes | No |
| 6 | $792.00 | $47.92 | $18.77 | $725.31 | Yes | No |
| 2 | $680.38 | $136.62 | $36.06 | $507.70 | Yes | No |
| 6 | $912.00 | $103.51 | $142.82 | $665.67 | Yes | No |
| 2 | $842.12 | $178.61 | $53.90 | $609.61 | Yes | No |
| 2 | $1,257.20 | $331.15 | $136.91 | $789.14 | Yes | No |
| 2 | $559.17 | $59.94 | $9.62 | $489.61 | Yes | No |
| 2 | $831.67 | $230.45 | $29.94 | $571.27 | Yes | No |
| 2 | $785.83 | $167.15 | $104.91 | $513.78 | Yes | No |
| 2 | $2,000.00 | $574.80 | $164.00 | $1,261.20 | Yes | No |
| 2 | $858.33 | $241.02 | $30.73 | $586.59 | Yes | No |
| 2 | $2,250.00 | $638.10 | $14.40 | $1,597.50 | Yes | No |
| 2 | $712.50 | $163.09 | $15.25 | $534.16 | Yes | No |
| 2 | $812.50 | $70.36 | $31.44 | $710.69 | Yes | No |
| 2 | $1,793.75 | $442.70 | $58.48 | $1,292.58 | Yes | No |
| 2 | $687.50 | $162.59 | $58.37 | $466.54 | Yes | No |
| 2 | $791.67 | $194.75 | $30.80 | $566.12 | Yes | No |
| 2 | $1,303.33 | $241.51 | $31.02 | $1,030.81 | Yes | No |
| 2 | $1,793.75 | $491.67 | $112.11 | $1,189.97 | Yes | No |
| 2 | $642.15 | $149.62 | $36.09 | $456.44 | Yes | No |
| 2 | $1,075.00 | $219.30 | $10.43 | $845.27 | Yes | No |
| 2 | $813.39 | $222.54 | $27.82 | $563.03 | Yes | No |
| 2 | $766.67 | $145.21 | $107.72 | $513.74 | Yes | No |
| 2 | $645.01 | $153.58 | $5.03 | $486.40 | Yes | No |
| 6 | $864.00 | $147.83 | $39.92 | $676.25 | Yes | No |
| 6 | $924.00 | $97.11 | $29.57 | $797.32 | Yes | No |
| 2 | $1,491.67 | $816.39 | $388.58 | $286.70 | Yes | No |
| 2 | $893.75 | $254.54 | $34.05 | $605.16 | Yes | No |
| 2 | $858.33 | $219.82 | $46.35 | $592.16 | Yes | No |
| 2 | $829.17 | $182.42 | $90.13 | $556.62 | Yes | No |
| 2 | $636.43 | $153.64 | $3.18 | $479.62 | Yes | No |
| 2 | $875.00 | $221.29 | $11.38 | $642.34 | Yes | No |
| 2 | $750.00 | $191.78 | $22.95 | $535.28 | Yes | No |
| 2 | $1,000.00 | $205.70 | $7.00 | $787.30 | Yes | No |
| 2 | $666.67 | $114.33 | $198.87 | $353.47 | Yes | No |
| 2 | $616.67 | $112.79 | $23.50 | $480.38 | Yes | No |
| 2 | $1,058.33 | $179.81 | $135.36 | $743.16 | Yes | No |
| 6 | $864.00 | $139.62 | $16.24 | $708.13 | Yes | No |
| 6 | $792.00 | $60.67 | $23.76 | $707.57 | Yes | No |
| 2 | $2,083.33 | $600.00 | $181.04 | $1,302.29 | Yes | No |
| 2 | $708.33 | $156.90 | $10.13 | $541.31 | Yes | No |
| 2 | $1,457.50 | $431.13 | $45.33 | $981.04 | Yes | No |
| 6 | $864.00 | $90.98 | $26.01 | $747.01 | Yes | No |
| 6 | $864.00 | $106.79 | $57.46 | $699.75 | Yes | No |

| | | | | | | |
|---|---|---|---|---|---|---|
| 6 | $864.00 | $148.18 | $68.95 | $646.88 | Yes | No |
| 2 | $1,125.00 | $305.21 | $214.20 | $605.59 | Yes | No |
| 6 | $1,104.00 | $288.25 | $70.21 | $745.53 | Yes | No |
| 2 | $691.67 | $146.91 | $79.54 | $465.22 | Yes | No |
| 6 | $864.00 | $190.08 | $0.00 | $673.92 | Yes | No |
| 6 | $864.00 | $153.53 | $26.61 | $683.86 | Yes | No |
| 2 | $666.67 | $146.67 | $0.00 | $520.00 | Yes | No |
| 2 | $1,758.33 | $517.83 | $3.34 | $1,237.16 | Yes | No |
| 2 | $2,875.00 | $1,047.94 | $6.33 | $1,820.74 | Yes | No |
| 7 | $3,857.29 | $1,145.23 | $82.93 | $2,629.13 | Yes | No |
| 7 | $1,246.00 | $115.75 | $0.00 | $1,130.25 | Yes | No |
| 7 | $5,031.25 | $1,041.47 | $63.90 | $3,925.88 | Yes | No |
| 7 | $2,434.25 | $560.12 | $0.00 | $1,874.13 | Yes | No |
| 7 | $4,957.40 | $923.07 | $358.92 | $3,675.42 | Yes | No |
| 7 | $539.00 | $164.07 | $0.00 | $374.93 | Yes | No |
| 7 | $6,044.21 | $1,133.29 | $487.16 | $4,423.76 | Yes | No |
| 7 | $1,852.08 | $496.73 | $0.00 | $1,355.35 | Yes | No |
| 7 | $1,260.00 | $337.43 | $44.23 | $878.35 | Yes | No |
| 7 | $1,883.44 | $222.06 | $422.27 | $1,239.11 | Yes | No |
| 7 | $1,837.50 | $430.16 | $166.11 | $1,241.23 | Yes | No |
| 7 | $1,442.00 | $217.31 | $0.00 | $1,224.69 | Yes | No |
| 7 | $2,041.67 | $674.57 | $56.55 | $1,310.55 | Yes | No |
| 7 | $1,260.00 | $290.56 | $0.00 | $969.44 | Yes | No |
| 7 | $2,697.92 | $672.59 | $343.98 | $1,681.34 | Yes | No |
| 7 | $1,036.00 | $160.99 | $0.00 | $875.01 | Yes | No |
| 7 | $2,215.09 | $609.15 | $29.46 | $1,576.48 | Yes | No |
| 7 | $1,330.00 | $289.01 | $0.00 | $1,040.99 | Yes | No |
| 7 | $6,091.31 | $1,837.75 | $419.69 | $3,833.87 | Yes | No |
| 7 | $1,302.00 | $185.27 | $643.58 | $473.15 | Yes | No |
| 7 | $3,471.56 | $1,041.47 | $331.88 | $2,098.21 | Yes | No |
| 7 | $966.00 | $156.40 | $111.77 | $697.84 | Yes | No |
| 7 | $1,327.20 | $376.66 | $39.42 | $911.12 | Yes | No |
| 7 | $1,134.00 | $160.91 | $5.44 | $967.64 | Yes | No |
| 7 | $1,843.33 | $488.85 | $0.00 | $1,354.48 | Yes | No |
| 7 | $1,694.00 | $351.17 | $31.00 | $1,311.83 | Yes | No |
| 7 | $2,354.63 | $520.84 | $428.54 | $1,405.24 | Yes | No |
| 7 | $1,148.00 | $320.18 | $19.75 | $808.08 | Yes | No |
| 7 | $532.00 | $96.19 | $0.00 | $435.81 | Yes | No |
| 7 | $1,344.00 | $295.68 | $0.00 | $1,048.32 | Yes | No |
| 7 | $3,244.50 | $713.79 | $191.43 | $2,339.28 | Yes | No |
| 7 | $4,025.00 | $1,342.34 | $142.08 | $2,540.58 | Yes | No |
| 7 | $3,150.00 | $930.20 | $29.61 | $2,190.20 | Yes | No |
| 7 | $5,651.60 | $1,605.05 | $198.94 | $3,847.61 | Yes | No |
| 7 | $1,925.00 | $422.54 | $70.46 | $1,432.01 | Yes | No |
| 7 | $1,120.00 | $252.11 | $0.00 | $867.89 | Yes | No |
| 7 | $1,288.00 | $283.36 | $0.00 | $1,004.64 | Yes | No |
| 7 | $1,064.00 | $269.62 | $107.89 | $686.49 | Yes | No |
| 7 | $1,837.50 | $436.59 | $36.75 | $1,364.16 | Yes | No |
| 7 | $994.00 | $218.68 | $0.00 | $775.32 | Yes | No |
| 7 | $1,232.00 | $176.92 | $265.25 | $789.84 | Yes | No |
| 7 | $476.00 | $36.41 | $0.00 | $439.59 | Yes | No |
| 7 | $6,052.78 | $1,879.39 | $228.19 | $3,945.20 | Yes | No |
| 7 | $1,120.00 | $306.54 | $0.00 | $813.46 | Yes | No |
| 7 | $3,640.00 | $910.73 | $628.99 | $2,100.28 | Yes | No |
| 7 | $1,148.00 | $137.19 | $40.64 | $970.17 | Yes | No |
| 7 | $462.00 | $35.34 | $0.00 | $426.66 | Yes | No |
| 7 | $1,120.00 | $252.34 | $0.00 | $867.66 | Yes | No |
| 7 | $1,895.83 | $388.65 | $41.14 | $1,466.05 | Yes | No |
| 7 | $1,120.00 | $233.97 | $41.44 | $844.59 | Yes | No |

| | | | | | |
|---|---|---|---|---|---|
| 7 | $5,289.61 | $1,527.11 | $56.60 | $3,705.90 | Yes | No |
| 7 | $504.00 | $81.95 | $0.00 | $422.05 | Yes | No |
| 7 | $1,232.00 | $202.79 | $114.95 | $914.27 | Yes | No |
| 7 | $1,092.00 | $289.27 | $0.00 | $802.73 | Yes | No |
| 7 | $1,064.00 | $196.20 | $0.00 | $867.80 | Yes | No |
| 7 | $4,462.50 | $1,557.86 | $29.45 | $2,875.19 | Yes | No |
| 7 | $1,442.00 | $278.31 | $25.24 | $1,138.46 | Yes | No |
| 7 | $1,344.00 | $314.36 | $196.36 | $833.28 | Yes | No |
| 7 | $3,360.20 | $755.37 | $216.40 | $2,388.43 | Yes | No |
| 7 | $5,441.30 | $1,239.53 | $674.72 | $3,527.05 | Yes | No |
| 7 | $1,022.00 | $154.22 | $0.00 | $867.78 | Yes | No |
| 7 | $1,302.00 | $653.86 | $0.00 | $648.14 | Yes | No |
| 7 | $1,750.00 | $615.65 | $12.43 | $1,121.93 | Yes | No |
| 7 | $1,078.00 | $184.77 | $112.54 | $780.69 | Yes | No |
| 7 | $1,162.00 | $166.17 | $84.59 | $911.24 | Yes | No |
| 7 | $1,036.00 | $99.66 | $0.00 | $936.34 | Yes | No |
| 7 | $1,204.00 | $264.88 | $0.00 | $939.12 | Yes | No |
| 7 | $4,037.54 | $1,362.67 | $93.27 | $2,581.60 | Yes | No |
| 7 | $1,554.00 | $398.13 | $0.00 | $1,155.87 | Yes | No |
| 7 | $1,895.83 | $493.11 | $57.06 | $1,345.66 | Yes | No |
| 7 | $988.40 | $179.10 | $0.00 | $809.30 | Yes | No |
| 7 | $448.00 | $41.57 | $0.00 | $406.43 | Yes | No |
| 7 | $2,565.94 | $585.03 | $210.15 | $1,770.75 | Yes | No |
| 7 | $1,330.00 | $314.41 | $29.13 | $986.46 | Yes | No |
| 7 | $3,062.50 | $402.11 | $87.59 | $2,572.81 | Yes | No |
| 7 | $1,837.50 | $460.48 | $29.40 | $1,347.62 | Yes | No |
| 7 | $2,537.50 | $642.50 | $395.60 | $1,499.41 | Yes | No |
| 7 | $1,218.00 | $215.22 | $118.51 | $884.27 | Yes | No |
| 7 | $1,218.00 | $179.05 | $0.00 | $1,038.95 | Yes | No |
| 7 | $1,895.83 | $483.25 | $56.69 | $1,355.90 | Yes | No |
| 7 | $1,008.00 | $221.76 | $0.00 | $786.24 | Yes | No |
| 7 | $1,393.84 | $426.38 | $0.00 | $967.46 | Yes | No |
| 7 | $1,176.00 | $243.20 | $27.28 | $905.52 | Yes | No |
| 7 | $1,442.00 | $496.19 | $34.18 | $911.63 | Yes | No |
| 7 | $1,694.00 | $422.31 | $67.76 | $1,203.93 | Yes | No |
| 7 | $1,204.00 | $374.44 | $0.00 | $829.56 | Yes | No |
| 7 | $1,442.00 | $152.56 | $69.36 | $1,220.08 | Yes | No |
| 7 | $1,604.17 | $409.70 | $56.63 | $1,137.84 | Yes | No |
| 7 | $1,078.00 | $158.36 | $87.64 | $832.00 | Yes | No |
| 7 | $929.60 | $114.34 | $87.94 | $727.32 | Yes | No |
| 7 | $1,344.00 | $295.68 | $0.00 | $1,048.32 | Yes | No |
| 7 | $1,008.00 | $118.64 | $0.00 | $889.36 | Yes | No |
| 7 | $1,047.20 | $237.50 | $73.20 | $736.50 | Yes | No |
| 7 | $3,412.50 | $711.85 | $577.40 | $2,123.26 | Yes | No |
| 7 | $1,204.00 | $322.91 | $58.51 | $822.57 | Yes | No |
| 7 | $3,281.25 | $1,017.19 | $267.42 | $1,996.64 | Yes | No |
| 7 | $1,124.48 | $225.91 | $0.00 | $898.57 | Yes | No |
| 7 | $1,806.00 | $620.54 | $42.62 | $1,142.84 | Yes | No |
| 7 | $1,246.00 | $217.30 | $27.04 | $1,001.66 | Yes | No |
| 7 | $686.00 | $60.09 | $107.22 | $518.68 | Yes | No |
| 7 | $1,386.00 | $304.92 | $0.00 | $1,081.08 | Yes | No |
| 7 | $1,064.00 | $100.34 | $0.00 | $963.66 | Yes | No |
| 7 | $1,064.00 | $98.42 | $155.77 | $809.81 | Yes | No |
| 7 | $1,064.00 | $138.43 | $0.00 | $925.57 | Yes | No |
| 7 | $910.00 | $124.76 | $0.00 | $785.24 | Yes | No |
| 7 | $1,954.17 | $534.46 | $90.28 | $1,329.42 | Yes | No |
| 7 | $1,120.00 | $292.66 | $0.00 | $827.34 | Yes | No |
| 7 | $4,095.00 | $1,058.15 | $48.32 | $2,988.53 | Yes | No |
| 7 | $1,064.00 | $125.02 | $0.00 | $938.98 | Yes | No |

| | | | | | |
|---|---|---|---|---|---|
| 7 | $1,050.00 | $202.13 | $0.00 | $847.88 | Yes | No |
| 7 | $1,204.00 | $198.30 | $0.00 | $1,005.70 | Yes | No |
| 7 | $1,048.32 | $137.64 | $46.34 | $864.34 | Yes | No |
| 7 | $1,120.00 | $86.80 | $0.00 | $1,033.20 | Yes | No |
| 7 | $938.00 | $125.50 | $0.00 | $812.50 | Yes | No |
| 7 | $1,030.40 | $161.05 | $0.00 | $869.35 | Yes | No |
| 7 | $1,176.00 | $194.51 | $135.48 | $846.01 | Yes | No |
| 7 | $1,064.00 | $155.13 | $217.59 | $691.28 | Yes | No |
| 7 | $483.00 | $93.22 | $0.00 | $389.78 | Yes | No |
| 7 | $1,218.00 | $173.69 | $167.84 | $876.47 | Yes | No |
| 7 | $1,218.00 | $218.75 | $25.09 | $974.16 | Yes | No |
| 7 | $1,008.00 | $158.05 | $0.00 | $849.95 | Yes | No |
| 7 | $1,260.00 | $176.65 | $0.00 | $1,083.35 | Yes | No |
| 7 | $2,333.33 | $653.57 | $85.87 | $1,593.90 | Yes | No |
| 7 | $1,196.72 | $204.28 | $78.50 | $913.94 | Yes | No |
| 7 | $483.00 | $110.90 | $0.00 | $372.10 | Yes | No |
| 7 | $994.00 | $112.22 | $160.13 | $721.64 | Yes | No |
| 7 | $476.00 | $36.41 | $0.00 | $439.59 | Yes | No |
| 7 | $1,148.00 | $252.56 | $0.00 | $895.44 | Yes | No |
| 7 | $896.00 | $162.71 | $0.45 | $732.84 | Yes | No |
| 7 | $896.00 | $126.60 | $0.00 | $769.40 | Yes | No |
| 7 | $504.00 | $112.74 | $0.00 | $391.26 | Yes | No |
| 7 | $1,036.00 | $164.21 | $0.00 | $871.79 | Yes | No |
| 7 | $476.00 | $36.41 | $0.00 | $439.59 | Yes | No |
| 7 | $4,083.33 | $1,040.84 | $378.12 | $2,664.38 | Yes | No |
| 7 | $1,204.00 | $185.05 | $0.00 | $1,018.95 | Yes | No |
| 7 | $1,400.00 | $343.56 | $0.00 | $1,056.44 | Yes | No |
| 7 | $455.00 | $34.81 | $0.00 | $420.19 | Yes | No |
| 7 | $3,645.83 | $985.47 | $380.63 | $2,279.74 | Yes | No |
| 7 | $2,703.75 | $815.18 | $56.51 | $1,832.06 | Yes | No |
| 7 | $1,554.00 | $315.15 | $95.26 | $1,143.59 | Yes | No |
| 7 | $2,205.00 | $517.51 | $21.39 | $1,666.10 | Yes | No |
| 7 | $980.00 | $180.91 | $43.41 | $755.68 | Yes | No |
| 7 | $490.00 | $107.80 | $0.00 | $382.20 | Yes | No |
| 7 | $427.00 | $37.70 | $0.00 | $389.30 | Yes | No |
| 7 | $672.00 | $165.98 | $38.10 | $467.91 | Yes | No |
| 7 | $1,582.00 | $170.54 | $90.02 | $1,321.44 | Yes | No |
| 7 | $2,187.50 | $461.13 | $166.69 | $1,559.69 | Yes | No |
| 7 | $2,377.08 | $733.57 | $213.94 | $1,429.58 | Yes | No |
| 7 | $1,114.40 | $203.82 | $0.00 | $910.58 | Yes | No |
| 7 | $672.00 | $73.65 | $0.00 | $598.35 | Yes | No |
| 7 | $483.00 | $108.58 | $0.00 | $374.42 | Yes | No |
| 7 | $1,232.00 | $202.29 | $0.00 | $1,029.71 | Yes | No |
| 7 | $980.00 | $145.53 | $16.95 | $817.52 | Yes | No |
| 7 | $1,008.00 | $127.41 | $105.54 | $775.05 | Yes | No |
| 7 | $448.00 | $60.17 | $0.00 | $387.83 | Yes | No |
| 7 | $1,008.00 | $242.42 | $23.59 | $741.99 | Yes | No |
| 7 | $483.00 | $73.27 | $0.00 | $409.73 | Yes | No |
| 7 | $840.00 | $147.42 | $0.00 | $692.58 | Yes | No |
| 7 | $554.40 | $121.97 | $0.00 | $432.43 | Yes | No |
| 7 | $448.00 | $34.27 | $0.00 | $413.73 | Yes | No |
| 7 | $2,187.50 | $558.69 | $56.66 | $1,572.16 | Yes | No |
| 7 | $980.00 | $84.77 | $4.21 | $891.02 | Yes | No |
| 7 | $455.00 | $242.33 | $0.00 | $212.67 | Yes | No |
| 7 | $455.00 | $100.10 | $0.00 | $354.90 | Yes | No |
| 7 | $1,372.00 | $159.98 | $30.60 | $1,181.43 | Yes | No |
| 7 | $504.00 | $90.06 | $0.00 | $413.94 | Yes | No |
| 7 | $966.00 | $385.05 | $0.00 | $580.95 | Yes | No |
| 7 | $2,187.50 | $338.63 | $357.00 | $1,491.88 | Yes | No |

| | | | | | | |
|---|---|---|---|---|---|---|
| 7 | $2,916.67 | $863.04 | $0.00 | $2,053.63 | Yes | No |
| 7 | $1,554.00 | $632.94 | $0.00 | $921.06 | Yes | No |
| 7 | $952.00 | $185.93 | $0.00 | $766.07 | Yes | No |
| 7 | $1,386.00 | $567.57 | $13.58 | $804.85 | Yes | No |
| 7 | $1,498.00 | $410.00 | $36.25 | $1,051.75 | Yes | No |
| 7 | $1,274.00 | $200.27 | $29.17 | $1,044.55 | Yes | No |
| 7 | $476.00 | $36.41 | $0.00 | $439.59 | Yes | No |
| 7 | $952.00 | $187.73 | $232.86 | $531.41 | Yes | No |
| 7 | $1,058.40 | $139.71 | $0.00 | $918.69 | Yes | No |
| 7 | $3,791.67 | $1,008.20 | $634.35 | $2,149.12 | Yes | No |
| 7 | $504.00 | $57.46 | $0.00 | $446.54 | Yes | No |
| 7 | $896.00 | $197.12 | $0.00 | $698.88 | Yes | No |
| 7 | $1,372.00 | $259.99 | $24.70 | $1,087.31 | Yes | No |
| 7 | $1,148.00 | $337.28 | $69.91 | $740.80 | Yes | No |
| 7 | $1,372.00 | $313.78 | $26.89 | $1,031.33 | Yes | No |
| 7 | $1,148.00 | $88.17 | $0.00 | $1,059.83 | Yes | No |
| 7 | $938.00 | $154.86 | $0.00 | $783.14 | Yes | No |
| 7 | $1,044.40 | $240.53 | $0.00 | $803.87 | Yes | No |
| 7 | $1,148.00 | $270.58 | $120.77 | $756.65 | Yes | No |
| 7 | $924.00 | $152.28 | $5.54 | $766.18 | Yes | No |
| 7 | $1,204.00 | $245.98 | $0.00 | $958.02 | Yes | No |
| 7 | $420.00 | $38.89 | $0.00 | $381.11 | Yes | No |
| 7 | $483.00 | $112.20 | $0.00 | $370.80 | Yes | No |
| 7 | $1,064.00 | $233.34 | $0.00 | $830.66 | Yes | No |
| 7 | $1,008.00 | $103.42 | $0.00 | $904.58 | Yes | No |
| 7 | $504.00 | $38.76 | $0.00 | $465.24 | Yes | No |
| 7 | $504.00 | $110.88 | $0.00 | $393.12 | Yes | No |
| 7 | $1,372.00 | $438.22 | $36.77 | $897.01 | Yes | No |
| 7 | $504.00 | $64.97 | $0.00 | $439.03 | Yes | No |
| 7 | $504.00 | $118.89 | $0.00 | $385.11 | Yes | No |
| 7 | $504.00 | $66.23 | $0.00 | $437.77 | Yes | No |
| 7 | $1,064.00 | $95.97 | $388.15 | $579.88 | Yes | No |
| 7 | $448.00 | $141.43 | $0.00 | $306.57 | Yes | No |
| 7 | $1,855.00 | $365.06 | $416.26 | $1,073.67 | Yes | No |
| 7 | $504.00 | $87.09 | $0.00 | $416.91 | Yes | No |
| 7 | $1,855.00 | $407.36 | $242.08 | $1,205.56 | Yes | No |
| 7 | $952.00 | $119.00 | $0.00 | $833.00 | Yes | No |
| 7 | $896.00 | $107.43 | $0.00 | $788.57 | Yes | No |
| 7 | $476.00 | $55.69 | $0.00 | $420.31 | Yes | No |
| 7 | $504.00 | $121.26 | $0.00 | $382.74 | Yes | No |
| 7 | $896.00 | $197.12 | $0.00 | $698.88 | Yes | No |
| 7 | $952.00 | $112.53 | $0.00 | $839.47 | Yes | No |
| 7 | $476.00 | $58.98 | $0.00 | $417.02 | Yes | No |
| 7 | $952.00 | $208.87 | $0.00 | $743.13 | Yes | No |
| 7 | $952.00 | $110.72 | $0.00 | $841.28 | Yes | No |
| 7 | $455.00 | $100.10 | $0.00 | $354.90 | Yes | No |
| 7 | $455.00 | $46.68 | $0.00 | $408.32 | Yes | No |
| 7 | $1,140.72 | $250.96 | $0.00 | $889.76 | Yes | No |
| 7 | $427.00 | $103.25 | $0.00 | $323.75 | Yes | No |
| 7 | $455.00 | $65.75 | $0.00 | $389.25 | Yes | No |
| 7 | $1,092.00 | $264.26 | $0.00 | $827.74 | Yes | No |
| 7 | $938.00 | $206.36 | $0.00 | $731.64 | Yes | No |
| 7 | $896.00 | $243.71 | $0.00 | $652.29 | Yes | No |
| 7 | $896.00 | $222.12 | $0.00 | $673.88 | Yes | No |
| 7 | $1,344.00 | $314.76 | $86.69 | $942.55 | Yes | No |
| 7 | $483.00 | $106.89 | $0.00 | $376.11 | Yes | No |
| 7 | $448.00 | $98.56 | $0.00 | $349.44 | Yes | No |
| 7 | $420.00 | $49.06 | $0.00 | $370.94 | Yes | No |
| 7 | $840.00 | $184.80 | $0.00 | $655.20 | Yes | No |

| | | | | | | |
|---|---|---|---|---|---|---|
| 7 | $1,148.00 | $252.56 | $0.00 | $895.44 | Yes | No |
| 7 | $938.00 | $203.55 | $102.71 | $631.74 | Yes | No |
| 7 | $952.00 | $25.32 | $620.99 | $305.69 | Yes | No |
| 7 | $980.00 | $215.60 | $0.00 | $764.40 | Yes | No |
| 7 | $483.00 | $129.59 | $0.00 | $353.41 | Yes | No |
| 7 | $1,036.00 | $266.46 | $0.00 | $769.54 | Yes | No |
| 7 | $448.00 | $34.27 | $0.00 | $413.73 | Yes | No |
| 7 | $938.00 | $138.36 | $0.00 | $799.65 | Yes | No |
| 7 | $938.00 | $206.36 | $0.00 | $731.64 | Yes | No |
| 7 | $1,344.00 | $377.93 | $60.75 | $905.32 | Yes | No |
| 7 | $910.00 | $102.10 | $171.63 | $636.27 | Yes | No |
| 7 | $1,372.00 | $119.23 | $72.17 | $1,180.61 | Yes | No |
| 7 | $1,036.00 | $227.92 | $0.00 | $808.08 | Yes | No |
| 7 | $1,008.00 | $108.36 | $0.00 | $899.64 | Yes | No |
| 7 | $938.00 | $137.60 | $13.88 | $786.51 | Yes | No |
| 7 | $518.00 | $60.61 | $0.00 | $457.39 | Yes | No |
| 7 | $462.00 | $101.64 | $0.00 | $360.36 | Yes | No |
| 7 | $462.00 | $93.00 | $8.45 | $360.54 | Yes | No |
| 7 | $952.00 | $220.86 | $0.00 | $731.14 | Yes | No |
| 7 | $455.00 | $34.81 | $0.00 | $420.19 | Yes | No |
| 7 | $938.00 | $78.51 | $361.32 | $498.17 | Yes | No |
| 7 | $448.00 | $55.46 | $0.00 | $392.54 | Yes | No |
| 7 | $1,344.00 | $270.14 | $75.53 | $998.32 | Yes | No |
| 7 | $938.00 | $206.36 | $0.00 | $731.64 | Yes | No |
| 7 | $1,050.00 | $103.95 | $35.07 | $910.98 | Yes | No |
| 7 | $455.00 | $41.45 | $24.12 | $389.43 | Yes | No |
| 7 | $1,008.00 | $146.76 | $299.88 | $561.36 | Yes | No |
| 7 | $455.00 | $100.10 | $0.00 | $354.90 | Yes | No |
| 7 | $966.00 | $267.49 | $0.00 | $698.51 | Yes | No |
| 7 | $448.00 | $82.97 | $0.00 | $365.03 | Yes | No |
| 7 | $924.00 | $131.30 | $25.32 | $767.38 | Yes | No |
| 7 | $4,375.00 | $1,453.38 | $95.81 | $2,825.81 | Yes | No |
| 7 | $420.00 | $49.48 | $0.00 | $370.52 | Yes | No |
| 7 | $420.00 | $37.76 | $0.00 | $382.24 | Yes | No |
| 7 | $497.00 | $112.77 | $0.00 | $384.23 | Yes | No |
| 7 | $1,036.00 | $257.03 | $0.00 | $778.97 | Yes | No |
| 7 | $1,064.00 | $255.36 | $0.00 | $808.64 | Yes | No |
| 7 | $1,022.00 | $159.43 | $0.00 | $862.57 | Yes | No |
| 7 | $1,344.00 | $268.13 | $358.31 | $717.56 | Yes | No |
| 7 | $938.00 | $206.36 | $0.00 | $731.64 | Yes | No |
| 7 | $469.00 | $81.32 | $0.00 | $387.68 | Yes | No |
| 7 | $483.00 | $73.80 | $44.48 | $364.71 | Yes | No |
| 7 | $896.00 | $158.32 | $0.00 | $737.68 | Yes | No |
| 7 | $553.00 | $121.66 | $0.00 | $431.34 | Yes | No |
| 7 | $1,260.00 | $172.87 | $243.68 | $843.44 | Yes | No |
| 7 | $980.00 | $180.42 | $0.00 | $799.58 | Yes | No |
| 7 | $490.00 | $107.80 | $0.00 | $382.20 | Yes | No |
| 7 | $448.00 | $34.27 | $0.00 | $413.73 | Yes | No |
| 7 | $1,036.00 | $168.45 | $0.00 | $867.55 | Yes | No |
| 7 | $504.00 | $38.56 | $0.00 | $465.44 | Yes | No |
| 7 | $434.00 | $41.23 | $0.00 | $392.77 | Yes | No |
| 7 | $1,036.00 | $196.32 | $0.00 | $839.68 | Yes | No |
| 7 | $1,155.84 | $306.53 | $0.00 | $849.31 | Yes | No |
| 7 | $868.00 | $184.97 | $14.41 | $668.62 | Yes | No |
| 7 | $448.00 | $258.32 | $0.00 | $189.68 | Yes | No |
| 7 | $980.00 | $303.51 | $0.00 | $676.49 | Yes | No |
| 7 | $434.00 | $51.43 | $0.00 | $382.57 | Yes | No |
| 7 | $483.00 | $93.75 | $0.00 | $389.25 | Yes | No |
| 7 | $483.00 | $82.59 | $0.00 | $400.41 | Yes | No |



| | | | | | | |
|---|---|---|---|---|---|---|
| 7 | $1,400.00 | $263.48 | $196.70 | $939.82 | Yes | No |
| 7 | $518.00 | $86.35 | $0.00 | $431.65 | Yes | No |
| 7 | $483.00 | $108.82 | $0.00 | $374.18 | Yes | No |
| 7 | $483.00 | $76.31 | $0.00 | $406.69 | Yes | No |
| 7 | $1,036.00 | $88.58 | $0.00 | $947.42 | Yes | No |
| 7 | $1,036.00 | $88.58 | $0.00 | $947.42 | Yes | No |
| 7 | $469.00 | $62.66 | $0.00 | $406.34 | Yes | No |
| 7 | $910.00 | $122.94 | $0.00 | $787.06 | Yes | No |
| 7 | $490.00 | $95.65 | $0.00 | $394.35 | Yes | No |
| 7 | $476.00 | $52.88 | $0.00 | $423.12 | Yes | No |
| 2 | $1,112.50 | $314.17 | $0.00 | $798.33 | Yes | No |

**<u>EXHIBIT "B"</u>**
**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| BIRD GLOBAL, INC., *et al.*,[1] | Case No. 23-20514-LMI |
| Debtors. | (Jointly Administered) |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY WORKFORCE
OBLIGATIONS AND (B) MAINTAIN EMPLOYEE BENEFIT PROGRAMS, (II)
AUTHORIZING THE DEBTORS' BANKS AND OTHER FINANCIAL INSTITUTIONS
TO HONOR PREPETITION TRANSFERS, AND (III) GRANTING RELATED RELIEF**

**THIS MATTER** having come before the Court for a hearing on December 22, 2023, at

9:30 a.m. in Miami, Florida upon the motion [ECF No. __] (the "Motion")[2] filed by the above-

captioned debtors (the "Debtors") for entry of an order pursuant to sections 105(a), 363(b) and

---

[1]    The address of the Debtors is 392 Northeast 191st Street, #20388, Miami, FL 33179.  The last four digits of the
       Debtors' federal tax identification numbers are: (i) Bird Global, Inc. (3155); (ii) Bird Rides, Inc. (9939); (iii)
       Bird US Holdco, LLC (8390); (iv) Bird US Opco, LLC (6873); and (v) Skinny Labs, Inc. (8176).

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
       Motion.

12647635-3

507(a)(4)-(5) of the Bankruptcy Code, 11 U.S.C. §§ 101, *et. seq.*, Federal Rule of Bankruptcy Procedure 6003 and Local Rule 9013-1(F) and (a) authorizing, but not directing, the Debtors to pay, continue, or otherwise honor the Workforce Obligations; (b) authorizing, but not directing, the Debtors to maintain the Benefits Programs and to pay all the Benefits Obligations; (c) remit withholding obligations identified in **Exhibit "A"** to the Motion; and (d) authorizing the Debtors' banks and other financial institutions to receive, process, honor and pay certain checks presented for payment and to honor certain fund transfer requests related to the foregoing; the Court having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court (the "Hearing"); and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (c) this matter is core pursuant to 28 U.S.C. § 157(b)(2); (d) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein, it is

**ORDERED THAT**:

1.      The Motion is **GRANTED**, effective as of the Petition Date.

2.      The Debtors are authorized, but not required, to (i) honor and pay all pre-petition unpaid wages and salaries identified in **Exhibit "A"** to the Motion, provided however, that payments on account of any such unpaid wages and salaries shall not exceed the amounts afforded priority status by section 507(a)(4) of the Bankruptcy Code, (ii) continue to honor and pay all postpetition wages and salaries incurred the ordinary course of business, (iii) reimburse business expenses in accordance with the Debtors' stated policies and in the ordinary course of

the Debtors' business, and (iv) satisfy the obligation owed to Automatic Data Processing, Inc. due as of the Petition Date.

3.      The Debtors are authorized, but not required, to honor or pay any Workforce Obligations and Benefits Obligations including in respect of any Benefits Program, and to continue to honor or pay such obligations post-petition, as provided in the Motion, in accordance with the Debtors' existing policies.

4.      The Debtors are authorized to remit to the appropriate governmental agency outstanding amounts, if any, owed by the Debtors in respect of its withholding obligations, identified in **Exhibit "A"** to the Motion, including those incurred prior to the Petition Date.

5.      The Debtors are authorized, but not required, to issue post-petition checks or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests in respect of the wages and salaries, business expenses, Benefits Programs and withholding obligations dishonored as a consequence of the commencement of these chapter 11 cases.

6.      All of the Debtors' banks are authorized and directed to receive, process, honor and pay any and all checks or electronic transfers drawn on the Employer Debtors' payroll and general disbursement accounts related to ordinary course wages and salaries, business expenses and other compensation, Employee benefit plans and withholding obligations, whether presented before or after the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

7.      Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to and in compliance with any interim or final order entered by the Court approving the Debtors' entry into any post-petition debtor in possession financing facility (the "DIP Financing Order"). To the extent that there is

12647635-3

3

any inconsistency between the terms of this Order and the DIP Financing Order, the terms of the DIP Financing Order shall control.

8.      Nothing herein or in the Motion nor any payments made by the Debtors pursuant to this Motion, shall be deemed an assumption or rejection of any Benefits Program, employment agreement, other program or contract, or otherwise affect the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract between the Debtors and any Employee.

9.      The Debtors, their officers, employees and agents, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

10.     The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

# # #

Submitted by:
Paul Steven Singerman, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340
Email:  singerman@bergersingerman.com

*(Attorney Singerman is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

12647635-3

4