

**ORDERED in the Southern District of Florida on April 19, 2024.**

*Corali Lopez-Castro*

**Corali Lopez-Castro, Judge**
**United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 Cases |
| BIRD GLOBAL, INC., *et al.*,[1] | Case No. 23-20514-CLC |
| Debtors. | (Jointly Administered) |

### ORDER GRANTING DEBTORS' MOTION TO (I) FIX BAR DATE FOR FILING TORT CLAIMS, AND (II) APPROVE FORM AND MANNER OF NOTICE OF TORT CLAIMS BAR DATE

**THE MATTER** came before the Court on April 18, 2024 at 1:30 p.m. in Miami, Florida upon the *Debtors' Motion to (I)Fix Bar Date for Filing Tort Claims, and (II) Approve Form and Manner of Notice of Tort Claims Bar Date* [ECF No. 540] (the "Motion") filed by the Debtors.[2] The Court, having considered the Motion, finds that: (i) the Court has jurisdiction over this matter

---

[1] The address of the Debtors is 392 Northeast 191st Street, #20388, Miami, FL 33179. The last four digits of the Debtors' federal tax identification numbers are: (i) Bird Global, Inc. (3155); (ii) Bird Rides, Inc. (9939); (iii) Bird US Holdco, LLC (8390); (iv) Bird US Opco, LLC (6873); and (v) Skinny Labs, Inc. (8176).

[2] All capitalized terms in this Order not defined herein shall have the meanings ascribed to them in the Motion.

12943487-2

pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) notice of the Motion was proper and sufficient under the circumstances and no other or further notice is necessary; (v) the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; (vi) the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and (vii) the Court finds that the form and manner of giving notice of the Tort Claims Bar Date as approved herein fulfills satisfies the notice requirements of the Bankruptcy Code, the Bankruptcy Rules, and Local Bankruptcy Rules and is reasonably calculated under the circumstances to apprise both known and potential unknown creditors of the establishment of the Tort Claims Bar Date and the need to file a proof of claim, consistent with the due process rights of all parties under the standards established in *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950) and *Tulsa Professional Collection Serv., Inc. v. Pope*, 485 U.S. 478 (1988).  Accordingly, it is

    **ORDERED** that:

1.    The Motion is **GRANTED**.

2.    **All persons and entities holding or asserting a Tort Claim must file a proof of claim in writing or electronically so that it is received on or before 5:00 p.m. (Prevailing Eastern Time) on MAY 16, 2024 (the "Tort Claims Bar Date").**

3.    The form of the notice of the Tort Claims Bar Date (the "Tort Claims Bar Date Notice") substantially in the form attached as **Exhibit "A"** to the Motion is **APPROVED**.

4.    As soon as reasonably practicable after the entry of this Order (but in no event later than three business days), the Debtors shall cause notice to be given by United States mail, first-class postage prepaid, or by electronic means, of the Tort Claims Bar Date Notice to: (i) all

12943487-2

defendants in the Injunction Proceeding; (ii) all known parties who have filed a property or personal injury lawsuit against the Debtors or any municipality relating to the use of the Debtors' vehicles; (iii) all known parties who submitted a claim against the Debtors or a municipality relating to the use of the Debtors' vehicles but for which no lawsuit has been filed; (iv) all known persons who have submitted a notice of a potential claim to any Municipality relating to the use of the Debtors' vehicles; and (v) all App Claimants.

5. The Debtors are authorized to serve the App Claimants via email as set forth in the Motion. Service of the Tort Claims Bar Date Notice via email is adequate and sufficient in the circumstances of these Chapter 11 Cases, where App Claimants have not provided a physical address to the Debtors.

6. The Debtors shall publish the Tort Claims Bar Date Notice once in the national edition of *The New York Times*.

7. Pursuant to Bankruptcy Rule 3003(c)(2), all holders of Tort Claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall (i) be forever barred, estopped, and enjoined form asserting such claims against the Debtors, their property, their estates (or submitting a proof of claim with respect thereto) or any person or entity that may be released under any chapter 11 plan for the Debtors, including but not limited to, the Settling Insurers and the Plan Settling Parties, and (ii) not treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any chapter 11 plan that may be filed in these cases.

8. A determination by any holder of a Tort Claim not to file a proof of claim shall not preclude such holder from objecting to any plan filed by the Debtors in these Chapter 11 Cases.

12943487-2

9.  Nothing contained in this Order, the Motion, or any proof of claim or notice of the Tort Claims Bar Date is intended to be or shall be construed as an admission of the Debtors' liability, an admission as to the validity of any claim against the Debtors, or a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim.

10. The Debtors and Epiq are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

11. The service outlined above shall constitute service on all known holders of Tort Claims.

12. **The Tort Claims Bar Date shall not reopen any other claims bar date previously established by the Court for the filing of claims.  For the avoidance of doubt, the General Bar Date of February 28, 2024 is not reopened.  This Order only establishes the Tort Claims Bar Date with respect to Tort Claims.**

# # #

Submitted by:
Jordi Guso, Esq.
BERGER SINGERMAN LLP
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Facsimile:   (305) 714-4340
E-mail:  jguso@bergersingerman.com

*(Attorney Guso is directed to serve this order upon all non-registered users who have yet to appear electronically in this case and file a conforming certificate of service.)*

12943487-2