IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Bird Global, Inc., *et al.*, | ) | Case No.  23-20514 - CLC |
| | ) | |
| Debtor. | ) | |
| _____ | ) | (Jointly Administered) |

## MOTION TO ALLOW LATE-FILED CLAIM

Creditors, Jay Gandhi and Rana Ziaee ("**Gandhi**"), by and through undersigned counsel and pursuant to Federal Rules of Bankruptcy Procedure 9006(b)(1), hereby requests the entry of an order permitting Gandhi to file a late-filed proof of claim ("**Gandhi Claim**"). In support Gandhi respectfully states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(B). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### RELEVANT FACTS

2. On June 23, 2023, Gandhi retained Khaldoun A. Baghdadi at Walkup, Melodia, Kelly & Schoenberger (the "**Firm**") to represent him in a personal injury matter against Bird Global, LLC for injuries he suffered while riding a Bird scooter (the "**Incident**").

3. On December 11, 2023, the Firm filed a Notice of Demand for Arbitration, on behalf of Gandhi, with Judicial Arbitration and Mediation Services ("**JAMS**").

4. On December 20, 2023, Bird Global, Inc., and related entities (the "**Debtor**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. [ECF 1].

5. Included within the voluntary petition, the Debtor filed its Verification of Creditor Matrix ("Matrix") of the Debtor's known creditors. [ECF 1-1].

6. Gandhi was listed on the Initial Matrix as a known creditor. [ECF 1-1].

7. On January 4, 2024, the Firm received an email from Priscilla Castillo with Broadspire Services, Inc., ("**Broadspire**") a Senior Claims Examiner who notified the Firm that Bird Global filed bankruptcy.

8. Broadspire was Bird's insurance carrier at the time of the Incident.

9. On February 23, 2024, the Firm registered for an account with Epiq Corporate Restructuring, LLC ("**Epiq**"), which is required before anyone can file a proof of claim in the Bird Global bankruptcy case. A true and accurate copy of the confirmation registration email is attached as Exhibit A.

10. While filling out the proof of claim on Epiq's portal, it takes you through various screens answering questions related to the claim. There is a supporting document screen which allows a user to upload supporting documents which becomes apart of the proof of claim.

11. After attaching the supporting documents, and previewing the claim, the Firm submitted the Gandhi Claim and was under the impression that it was filed. A true and accurate copy of the email between members of the Firm showing that the Gandhi Claim was filed is attached as Exhibit B.

12. What followed were hundreds of documents and pleading in a complex bankruptcy case.

13. The Firm received several documents filed in this case. One document in particular titled "Notice of (A) Deadline for Casting Votes To Acept Or Reject Plan of Liquidation, (B) Hearing to Consider Confirmation of Plan Of Liquidation, and (C) Related Matters" (the "**Notice**")

with a header addressed "To: all holders of claims against Bird Global …" This indicated to the Firm that the Gandhi Claim was received by Epic and considered in the Chapter 11 Plan. A true and accurate copy of the Notice is attached as Exhibit C.

14. On November 5, 2024, the Firm contacted the Tort Trustee's attorney to inquire on what needs to be done for the Gandhi Claim to be liquidated and resolved.

15. On November 15, 2024, the Tort Trustee informed the Firm that the Gandhi Claim was not properly submitted, stating "according to Epiq, the claim materials were uploaded, but because the claim was not actually submitted / didn't hit the submit button, the claim was not recorded as filed and included on the claims register." A true and accurate copy of the email exchange between the Firm and the Tort Trustee is attached as Exhibit D.

16. This was the first time the Firm heard anything about the Gandhi Claim not being submitted nor included on the claims register. The Firm did not receive any documentation showing that the Gandhi Claim was disallowed, even though Gandhi a is scheduled creditor. The Firm took overt actions to ensure timely filing of the Gandhi Claim. Since being informed by the Tort Trustee that the Gandhi Claim was not submitted, undersigned counsel has endeavored to resolve this matter with the Tort Trustee. Unfortunately, the parties have been unable to reach agreement as to the allowance of the Gandhi Claim as a late-filed proof of claim.

## LEGAL ARGUMENT AND RELIEF REQUESTED

I. **Excusable neglect.**

17. Given the unique circumstances set forth above, Gandhi's failure to timely file a proof of claim in this bankruptcy case constitutes excusable neglect pursuant to Federal Rules of Bankruptcy Procedure 9006(b)(1). Gandhi requests the Court's entry of an order allowing Gandhi's Claim to be timely filed.

18.     A Court may grant relief of a claims bar date on the basis of excusable neglect. Fed. R. Bankr. P. 9006.

19.     In *Pioneer Investment Services Co. v. Brunswick Associates L.P.,* the Supreme Court interpreted the phrase "excusable neglect" in the context of late-filed bankruptcy claims. The Supreme Court stated that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." 507 U.S. 380, 388 (1993).

20.     The *Pioneer* Court established four factors to establish excusable neglect:

   (1) The danger of prejudice to the debtor;
   (2) The length of delay and its potential impact on judicial proceedings;
   (3) The reason for the delay (including whether it was within reasonable control of the movant; and
   (4) Whether the movant acted in good faith.

*Id.* at 395.

### a. Prejudice to the Debtor

21.     Gandhi's delay in filing a proof of claim does not prejudice the Debtor as the Debtor has liquidated and because Gandhi will still need to comply with the provisions of the confirmed Chapter 11 Plan to receive a distribution, including abidance by the plan's alternative dispute resolution procedures. Further, Gandhi has noticed all tort claimants who filed proofs of claim and may be a part of the alternative dispute resolution process under the plan.

22.     Further, the Tort Trustee has only begun to engage in the claims objection process, and given the omnibus objection procedures, objecting to Gandhi's claim (if the Tort Trustee so chooses) does not create a substantial burden.

23.     In addition, allowing Gandi to file a claim will not substantially delay or disrupt the judicial administration of this case or the alternative dispute resolution process.

24. Furthermore, according to the Debtor's plan, the tort claims pool is over [$300,000,000.00.] The face amount of the Gandhi Claim represents less than 1% of the tort claims pool.

### b. Length of delay

25. Here the tort-claims bar date expired on May 16, 2024. The Firm took substantial steps to ensure the Gandhi Claim was filed well before the Torts Claim deadline.

26. The Supreme Court in *Pioneer* further stated that "its flexible approach to excusable neglect under F.R.B.P. 9006(b) comported with the underlying policies of Chapter 11 which emphasize negotiation and reorganization rather than prompt liquidation and distribution of a debtor's estate." *In re Pappalardo*, 210 B.R. 634, 646 (Bkrtcy.S.D.Fla.,1997) citing *Pioneer* 113 S.Ct. at 1495.

27. In *Pappalardo*, the Southern District of Florida explained that even though seven months had passed since the claims bar date, the court granted the late filing of a tort claim because the late filing did not delay confirmation of a joint amended plan nor delay the proceedings. *Id.* at 646.

28. In this instance, the length of delay is shorter than in other instances where Courts have allowed a tort proof of claim to be deemed timely.

29. Furthermore, Epiq has proof of the uploaded supporting documents. It is inconceivable that Epiq could have received supporting documents without the proof of claim itself.

### c. Reason for delay

30. The Firm took the necessary steps to ensure the Gandhi Claim was filed prior to the claims bar date.

31. It was not until November 15, 2024, that the Firm was told the Gandhi Claim was apparently incorrectly filed. Indeed, the Firm received various court documents, which led the Firm and Gandhi to reasonably believe that the Gandhi Claim was filed with Epiq. See Exhibit C.

32. It was a technology issue via Epiq's portal which accepted the supporting documents, but did not apparently include the proof of claim. Despite multiple conversations with the Tort Trustee and Epiq, there has been no clear answer how documents could have been uploaded to Epiq other than the Gandhi Claim. These facts strongly support a finding of exclusable neglect and allowance of the filing of the Gandhi Claim.

   **d. Good faith**

33. The Firm acted in good faith and made overt efforts to file the proof of claim prior to the proof of claim deadline.

34. The Firm followed the directions on the Epiq portal by creating a user account; filling out the proof of claim on Epiq's portal, uploading the supporting documents, email communications within the firm, and confirming the proof of claim was filed. The Firm had no knowledge of any issue with the filing of the Gandhi Claim.

35. As soon as the issue was brough to the Firm's attention, it retained the undersigned to resolve this issue.

36. Accordingly, Gandhi has established that the four *Pioneer* factors weigh in Gandhi's favor. Moreover, the unique relevant circumstances present in this instance, weigh in favor of Gandhi and the relief requested herein.

WHEREFORE, Jay Gandhi and Rana Ziaee prays that the Court:

(a) Allow Jay Gandhi and Rana Ziaee to file a Late Filed Proof of Claim, and

(b) Granting such other and further relief as may be just and proper.

Respectfully submitted this 9th day of January 2025.

        WEINBERG WHEELER
         HUDGINS GUNN & DIAL, LLC

*/s/ Matthew I. Kramer*
Matthew I. Kramer (Fla. Bar No. 0937231)
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
3350 Virginia Street, Suite 500
Miami, FL 33133
mkramer@wwhgd.com
305-455-9504
*Counsel for Movants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 9th day of January, 2025, I electronically filed this document with the Clerk of Court using CM/ECF. I also certify that the document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF including without limitation those listed below.

> Respectfully submitted,
>
> By: *Matthew I. Kramer*_____
> Matthew I. Kramer
> Florida Bar No. 0937231