UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re: | ) | Chapter 11 (Post-Confirmation) |
| | ) | |
| BIRD GLOBAL, INC., *et al.*,[1] | ) | Case No. 23-20514-CLC |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**TORT CLAIMS TRUSTEE'S MOTION TO ENFORCE
MUNICIPALITY SETTLEMENT TERM SHEET**

Robert M. Fishman (the "Tort Claims Trustee"), not individually but solely in his capacity as the Tort Claims Trustee for the Tort Claims Trust, by and through his undersigned counsel, hereby files this motion (the "Motion"), for the entry of an order enforcing the *Municipality Settlement Term Sheet* (the "Municipality Settlement Term Sheet"), a copy of which is attached hereto as **Exhibit 1**, by requiring the CA Municipalities (defined therein to include San Diego, Los Angeles, San Jose and Santa Monica) to pay the remaining $1,900,000 owed from its $3,000,000 contribution obligation (the "Municipality Liability") within seven (7) days of the date of entry of an Order granting this Motion. In support hereof, the Tort Claims Trustee respectfully states as follows:

**INTRODUCTION**

1.  Pursuant to the Municipality Settlement Term Sheet, the Plan, and the Confirmation Order, the Municipalities are obligated to contribute a total of $3,000,000 to the Tort Claims Trust. To date, the Municipalities have only contributed $1,100,000. The CA Municipalities agreed to

---

[1] The last four digits of the Debtors' federal tax identification numbers are: (i) Bird Global, Inc. (3155); (ii) Bird Rides, Inc. (9939); (iii) Bird US Holdco, LLC (8390); (iv) Bird US Opco, LLC (6873); and (v) Skinny Labs, Inc. (8176).

financially backstop the $3 million Municipalities Trust Contribution commitment to the extent they could not obtain contributions from other Municipalities. The Debtors agreed, and the Court allowed, the Plan to go effective before the full $3 million Municipalities Trust Contribution was made, while reaffirming the CA Municipalities' obligations and the Tort Claims Trustee's right to enforce such obligations. Since the Effective Date, counsel for the Tort Claims Trustee has been in regular communications with counsel for the CA Municipalities and representatives of various Municipalities to collect the settlement payments owed to the Tort Claims Trust. However, those efforts have stalled, and the Tort Claims Trustee requires the Court's assistance to enforce the terms of the Municipality Settlement Term Sheet and obtain full payment from the CA Municipalities. Accordingly, the Tort Claims Trustee requests the entry of an order compelling the CA Municipalities to pay the Municipality Liability within seven (7) days.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334.

3. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

4. As set forth in the Confirmation Order, this Court has exclusive jurisdiction over any matter arising under the Bankruptcy Code and arising in or related to these Chapter 11 Cases or the Plan, to the fullest extent as is legally permissible.

## BACKGROUND

5. On December 20, 2023, Bird Global, Inc. and its affiliates (collectively, the "Debtors"), filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "Court"). The Debtors' chapter 11 cases are being jointly administered under Case No. 23- 20514.

6. On August 2, 2024, the Court entered the *Amended Order (I) Approving the First Amended Disclosure Statement for Debtors' Second Amended Joint Chapter 11 Plan of Liquidation on a Final Basis, (II) Confirming the Debtors' Second Amended Joint Chapter 11 Plan of Liquidation, (III) Approving the Insurance Settlement Agreements, and (IV) Entering Bar Order and Channeling Injunction* [ECF No. 1214] (the "Confirmation Order").

7. Pursuant to the Confirmation Order, the Court approved the *Debtors' Second Amended Joint Chapter 11 Plan of Liquidation* [ECF No. 802] (the "Plan")[2] and the Municipality Settlement Term Sheet incorporated therein.

8. Specifically, the Plan defines the Insurance Settlement Agreements to include the Municipality Settlement Term Sheet,[3] and the Confirmation Order provides that "…the Bankruptcy Court having determined based upon all of the foregoing that the Disclosure Statement should be approved on a final basis, the Plan should be confirmed and the Insurance Settlement Agreements approved, including the issuance of the Bar Order and the Channeling Injunction in connection therewith, each as reflected by the Bankruptcy Court's rulings made and incorporated herein and on the record of the Confirmation Hearing…." *Id*. at 8.

9. Pursuant to the Municipality Settlement Term Sheet, which was effective as of May 31, 2024, "…the CA Municipalities, on their own behalf and prospectively on behalf of all Municipalities, agreed to, among other things, raise and, subject to confirmation of the Plan, contribute $3,000,000.00 to the Tort Claims Trust in accordance with the Plan." *Id*. (second whereas clause).

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan.
[3] *See* Plan, Art. I, at ¶ 84 ("Insurance Settlement Agreements means the (i) Great American Insurance Settlement Agreement, (ii) Lexington Insurance Settlement Agreement, (iii) Underwriters' Insurance Settlement Agreement and (iv) the Municipality Settlement Term Sheet.").

3

10. The CA Municipalities are signatories to the Municipality Settlement Term Sheet through their counsel.[4]

11. The Municipality Settlement Term Sheet provides that "[t]he CA Municipalities, who have already agreed to contribute approximately $1,000,000.00 to the Trust, will work with all of the other Municipalities to obtain contributions from such Municipalities to increase the monies available from all Municipalities from the current $1,000,000.00 to a total contribution from the Municipalities to the Tort Claims Trust of $3,000,000.00 ('Municipalities Trust Contribution')." *Id*. at ¶ 1.

12. The Municipality Settlement Term Sheet further provides that "[n]o later than two (2) business days after the Plan Confirmation Order becomes a Final Order, **the CA Municipalities** shall deliver the Municipalities Trust Contribution to the Debtors, which the Debtors shall hold in trust and promptly contribute to the Tort Claims Trust concurrently with the contribution of the remaining Insurance Settlement Proceeds to the Tort Claims Trust in accordance with the Plan." *Id.* at ¶ 2 (emphasis added).

13. The effective date of the Plan occurred on September 17, 2024 [ECF No. 1334] (the "Effective Date").

14. In connection with the Plan going effective, the CA Municipalities waived the condition within paragraph 2 of the Municipality Settlement Term Sheet that the Confirmation Order be a Final Order and reaffirmed their commitment to financially backstop the $3 million Municipalities Trust Contribution to the Tort Claims Trust after the Effective Date.

15. The Court made it clear in its order denying the California Plaintiffs' *Expedited Motion to Strike Notice of Effective Date* [ECF No. 1340] that "[t]he Debtors' waiver or

---

[4] The CA Municipalities executed the Municipality Settlement Term Sheet "on their own behalf and as ad-hoc representatives of all municipalities in which Bird operated prior to March 22, 2024."

4

modification of the conditions precedent resulting in the occurrence of the Effective Date shall not be construed as a waiver of the Municipalities' payment obligations under the Plan and Insurance Settlement Agreements," and that "[t]he Tort Claims Trustee reserves the right, and the Court retains jurisdiction, to enforce the Debtors' rights to payment from the Municipalities." [ECF No. 1397 at ¶ 2.]

16. Since the Effective Date, the Municipalities have made additional payments to the Tort Claims Trust; however, the Municipality Liability in the amount of $1,900,000 remains due and owing to the Tort Claims Trust. The following is a detailed summary of the settlement payments received to date:[5]

| Contribution | Amount | Date Received |
|---|---|---|
| San Diego, CA | $ 750,000.00 | October 26, 2024 |
| San Jose, CA | $ 30,000.00 | January 17, 2025 |
| Santa Monica, CA | $ 60,000.00 | Pre-Effective Date |
| Duluth, MN | $ 10,000.00 | December 5, 2024 |
| Tampa, FL | $ 30,000.00 | September 25, 2024 |
| Sacramento, CA | $ 50,000.00 | Pre-Effective Date |
| Seattle, WA | $ 100,000.00 | Pre-Effective Date |
| Indianapolis, IN | $ 20,000.00 | December 18, 2024 |
| Long Beach, CA | $ 50,000.00 | October 4, 2024 |
| **Total Contributed** | **$ 1,100,000.00** | |
| **MUNICIPALITY BALANCE DUE** | **$ 1,900,000.00** | |

17. On November 18, 2024, counsel to the Tort Claims Trustee provided counsel to the CA Municipalities with an informal deadline of December 13, 2024 for the Municipalities to pay the remaining Municipality Liability before the Tort Claims Trustee would seek relief from the Court. It has been over one month since this deadline and the Municipality Liability still remains

---

[5] The Tort Claims Trustee understands that the City of Los Angeles is in the process of paying $1,000,000, which would reduce the Municipality Liability to $900,000.

unpaid. Accordingly, the Tort Claims Trustee is seeking relief from this Court to compel payment of the Municipality Liability.

## RELIEF REQUESTED AND BASIS FOR RELIEF

18. By this Motion, the Tort Claims Trustee requests the entry of an order enforcing the Municipality Settlement Term Sheet by requiring the CA Municipalities to pay the Municipality Liability within seven (7) days.

19. "Bankruptcy Court[s] plainly [have] jurisdiction to interpret and enforce [their] own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (cit*ing Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934)); *see also Evans v. Dearborn Mach. Movers Co.*, 200 F.2d 125, 128 (6th Cir. 1953) (holding that a bankruptcy court has the inherent power to enforce its own judgments). "It is well-settled that a bankruptcy court retains jurisdiction to interpret and enforce its prior orders, especially where, as here, the bankruptcy court expressly retains jurisdiction to do so." *In re NE Opco, Inc.*, 513 B.R. 871, 875 (Bankr. D. Del. 2014) (citation omitted). Here, the Court retained and has "exclusive jurisdiction over any matter arising under the Bankruptcy Code and arising in or related to these Chapter 11 Cases or the Plan, to the fullest extent as is legally permissible." Confirmation Order, at ¶ 38; Plan at Article XIV.

20. Additionally, the Plan provides that the Court retained jurisdiction to "enter such orders as may be necessary or appropriate to implement, consummate or enforce the provisions of the Plan, including the Channeling Injunction and Bar Order, and all other contracts, instruments, releases, indentures and other agreements or documents adopted in connection with the Plan or the Disclosure Statement." Plan at Article XIV, paragraph (f). The relief sought herein is precisely contemplated by the Court's retention of jurisdiction in the Plan.

21. In addition to having jurisdiction and authority to enforce the Plan and the Confirmation Order, section 105(a) of the Bankruptcy Code provides the Court with the requisite authority to enforce the Municipality Settlement Term Sheet, which was incorporated into the Plan and the Confirmation Order. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); *see In re Hillsborough Holdings Corp.*, 267 B.R. 882, 889 (Bankr. M.D. Fla. 2001) (quoting *In re Stokes*, 198 B.R. 168 (E.D.Va.1996)) ("Where, as here, a settlement agreement is executed under the auspices of the Bankruptcy Court, is approved by that court, and subsequently becomes a basis for an order confirming a proposed plan of reorganization, the Bankruptcy Court undoubtedly has jurisdiction to enforce the Settlement Agreement under the foregoing principles as well as pursuant to the powers conferred upon the Bankruptcy Court pursuant to 11 U.S.C. § 105(a).").

22. There is no question that the CA Municipalities are in breach of their funding obligations under the Municipality Settlement Term Sheet. Indeed, payment is long overdue. The Tort Claims Trustee is entitled to payment of the Municipality Liability and therefore requests an order compelling payment within seven (7) days of the date of entry of an Order granting this Motion. Having received the benefits of the Plan Injunction and Bar Order, the Municipalities must pay the Municipality Liability without further delay.

## NOTICE

23. Notice of this Motion and accompanying exhibits shall be provided to the following parties by electronic mail or First-Class Mail if no electronic mailing address is available: (i) all parties entitled to notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002, (ii) the

Debtors, (iii) the Settling Insurers, (iv) the Purchaser, (v) the United States Trustee, and (vi) the Municipalities.

**WHEREFORE,** the Trustee respectfully requests that the Court enter an order in the form attached hereto (i) enforcing the Municipality Settlement Term Sheet, (ii) requiring the CA Municipalities to pay the Municipality Liability to the Tort Claims Trust within seven (7) days, and granting such other relief as the Court deems just and appropriate under the circumstances.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated: January 24, 2025　　　　　　　　　Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: /s/ Robert F. Elgidely
Robert F. Elgidely
One Biscayne Tower
2 South Biscayne Boulevard - Suite 2750
Miami, FL 33131
Telephone: (305) 442-6543
Facsimile: (305) 442-6541
Email: relgidely@foxrothschild.com

-and-

Michael A. Sweet (admitted *pro hac vice*)
345 California Street, Suite 2200
San Francisco, California 94104
Telephone: (415) 364-5540
Facsimile: (415) 391-4436
Email: msweet@foxrothschild.com

-and-

Gordon E. Gouveia (admitted *pro hac vice*)
321 North Clark Street, Suite 1600
Chicago, IL 60654
Telephone: (312) 980-3816
Facsimile: (312) 517-9201
Email: ggouveia@foxrothschild.com

*Counsel to Robert M. Fishman not individually but solely in his capacity as the Tort Claims Trustee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically through the Court's CM/ECF system upon all parties registered to receive electronic notice in this case on this 24th day of January, 2025 as well as the parties listed in the "Notice" paragraph of the Motion.

/s/ Robert F. Elgidely
Robert F. Elgidely